ORIGINAL

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for SBC COMMUNICATIONS, INC.



ORIGINAL
FILED
8 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

C 07 2652

YVONNE GLOVER,

     Plaintiff,

vs.

SBC COMMUNICATIONS, INC.,

     Defendant.

Case No.

**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

NICOLE S. BLOCK certifies and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105, which is located in the city and county where the mailing described below took place.

On May 18, 2007, I deposited in the United States mail at San Francisco, California, a copy of the Notice to Adverse Party of Removal to Federal Court dated May 18, 2007, a copy of which is attached to this Certificate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2007.

*nicole S. Block*
NICOLE S. BLOCK

att\glov\pldg\remcrt.doc

1

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT

1  LAFAYETTE & KUMAGAI LLP
2  GARY T. LAFAYETTE (State Bar No. 088666)
   SUSAN T. KUMAGAI (State Bar No. 127667)
3  FORREST E. FANG (State Bar No. 122805)
   100 Spear Street, Suite 600
4  San Francisco, California 94105
   Telephone:  (415) 357-4600
5  Facsimile:   (415) 357-4605

6  Attorneys for SBC COMMUNICATIONS, INC.

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF CONTRA COSTA

10

11  YVONNE GLOVER,                          Case No. MSC 07-00901

12          Plaintiff,

13  vs.                                     **NOTICE TO ADVERSE PARTY OF
                                            REMOVAL OF ACTION TO
14  SBC COMMUNICATIONS, INC.,               FEDERAL COURT**

15          Defendants.

16

17  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

18          PLEASE TAKE NOTICE that a Notice of Removal of this action[1] was filed in the United

19  States District Court for the Northern District of California on May 18, 2007.

20          A copy of said Notice of Removal is attached to this Notice as Exhibit "A," and is served

21  and filed herewith.

22  DATED: May 18, 2007                     LAFAYETTE & KUMAGAI LLP

23

24                                          _____
                                            SUSAN T. KUMAGAI
25                                          Attorneys for SBC COMMUNICATIONS, INC.

26  att\glov\pldg\adverse party notice.doc

27  _____
    [1] The action was originally filed in the limited division of the court and assigned case number L07-01818. The
28  action was transferred to the unlimited division as a result of the filing of the second amended complaint and issued
    the current case number reflected above.

                                                                                                            1

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:    (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for SBC COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SBC COMMUNICATIONS, INC.,<br><br>　　　　　Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that SBC COMMUNICATIONS, INC. ("SBC")[1] hereby removes to the Court the state action described below.

1.    On April 4, 2007, an action was commenced in the Superior Court of the State of California, in and for the County of Contra Costa, entitled <u>Yvonne Glover, Plaintiff, v. SBC Communications, Inc., Defendant,</u> as Case No. L097-01818 ("Original Complaint"), and is now pending therein (the "Action"). A First Amended Complaint was filed on April 18, 2007.[2] (True and correct copies of the Original Complaint and First Amended Complaint are attached hereto as Exhibits "A" and "B.")

---

[1] SBC removes this action without waiver of its position that SBC is the wrong defendant and it would violate due process to maintain suit against SBC in California.

[2] The First Amended Complaint caused the Action to be transferred from the state court's limited jurisdiction division to the unlimited jurisdiction division wherein the action was issued a new case number - MSC 07-00901.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

Exhibit A

2.      The first date upon which SBC received a copy of a complaint in the Action was April 18, 2007, when SBC was served a copy of the First Amended Complaint and a summons from the state court. (A true and correct copy of the summons is attached hereto as Exhibit "C.")

3.      Plaintiff's First Amended Complaint raises claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California Business and Professions Code § 17200 and violation of Labor Code §§ 201 and 203, relative to short-term disability benefits under a group comprehensive benefits plan (the "Plan"). (See First Amended Complaint at ¶¶ 7-10.) Plaintiff seeks recovery of benefits under the Plan.

4.      Exhibits "A" through "C" comprise all effective process and pleadings received by SBC in the Action.

5.      The Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that it arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

6.      SBC requests that the Court accept this Notice of Removal and that the Action pending against it in the Superior Court of the State of California, Contra Costa County, Case No. MSC 07-00901, be removed to this Court for all proceedings.

DATED:  May 8, 2007                          LAFAYETTE & KUMAGAI LLP

                                             SUSAN T. KUMAGAI
                                             Attorneys for SBC COMMUNICATIONS, INC.

att\glov\pldg\removal not.doc

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (FEDERAL QUESTION)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105

On May **18**, 2007 , I served the document named below on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. SECTION 1441(a)-(c) (FEDERAL QUESTION)**

X    (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____    (BY PERSONAL SERVICE) I personally served each document listed above on the addressee (s) noted below.

____    (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

____    (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Teresa S. Renaker
Lindsay E. Nako
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612

*Attorneys for Plaintiff Yvonne Glover*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on    May 18, 2007            , at San Francisco, California.

*Nicole S. Block*
Nicole S. Block

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# EXHIBIT A

Teresa S. Renaker – SBN 187800
Lindsay E. Nako – SBN 239090
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
lnako@lewisfeinberg.com

Attorneys for Plaintiff
YVONNE GLOVER

F I L E D

APR 0 4 2007

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____ J. HUNTER

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____ 2~

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

SUMMONS ISSUED

**IN AND FOR THE COUNTY OF CONTRA COSTA**

| | |
|---|---|
| YVONNE GLOVER, | Case No. ___ L 0 7 - 0 1 8 1 8 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| SBC COMMUNICATIONS, INC., | **1. BREACH OF CONTRACT;** |
| Defendant. | **2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| | **3. UNFAIR COMPETITION; and** |
| | **4. WAITING TIME PENALTIES** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff YVONNE GLOVER ("Plaintiff" or "Ms. Glover") complains and alleges as

follows:

**INTRODUCTION**

1.     Plaintiff YVONNE GLOVER ("Plaintiff" or "Ms. Glover") brings this action for

damages and injunctive relief against Defendant SBC COMMUNICATIONS, INC. ("Defendant"

or "Defendant SBC") for (1) breach of contract; (2) breach of the implied covenant of good faith

and fair dealing; (3) unfair competition; and (4) waiting time penalties.

**PARTIES AND JURISDICTION**

2.     Defendant SBC is, and at all times mentioned herein was, a national

telecommunications company that owns and operates multiple facilities located throughout the

1    State of California.

2        3.    Plaintiff is an adult resident of Contra Costa County.

3        4.    In 1997, Defendant SBC acquired Pacific Telesis Group, the holding company for

4    Pacific Bell.

5        5.    Venue is proper in the County of Contra Costa for the following reasons: Plaintiff

6    resides in County of Contra Costa, Defendant owns and operates facilities in the County of Contra

7    Costa, and the unlawful acts complained of herein all occurred in the County of Contra Costa.

8    **STATEMENT OF THE CASE**

9        6.    From June 5, 1989 until October 26, 2004, Ms. Glover worked for Defendant SBC

10    and its corporate predecessors in Contra Costa County, California. Her employment was

11    terminated on May 31, 2005.

12        7.    Defendant SBC and its corporate predecessors provided short-term disability

13    ("STD") benefits to its employees pursuant to the terms of, among others, the Pacific Telesis

14    Group Comprehensive Disability Plan ("PTG-CDP").

15        8.    Under the terms of the PTG-CDP, a participant is entitled to receive STD benefits

16    "on the eighth day of a continuous period during which the Participant is absent from work

17    because of Short Term Disability."

18        9.    The PTG-CDP defines "Short Term Disability" as "a sickness, injury, or other

19    medical, psychiatric, or psychological condition, which prevents an Employee from engaging in

20    his or her normal occupation or employment with the Participating Company, or such other

21    occupation or employment as he or she is assigned in accordance with the Participating

22    Company's normal practices."

23        10.    Qualification for STD benefits is a prerequisite for eligibility for long term disability

24    ("LTD") benefits. The PTG-CDP provides that a participant becomes eligible for LTD benefits if

25    he or she "does not return to work at the end of the fifty-two week period for which Short Term

26    Disability Benefits are payable."

27        11.    Ms. Glover was employed by Defendant SBC and its corporate predecessors

28    beginning on June 5, 1989. Her last position with Defendant was Staff Associate. Her duties as

1    Staff Associate primarily required sitting, keyboarding, and other repetitive use of her hands,

2    arms, and upper torso.

3        12.    Ms. Glover suffers from chronic pain resulting from cervical radiculopathy and a

4    wrist ganglion cyst. The cervical radiculopathy is Ms. Glover's primary source of pain. It causes

5    severe and chronic pain in her upper torso and extremities. The wrist ganglion cyst also causes

6    extensive pain by placing pressure on surrounding structures and causing inflammation of the

7    median nerve.

8        13.    Ms. Glover takes multiple anti-inflammatories and medications to control her pain.

9    These medications are known to cause nausea, dizziness, drowsiness, and lack of coordination.

10   Ms. Glover has been advised that she should not perform any activities requiring coordination or

11   alertness while taking these medications.

12       14.    Ms. Glover also suffers from dystonia, a vocal chord disorder which complicates her

13   breathing and speech.

14       15.    Ms. Glover takes Klonopin, a powerful anti-convulsive drug, to help her alleviate

15   the effects of the dystonia. Klonopin commonly causes drowsiness and lack of muscle

16   coordination.

17       16.    As a result of these conditions, Ms. Glover became unable to work as of October 26,

18   2004. She went on disability leave on November 1, 2004.

19       17.    On November 2, 2004, Ms. Glover applied for STD benefits from the PTG-CDP.

20       18.    At the time Ms. Glover applied for STD benefits, she was "an Eligible Employee,"

21   which is defined by the PTG-CDP as "(a) an employee who is receiving a regular and stated

22   compensation for personal services actually rendered to a Participating Company as a regular,

23   term or temporary employee, or (b) who is on a leave of absence from such active employment,

24   but only if the terms of the leave policy established in writing by the Company provide for

25   continued eligibility for Short Term Disability Benefits under this Plan."

26       19.    Ms. Glover's application for STD benefits was denied by the SBC Medical Absence

27   and Accommodations Resource Team ("SMAART") by letter dated November 23, 2004.

28       20.    Ms. Glover requested review of the denial and, on January 10, 2005, SMAART

- 3 -
COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL

1    requested additional information.

2        21.    Nine days later, on January 19, 2005, SMAART denied her request for review.

3        22.    On May 20, 2005, Ms. Glover supplemented her appeal of the denial of her STD

4    benefits.

5        23.    Ms. Glover's appeal was denied by SMAART by letter dated September 21, 2005.

6        24.    By letter dated June 2, 2005, Defendant SBC terminated Ms. Glover's employment,

7    effective May 31, 2005.

8        25.    As of approximately November 2004, the Social Security Administration ("SSA")

9    found that Ms. Glover is entitled to monthly Social Security disability insurance benefits, meaning

10   that the SSA determined that Ms. Glover has been permanently disabled from any job that exists

11   in significant numbers in the national economy since that time.

12       26.    To date, due to her medical conditions, Ms. Glover remains eligible for monthly

13   Social Security disability benefits.

14                          **FIRST CAUSE OF ACTION**
                             **BREACH OF CONTRACT**
15

16       27.    The allegations of each of the preceding paragraphs are realleged and incorporated

17   herein by reference.

18       28.    Plaintiff and Defendant entered into a contract.

19       29.    At the time Plaintiff applied for STD benefits, she had performed all conditions,

20   covenants, and promises required on her part to be performed under the contract, including:

21   (1) providing personal services to one of the PTG-CDP's Participating Companies for which she

22   received regular and stated compensation, and (2) suffering from a medical condition which

23   prevented her from performing her normal occupation or any other occupation to which she was

24   assigned by Defendant.

25       30.    Defendant failed and refused to perform its obligations under the contract when it

26   denied Plaintiff STD benefits in violation of the terms of the PTG-CDP.

27       31.    Plaintiff was harmed by Defendant's failure to perform its obligations under the

28   contract.

32.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

## SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

33.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

34.    "There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract. . . . This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." *Harm v. Frasher* (1960) 181 C.A.2d 405, 417.

35.    An action for breach of the implied covenant of good faith and fair dealing requires only the existence of a contractual relationship between the parties, as the covenant is an implied term of the contract. *Smith v. San Francisco* (1990) 225 C.A.3d 38, 49.

36.    As alleged above, Plaintiff and Defendant entered into a contract.

37.    Defendant failed to perform its duties as required by the terms of the PTG-CDP, such that the purpose of the contract could not be accomplished.

38.    Plaintiff was harmed by Defendant's breach of the implied covenant of good faith and fair dealing.

39.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

## THIRD CAUSE OF ACTION
## UNFAIR COMPETITION
## (BUS. & PROF. CODE §§ 17200-17208)

40.    The allegations of each of the preceding paragraphs are realleged and incorporated

1    herein by reference.

2        41.    California Business and Professions Code § 17200 defines "unfair competition" as

3    "any unlawful, unfair or fraudulent business act or practice."

4        42.    Defendant's failure to provide STD benefits pursuant to the terms of the PTG-CDP,

5    as alleged above, constitutes unlawful activity prohibited by Business and Professions Code

6    § 17200.

7        43.    As a result of its unlawful and unfair acts, Defendant has reaped and continues to

8    reap benefits and illegal profits at the expense of Plaintiff. Defendant should be enjoined from

9    this activity and ordered to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully

10   denied STD benefits under Business and Professions Code § 17203.

11       44.    Defendant's actions have injured Plaintiff in that she has been wrongfully denied

12   STD benefits in violation of the terms of the PTG-CDP.

13       45.    Injunctive relief and restitution as permitted by Business and Professions Code

14   § 17203 are necessary and appropriate to prevent Defendant from continuing and repeating its

15   unlawful, unfair, and fraudulent business acts and practices alleged above.

16       46.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

17   amount according to proof.

18       WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

19                          **FOURTH CAUSE OF ACTION**
                           **WAITING TIME PENALTIES**
20                         **(LABOR CODE §§ 201, 203)**

21       47.    California Labor Code § 201 requires an employer who discharges an employee to

22   pay compensation due and owing to said employee immediately upon discharge. Labor Code

23   § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or

24   resignation, as required under Labor Code § 201, then the employer is liable for waiting time

25   penalties in the form of continued compensation for up to thirty (30) work days.

26       48.    Defendant willfully failed and refused, and continues to willfully fail and refuse, to

27   pay Plaintiff for the full amount of her short-term and long-term disability benefits under the terms

28   of the Plan.

49.     As a result, Defendant is liable to Plaintiff for waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code § 203.

WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

## DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendant SBC as follows:

A.     For a determination that Plaintiff is eligible for STD benefits pursuant to the terms of the PTG-CDP;

B.     For a determination that Plaintiff is eligible for LTD benefits pursuant to the terms of the PTG-CDP;

C.     For damages totaling over $10,000.00, but not in excess of $25,000.00, including:

    1.  Lost benefits in the amount of 52 weeks of STD benefits, according to proof;

    2.  Waiting time penalties, according to proof;

    3.  Lost benefits in the amount of LTD benefits due from the date of eligibility to the present, according to proof; and

    4.  Additional consequential damages, according to proof.

D.     For prejudgment interest on the sum due from November 2004 to the present;

E.     For reasonable attorneys' fees as allowed by law, according to proof;

F.     For costs of suit, according to proof; and

G.     For such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

1

2  DATED: April 4 , 2007

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LEWIS, FEINBERG, LEE
RENAKER AND JACKSON, P.C.

By _____
      Lindsay Nako
      Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL

# EXHIBIT B

Teresa S. Renaker – SBN 187800
Lindsay E. Nako – SBN 239090
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
lnako@lewisfeinberg.com

Attorneys for Plaintiff
YVONNE GLOVER

FILED

2007 APR 12 P 2: 11

K. TORE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA CALIF.

BY: _____ J. HUNTER

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT ___ 22

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| YVONNE GLOVER,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>SBC COMMUNICATIONS, INC.,<br><br>　　　　　　　　Defendant. | Case No. L07-01818<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**1. BREACH OF CONTRACT;**<br>**2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**3. UNFAIR COMPETITION; and**<br>**4. WAITING TIME PENALTIES**<br><br>**DEPARTMENT 22**<br>**LIMITED CIVIL CASE RECLASSIFIED BY THIS PLEADING AS AN UNLIMITED CIVIL CASE**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff YVONNE GLOVER ("Plaintiff" or "Ms. Glover") complains and alleges as follows:

### INTRODUCTION

1.　　Plaintiff YVONNE GLOVER ("Plaintiff" or "Ms. Glover") brings this action for damages and injunctive relief against Defendant SBC COMMUNICATIONS, INC. ("Defendant" or "Defendant SBC") for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unfair competition; and (4) waiting time penalties.

## PARTIES AND JURISDICTION

2.    Defendant SBC is, and at all times mentioned herein was, a national telecommunications company that owns and operates multiple facilities located throughout the State of California.

3.    Plaintiff is an adult resident of Contra Costa County.

4.    In 1997, Defendant SBC acquired Pacific Telesis Group, the holding company for Pacific Bell.

5.    Venue is proper in the County of Contra Costa for the following reasons: Plaintiff resides in County of Contra Costa, Defendant owns and operates facilities in the County of Contra Costa, and the unlawful acts complained of herein all occurred in the County of Contra Costa.

## STATEMENT OF THE CASE

6.    From June 5, 1989 until October 26, 2004, Ms. Glover worked for Defendant SBC and its corporate predecessors in Contra Costa County, California. Her employment was terminated on May 31, 2005.

7.    Defendant SBC and its corporate predecessors provided short-term disability ("STD") benefits to its employees pursuant to the terms of, among others, the Pacific Telesis Group Comprehensive Disability Benefits Plan ("PTG-CDBP").

8.    Under the terms of the PTG-CDBP, a participant is entitled to receive STD benefits "on the eighth day of a continuous period during which the Participant is absent from work because of Short Term Disability."

9.    The PTG-CDBP defines "Short Term Disability" as "a sickness, injury, or other medical, psychiatric, or psychological condition, which prevents an Employee from engaging in his or her normal occupation or employment with the Participating Company, or such other occupation or employment as he or she is assigned in accordance with the Participating Company's normal practices."

10.    Qualification for STD benefits is a prerequisite for eligibility for long term disability ("LTD") benefits. The PTG-CDBP provides that a participant becomes eligible for LTD benefits if he or she "does not return to work at the end of the fifty-two week period for which Short Term

1     Disability Benefits are payable."

2        11.   Ms. Glover was employed by Defendant SBC and its corporate predecessors

3     beginning on June 5, 1989. Her last position with Defendant was Staff Associate. Her duties as

4     Staff Associate primarily required sitting, keyboarding, and other repetitive use of her hands,

5     arms, and upper torso.

6        12.   Ms. Glover suffers from chronic pain resulting from cervical radiculopathy and a

7     wrist ganglion cyst. The cervical radiculopathy is Ms. Glover's primary source of pain. It causes

8     severe and chronic pain in her upper torso and extremities. The wrist ganglion cyst also causes

9     extensive pain by placing pressure on surrounding structures and causing inflammation of the

10     median nerve.

11        13.   Ms. Glover takes multiple anti-inflammatories and medications to control her pain.

12     These medications are known to cause nausea, dizziness, drowsiness, and lack of coordination.

13     Ms. Glover has been advised that she should not perform any activities requiring coordination or

14     alertness while taking these medications.

15        14.   Ms. Glover also suffers from dystonia, a vocal chord disorder which complicates her

16     breathing and speech.

17        15.   Ms. Glover takes Klonopin, a powerful anti-convulsive drug, to help her alleviate

18     the effects of the dystonia. Klonopin commonly causes drowsiness and lack of muscle

19     coordination.

20        16.   As a result of these conditions, Ms. Glover became unable to work as of October 26,

21     2004. She went on disability leave on November 1, 2004.

22        17.   On November 2, 2004, Ms. Glover applied for STD benefits from the PTG-CDBP.

23        18.   At the time Ms. Glover applied for STD benefits, she was "an Eligible Employee,"

24     which is defined by the PTG-CDBP as "(a) an employee who is receiving a regular and stated

25     compensation for personal services actually rendered to a Participating Company as a regular,

26     term or temporary employee, or (b) who is on a leave of absence from such active employment,

27     but only if the terms of the leave policy established in writing by the Company provide for

28     continued eligibility for Short Term Disability Benefits under this Plan."

19.    Ms. Glover's application for STD benefits was denied by the SBC Medical Absence and Accommodations Resource Team ("SMAART") by letter dated November 23, 2004.

20.    Ms. Glover requested review of the denial and, on January 10, 2005, SMAART requested additional information.

21.    Nine days later, on January 19, 2005, SMAART denied her request for review.

22.    On May 20, 2005, Ms. Glover supplemented her appeal of the denial of her STD benefits.

23.    Ms. Glover's appeal was denied by SMAART by letter dated September 21, 2005.

24.    By letter dated June 2, 2005, Defendant SBC terminated Ms. Glover's employment, effective May 31, 2005.

25.    As of approximately November 2004, the Social Security Administration ("SSA") found that Ms. Glover is entitled to monthly Social Security disability insurance benefits, meaning that the SSA determined that Ms. Glover has been permanently disabled from any job that exists in significant numbers in the national economy since that time.

26.    To date, due to her medical conditions, Ms. Glover remains eligible for monthly Social Security disability benefits.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

27.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

28.    Plaintiff and Defendant entered into a contract.

29.    At the time Plaintiff applied for STD benefits, she had performed all conditions, covenants, and promises required on her part to be performed under the contract, including: (1) providing personal services to one of the PTG-CDBP's Participating Companies for which she received regular and stated compensation, and (2) suffering from a medical condition which prevented her from performing her normal occupation or any other occupation to which she was assigned by Defendant.

30.    Defendant failed and refused to perform its obligations under the contract when it

- 4 -

1     denied Plaintiff STD benefits in violation of the terms of the PTG-CDBP.

2         31.    Plaintiff was harmed by Defendant's failure to perform its obligations under the

3     contract.

4         32.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

5     amount according to proof.

6         . WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

7                          **SECOND CAUSE OF ACTION**
                      **BREACH OF THE IMPLIED COVENANT OF**
8                        **GOOD FAITH AND FAIR DEALING**

9         33.    The allegations of each of the preceding paragraphs are realleged and incorporated .

10    herein by reference.

11        34.    "There is implied in every contract a covenant by each party not to do anything

12    which will deprive the other parties thereto of the benefits of the contract. . . . This covenant not

13    only imposes upon each contracting party the duty to refrain from doing anything which would

14    render performance of the contract impossible by any act of his own, but also the duty to do

15    everything that the contract presupposes that he will do to accomplish its purpose." *Harm v.*

16    *Frasher* (1960) 181 C.A.2d 405, 417.

17        35.    An action for breach of the implied covenant of good faith and fair dealing requires

18    only the existence of a contractual relationship between the parties, as the covenant is an implied

19    term of the contract. *Smith v. San Francisco* (1990) 225 C.A.3d 38, 49.

20        36.    As alleged above, Plaintiff and Defendant entered into a contract.

21        37.    Defendant failed to perform its duties as required by the terms of the PTG-CDBP,

22    such that the purpose of the contract could not be accomplished.

23        38.    Plaintiff was harmed by Defendant's breach of the implied covenant of good faith

24    and fair dealing.

25        39.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

26    amount according to proof. .

27        WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

28

1

2

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION
### (BUS. & PROF. CODE §§ 17200-17208)

3

40.    The allegations of each of the preceding paragraphs are realleged and incorporated

4

herein by reference.

5

41.    California Business and Professions Code § 17200 defines "unfair competition" as

6

"any unlawful, unfair or fraudulent business act or practice."

7

42.    Defendant's failure to provide STD benefits pursuant to the terms of the PTG-

8

CDBP, as alleged above, constitutes unlawful activity prohibited by Business and Professions

9

Code

10

§ 17200.

11

43.    As a result of its unlawful and unfair acts, Defendant has reaped and continues to

12

reap benefits and illegal profits at the expense of Plaintiff. Defendant should be enjoined from

13

this activity and ordered to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully

14

denied STD benefits under Business and Professions Code § 17203.

15

44.    Defendant's actions have injured Plaintiff in that she has been wrongfully denied

16

STD benefits in violation of the terms of the PTG-CDBP.

17

45.    Injunctive relief and restitution as permitted by Business and Professions Code

18

§ 17203 are necessary and appropriate to prevent Defendant from continuing and repeating its

19

unlawful, unfair, and fraudulent business acts and practices alleged above.

20

46.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

21

amount according to proof.

22

WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

23

### FOURTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 203)

24

25

47.    California Labor Code § 201 requires an employer who discharges an employee to

26

pay compensation due and owing to said employee immediately upon discharge. Labor Code

27

§ 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or

28

1  resignation, as required under Labor Code § 201, then the employer is liable for waiting time

2  penalties in the form of continued compensation for up to thirty (30) work days.

3       48.    Defendant willfully failed and refused, and continues to willfully fail and refuse, to

4  pay Plaintiff for the full amount of her short-term and long-term disability benefits under the terms

5  of the Plan.

6       49.    As a result, Defendant is liable to Plaintiff for waiting time penalties, together with

7  interest thereon and attorneys' fees and costs, under Labor Code § 203.

8       WHEREFORE, Plaintiff prays for judgment against Defendant SBC as set forth below.

9  **DAMAGES**

10       WHEREFORE, Plaintiff prays for judgment against Defendant SBC as follows:

11      A.    For a determination that Plaintiff is eligible for STD benefits pursuant to the

12          terms of the PTG-CDBP;

13      B.    For a determination that Plaintiff is eligible for LTD benefits pursuant to the

14          terms of the PTG-CDBP;

15      C.    For damages in excess of $25,000.00, including:

16          1.  Lost benefits in the amount of 52 weeks of STD benefits, according to

17             proof;

18          2.  Waiting time penalties, according to proof;

19          3.  Lost benefits in the amount of LTD benefits due from the date of

20             eligibility to the present, according to proof; and

21          4.  Additional consequential damages, according to proof.

22      D.    For prejudgment interest on the sum due from November 2004 to the present;

23      E.    For reasonable attorneys' fees as allowed by law, according to proof;

24      F.    For costs of suit, according to proof; and

25      G.    For such other and further relief as this Court may deem appropriate.

26

27

28

1

2     **DEMAND FOR JURY TRIAL**

3

4     Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

      which she has a right to jury trial.

5

6

7                                          Respectfully submitted,

8     DATED: April 12, 2007                LEWIS, FEINBERG, LEE
                                           RENAKER AND JACKSON, P.C.
9
                                           By
10                                            Lindsay Nako
                                              Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 8 -
                        FIRST AMENDED COMPLAINT FOR DAMAGES
                              DEMAND FOR JURY TRIAL

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/18/2007
Log Number 512144311

**TO:**     Stephanie Schmidt, Senior Paralegal
AT&T Inc.
175 East Houston Street, Room 4W20
San Antonio, TX, 78205

**RE:**     **Process Served in Texas**

**FOR:**    SBC Communications Inc. (Former Name) (Domestic State: DE)
AT&T Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yvonne Glover, Pltf. vs. SBC Communications, Inc., Dft.. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, First Amended Complaint, Attachments, Notices |
| **COURT/AGENCY:** | Superior Court, County of Contra Costa, CA Case # L0701818 |
| **NATURE OF ACTION:** | Employee Litigation - Breach of contract regarding Short Term Disability benefits – Determination for eligible benefits, and damages in excess of $25,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2007 at 13:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Lindsay E. Nako Lewis, Feinberg, Lee, Renaker & Jackson, P.C. 1330 Broadway, Suite 1800 Oakland, CA, 94612 510/839-6824 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798655126699 Image SOP - Page(s): 20 Email Notification, Stephanie Schmidt SS5561@att.com Email Notification, Shoene Leaf sl8576@att.com |
| **SIGNED:** **PER:** **ADDRESS:** **TELEPHONE:** | C T Corporation System Beatrice Casarez 350 North St. Paul Street Dallas, TX, 75201 214-932-3601 |

Page 1 of  1 / SD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Lindsay Nako — Cal State Bar 239(
Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
TELEPHONE NO.: (510) 839-6824    FAX NO.: (510) 839-7839
ATTORNEY FOR (Name): Yvonne Glover

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Martinez

FILED

2007 APR 12 P 2: 1L

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA

BY: J. HUNTER
Deputy Clerk

CASE NAME:
Glover v. SBC Communications, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 07 - 01818 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

4. Number of causes of action (specify): 4

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 12, 2007

Lindsay Nako
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

# EXHIBIT C

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SBC Communications, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Yvonne Glover



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 APR 12 P 2: 11

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.

BY: J. HUNTER, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of the State of California for the County of Contra Costa 725 Court Street, Martinez, CA 94553 | C07 - 01810 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lindsay Nako; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.; 1330 Broadway, Suite 1800
Oakland, CA 94612; (510) 839-6824

| DATE: **APR 1 2 2007** | Clerk, by | **J. HUNTER** | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Delivered.
4/18/07