

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
SBC COMMUNICATIONS INC.
(AT&T INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YVONNE GLOVER,

Plaintiff,

vs.

SBC COMMUNICATIONS INC.,

Defendants.

Case No. C07-02652 CRB

**DEFENDANT SBC COMMUNICATIONS INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

[Fed. R. Civ. P. 12(b)(2)]

Date: July 27, 2007
Time: 10:00 a.m.
Courtroom: 8
Judge: Hon. Charles R. Breyer

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Friday, July 27, 2007, at 10:00 a.m., before the Honorable Charles R. Breyer, in Courtroom 8, 450 Golden Gate Avenue, San Francisco, California, specially appearing defendant SBC COMMUNICATIONS INC. ("SBC") will move and does hereby move, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss in its entirety the First Amended Complaint For Damages ("Complaint") filed by plaintiff Yvonne Glover on April 12, 2007, in Contra Costa County Superior Court, and removed to this Court on May 18, 2007.

This motion is made on the ground that this Court does not have personal jurisdiction over SBC Communications Inc.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers filed in this action, and upon such other evidence or argument that may be presented to the Court at or before the hearing on this motion.

## ISSUE TO BE DECIDED

1. Whether defendant SBC Communications Inc. (AT&T Inc.), a non-resident holding company, has sufficient minimum contacts with the State of California to subject it to personal jurisdiction in California.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Yvonne Glover ("Plaintiff") purports to sue her former employer she has erroneously named SBC COMMUNICATIONS INC. (which entity's true name is "AT&T Inc."). In this action, plaintiff seeks remedies for the wrongful denial of disability benefits. SBC, without waiver of its defense of lack of personal jurisdiction, removed the action based on federal question under ERISA. (29 U.S.C. §1144(a).) Plaintiff has pleaded in her complaint claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, and violation of the California Labor Code.

///

Plaintiff served SBC Communications Inc. through AT&T Inc.'s authorized agent in Texas.

## II. STATEMENT OF FACTS AND COMPLAINT ALLEGATIONS

Plaintiff Yvonne Glover was hired by Pacific Bell Telephone Company on June 5, 1989.[1] Her employment was terminated on May 31, 2005. (Complaint, ¶4.)

Plaintiff's Complaint arises from the denial of short-term disability benefits under an employee benefits plan known as the Pacific Telesis Group Comprehensive Disability Benefits Plan ("the Plan"). The Plan provided eligible employees short-term disability benefits under certain conditions. (See id., ¶¶7-9 and 17-23.) Plaintiff alleges that she applied for short-term disability benefits *from the Plan* on November 2, 2004 after she had stopped working because of various physical ailments, and that she was wrongfully denied such benefits thereafter. (Id., ¶¶12, 14, 16-23.)

Based on the denial of her application for short-term disability benefits, plaintiff has purported to bring state common law and statutory claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, and waiting time penalties under the Labor Code Section 203. (Id., ¶¶17, 30, 37, 42, 48.)

Plaintiff has sued SBC Communications Inc. only, which entity she contends is her former employer.

SBC Communications Inc.'s true name is "AT&T Inc." (Declaration of Thomas Koch in Support of Defendant's Motion to Dismiss ("Koch Decl."), ¶2.) SBC Communications, Inc. changed its name to "AT&T Inc." shortly after it acquired AT&T Corp. in November 1995. (Ibid.)

CT Corporation, located in Texas, as AT&T Inc.'s agent for service of process, accepted service of process for "SBC Communications Inc. (Former Name) (Domestic State: DE) AT&T Inc. (True Name)." (Declaration of Forrest E. Fang in Support of Defendant's Motion to Dismiss ("Fang Decl."), ¶2, Exh. A.) AT&T Inc. is a holding company that is incorporated in Delaware.

---

[1] SBC acquired Pacific Telesis Group, the holding company for Pacific Bell Telephone Company in 1997.





LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

(Id., ¶¶2-3.) Its principal and *only* place of business is in San Antonio, Texas.

AT&T Inc. is a separate corporate entity that is distinct from its subsidiaries. (Id., ¶6.) Each of its subsidiaries maintains its own separate identity and structure, whether it is a corporation, a partnership or a limited liability company. (Ibid.)

AT&T Inc. does not conduct any operations in California. (Id., ¶7.) It has no employees or distributors who reside in the state, does not have an office or mailing address in California, does not own or lease any real property in California, and has never been registered or otherwise qualified to do business in this state. (Id., ¶¶4, 7,-8.) Further, AT&T Inc. has not appointed an agent for service of process in California, has not paid income, property or use taxes to the State of California, and has not manufactured any product or provided any service that could become part of the stream of commerce in California. (Id., ¶¶8-10.)

## III. ARGUMENT

### A. AT&T Inc. Lacks Minimum Contacts With This State

A motion to dismiss may be brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, based on lack of personal jurisdiction. Although defendant is the moving party on a motion to dismiss, plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. (RIO Properties, Inc. v. RIO International Interlink, 284 F.3d 1007 (9th Cir. 2002); Ross v. Altria Group, Inc., 2004 WL 2055712 (N.D.Cal. 2004), *2.)

In order for a court to exercise jurisdiction over a corporate defendant, the due process clause of the Federal Constitution requires that the defendant have such "minimum contacts" with the forum that maintaining suit against it would not offend "traditional notions of fair play and substantial justice." (International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Accord, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).) Personal jurisdiction based on application of the minimum contacts doctrine may be either general or limited in scope.

General personal jurisdiction (which subjects a defendant to suit, even if its activities within the state are unrelated to the action) requires a showing that the defendant's activities within the forum state are "substantial, continuous and systematic." (Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001).) Such standard is "fairly high;" the plaintiff must in effect show

that the defendant's activities within the state approximate physical presence. (Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).)

Specific personal jurisdiction (which only subjects a defendant to suit for its conduct within the state) requires plaintiff to demonstrate that (1) the defendant "purposefully" conducted activities within the forum or "purposefully" availed himself of the privilege of conducting such activities; (2) the claim arises out of or relates to one of defendant's forum-related activities; and (3) the exercise of jurisdiction comports with "fair play" and "substantial justice" (i.e., is reasonable). (Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006); Unocal, supra, 248 F.3d at 923.)

In Ross, supra, the court granted a motion to dismiss brought by an out-of-state holding company on the grounds of lack of personal jurisdiction. (Ross, supra, 2004 WL at **4-5.) The holding company had no offices or real estate in California, did not engage in sales or service activities in California, and did nor manufacture, sell or market any products. The court concluded that the holding company lacked "substantial, systematic and continuous contacts" required for general jurisdiction, and was not subject to specific jurisdiction because there was no evidence it had "purposely availed" itself of the forum or had engaged in forum-related activities that were connected to plaintiff's claims. (Ibid.)

Similarly, in the instant case, there is neither a basis for general nor specific personal jurisdiction over holding company AT&T Inc. AT&T Inc. does not conduct any business at all, much less conduct any business operations in California. (Koch Decl., ¶3.) Nor has it ever registered or ever qualified to do business in California, or appointed an agent for service of process for that purpose. (Id., ¶8.) AT&T Inc. has no employees or distributors residing in California, does not own or lease any property in California, provides no telecommunications or internet services in California, and does not manufacture any products or services within the stream of commerce in this state. (Id., ¶¶4, 7, 10.)

Accordingly, AT&T Inc. does not engage in "substantial, continuous and systematic" activities within the state that would warrant subjecting it to general personal jurisdiction.

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Moreover, there is no basis for imposing special personal jurisdiction upon AT&T Inc. AT&T Inc. has not availed itself in any way of California's privileges, and has conducted no activities in this state that could in any way be causally connected to plaintiff's claims against her former employer for disability benefits under an employee benefits plan.

AT&T Inc. cannot be made a defendant to this action.

**B. The Court Lacks Personal Jurisdiction Over AT&T Inc.**

Absent a factual showing that the defendant has minimal contacts with the state, no personal jurisdiction can be exercised over the defendant in courts within the state. (FDIC v. British-American Ins. Co., Ltd.., 828 F.2d 1439, 1442 (9th Cir. 1987). Accord, Ross, supra, 2004 WL 2055712, *3. ) That is because a forum state's exercise of personal jurisdiction over a nonresident defendant must satisfy federal due process requirements (i.e., by establishing "minimum contacts"). (British-American Ins. Co., supra, 828 F.2d at 1441-42.)

Since defendant lacks sufficient minimum contacts with this state for purposes of due process, the Court lacks personal jurisdiction over defendant holding company AT&T Inc. (i.e., "SBC Communications Inc.") herein.

**C. Dismissal of the Entire Action Is Proper.**

Once a court determines that personal jurisdiction over a defendant is lacking, the action against the defendant must be dismissed, in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure. Thus, in Ross, supra, the court granted the defendants' Rule 12(b)(2) motion to dismiss, based on its finding that it lacked personal jurisdiction over defendants because they did not have sufficient minimum contacts with California. (Ross, supra, 2004 WL 2055712, **1-2, 5-6.)

In the instant case, the lack of personal jurisdiction over AT&T Inc. mandates dismissal of the entire action, since it is the only defendant thereto.

///

///

///

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## IV. CONCLUSION

For the reasons stated above, defendant SBC Communications Inc. (now known as "AT&T Inc.") respectfully requests that its motion to dismiss plaintiff's Complaint be granted in its entirety.

DATED: June 22, 2007

LAFAYETTE & KUMAGAI LLP

/S/ SUSAN T. KUMAGAI
SUSAN T. KUMAGAI
Attorneys for Defendant
SBC COMMUNICATIONS INC.
(AT&T INC.)

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on June 22, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ SUSAN T. KUMAGAI

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605