1   LAFAYETTE & KUMAGAI LLP
    GARY T. LAFAYETTE (State Bar No. 088666)
2   SUSAN T. KUMAGAI (State Bar No. 127667)
    FORREST E. FANG (State Bar No. 122805)
3   100 Spear Street, Suite 600
    San Francisco, California 94105
4   Telephone:   (415) 357-4600
    Facsimile:   (415) 357-4605
5
6   Attorneys for Defendant
    SBC COMMUNICATIONS INC.
7
8                  UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  YVONNE GLOVER,<br><br>12           Plaintiff,<br><br>13  vs.<br><br>14  SBC COMMUNICATIONS, INC.,<br><br>15           Defendants. | Case No.  C07-02652 CRB<br><br>**DECLARATION OF THOMAS KOCH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Date:        July 27, 2007<br>Time:        10:00 a.m.<br>Courtroom: 8<br>Judge:      Hon. Charles R. Breyer |

18      I, THOMAS KOCH, declare as follows:

19      1.      I make this declaration in support of the motion of defendant SBC

20  Communications Inc. to dismiss plaintiff's First Amended Complaint ("Complaint") for lack of

21  personal jurisdiction. I am a Controller in the Finance Department of AT&T Services, Inc. I

22  have been in that position since July 2005 and with the Company since 1996. As Controller, I am

23  personally familiar with the corporate structure of AT&T Inc. and its predecessor, SBC

24  Communications Inc., and its subsidiaries, including Pacific Bell Telephone Company. I am

25  personally familiar with the corporate structure of AT&T Inc. (and SBC Communications Inc.

26  before it) because, since AT&T Inc. has no employees of its own, administrative services are

27  provided by AT&T Services, Inc. which then charges back the costs of the services it provides.

28  All of the statements in this Declaration are, unless otherwise indicated, based upon my

1

1    personal knowledge, review of corporate and business records and interviews with appropriately

2    knowledgeable persons

3        2.     AT&T Inc. was incorporated in Delaware in 1983 under the name Southwestern

4    Bell Corporation. In 1995, Southwestern Bell Corporation changed its name to SBC

5    Communications Inc. On November 18, 2005, SBC Communications Inc. acquired AT&T Corp.

6    AT&T Corp. thereby became a wholly-owned subsidiary of SBC Communications Inc. Shortly

7    thereafter, SBC Communications Inc. changed its name to AT&T Inc. and throughout, remained

8    a Delaware corporation. Given this corporate lineage, and for purposes of this Declaration,

9    references to AT&T Inc. are meant to include the defendant in this case, SBC Communications

10   Inc.

11       3.     AT&T Inc. is and always has been a holding company. It was created as one of

12   seven regional holding companies that were divested on January 1, 1984, by the American

13   Telephone and Telegraph Company as part of the settlement of *United States v. Western Electric*

14   *Company, Inc.*, Civil Action No. 82-0192 (D.D.C.). As part of that divestiture, it received equity

15   interests in the Southwestern Bell Telephone Company and certain other companies. It remains a

16   holding company that conducts no business itself.

17       4.     AT&T Inc. and its predecessor, SBC Communications Inc. have no employees

18   and thus never employed plaintiff Yvonne Glover. Upon information and belief, plaintiff

19   Yvonne Glover was an employee of Pacific Bell Telephone Company.

20       5.     AT&T Inc. does not provide telecommunications services or Internet services to

21   the public. AT&T Inc. does not itself make or sell any products or services.

22       6.     AT&T Inc. is a legally and factually separate corporate entity, distinct from its

23   subsidiaries. Each of the affiliated subsidiaries maintains its own independent corporate,

24   partnership or limited liability company identity and structure.

25       7.     AT&T Inc. does not do business in the State of California. It has no employees in

26   California. It does not have an office or mailing address in California, and it does not own or

27   lease any real property in California. It provides no telecommunications, Internet, or any other

28   services in California.

2

1        8.    AT&T Inc. has never been registered or otherwise qualified to do business in the

2    State of California, and therefore, AT&T Inc. did not appoint an agent for service of process in

3    California for such purpose.

4        9.    AT&T Inc. does not pay income, property, or use taxes to the State of California.

5        10.    AT&T Inc. does not manufacture any product of any kind or provide any service

6    of any nature that could find its way through the stream of commerce into California.

7        I declare under penalty of perjury that the foregoing is true and correct.

8        Executed this 21st day of June 2007, at San Antonio, Texas.

9

10        Thomas M Koch

11        THOMAS KOCH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECL. OF THOMAS KOCH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
Case No. C07-02652 CRB

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on May 29, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ SUSAN T. KUMAGAI

att\glov\pldg\remcrt doc

*Yvonne Glover v. SBC Communications, Inc.*
*United States District Court Case No. 07-02652 CRB*

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2