LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:  (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
SBC COMMUNICATIONS INC.
(AT&T INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>    Plaintiff,<br><br>vs.<br><br>SBC COMMUNICATIONS, INC.,<br><br>    Defendants. | Case No. C07-02652 CRB<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:         July 20, 2007<br>Time:        10:00 a.m.<br>Courtroom: 8<br>Judge:       Hon. Charles R. Breyer |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF ISSUES TO BE DECIDED ........................................................... 2

III. STATEMENT OF FACTS ............................................................................................ 2

    A. Allegations Relating to Plaintiff's Complaint ................................................... 2

    B. The Subject Plan and Treatment Thereof by Defendant. ................................... 3

IV. PROCEDURAL HISTORY ........................................................................................... 3

V. ARGUMENT ................................................................................................................. 4

    A. Plaintiff's Complaint and Defendant's Notice of Removal Show Removal In This Action Was Proper. ................................................................................ 4

    B. Plaintiff Acted Affirmatively by Submitting a Declaration with Evidence and Thereby Waived Her Right to Move for Remand. ............................................ 5

    C. Plaintiff's State Law Claims Arise Out of the Administration of an Employee Benefit Plan And Are Preempted By ERISA. .................................. 5

        1. The Provisions of ERISA Preempt All State Claims Relating To Employee Benefits Plans ........................................................................ 6

        2. Plaintiff's State Claims Are Preempted Because They Relate to an Employee Benefit Plan ............................................................................ 8

    D. The Subject Plan Is Not An Exempt "Payroll Practice," Because Benefits May Continue Beyond the Termination of Employment and Vocational Rehabilitation Benefits Are Not Exempted Under The Regulations ................ 8

    E. The Relief Sought By Plaintiff In This Action Falls Within the Scope of ERISA's Enforcement Provisions. ................................................................... 12

VI. CONCLUSION ............................................................................................................. 13

i

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
Case No. 07-02652-CRB

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Aetna Health Inc. v. Davila
    542 U.S. 200, 124 S.Ct. 2488 (2004) .................................................................. 6, 7, 8

Alaska Airlines v. Oregon Bureau of Labor
    122 F.3d 812 (9th Cir. 1997) .............................................................................. 11

Alessi v. Raybestos-Manhattan, Inc.
    451 U.S. 504, 101 S.Ct. 1895 (1981) .................................................................. 6

Bassiri v. Xerox Corporation
    463 F.3d 927 (9th Cir. 2006) ........................................................................ 10, 11

Chesler/Perlmutter Products, Inc. v. Fireworks Entertainment, Inc.
    177 F.Supp. 2d 1050 (C.D. Cal. 2001) .............................................................. 4

Cleghorn v. Blue Shield of California
    408 F.3d 1222 (9th Cir. 2005) ........................................................................ 7, 8

Ex Parte Harding
    219 U.S. 363 (1911) ........................................................................................... 5

Fletcher v. Solomon
    2006 WL 3290399 (N.D. Cal. 2006) .................................................................. 5

Hull v. Fallon
    188 F.3d 939 (8th Cir. 1999) .............................................................................. 6

In re Moore
    209 U.S. 490 (1908) ........................................................................................... 5

Koehnen v. Herald Fire Insurance Co.
    89 F.3d 525 (8th Cir. 1996) ................................................................................ 5

Massachusetts v. Morash
    490 U.S. 107, 109 S.Ct. 1668 (1989) ................................................................ 10

Mattel, Inc. v. Bryant
    441 F.Supp. 2d 1081 (C.D. Cal. 2005) ....................................................... 3, 4, 9

McMahon v. Digital Equip. Corp.
    162 F.3d 28 (1st Cir. 1998) ................................................................................ 9

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# TABLE OF AUTHORITIES (cont.)

Page(s)

## Cases

Metropolitan Life Ins. Co. v. Taylor
    481 U.S. 58, 107 S.Ct. 1542 (1987) .................................................................. 12

Pilot Life Ins. Co. v. Dedeaux
    481 U.S. 41, 107 S.Ct. 1549 (1987) .................................................................. 6, 8

Schroeder v. Transworld Airlines, Inc.
    702 F.2d 189 (9th Cir. 1983) ............................................................................ 4

Scott v. Gulf Oil Corp.
    754 F.2d 1499 (9th Cir. 1985) .......................................................................... 10, 11

Shaw v. Delta Air Lines, Inc.
    463 U.S. 85, 103 S.Ct. 2890 (1983) .................................................................. 6

Stone v. Travelers Corp.
    58 F.3d 434 (9th Cir. 1995) .............................................................................. 7

Toumajian v. Frailey
    135 F.3d 648 (9th Cir. 1998) ............................................................................ 12

Transport Indemnity Co. v. Financial Trust Co.
    339 F.Supp. 405 (C.D. Cal. 1972) .................................................................... 5

## Code

29 U.S.C. § 1001 et seq. ............................................................................................ 6

29 U.S.C. § 1002(a) .................................................................................................. 1, 8, 12

29 U.S.C. § 1002(3) .................................................................................................. 8, 12

29 U.S.C. § 1132 ...................................................................................................... 6

29 U.S.C. § 1132(a) .................................................................................................. 5, 12

29 U.S.C. § 1132(a)(1)(B) ........................................................................................ 2, 12

29 U.S.C. § 1132(a)(3) .............................................................................................. 2, 12

29 U.S.C. § 1132(d)(1) .............................................................................................. 5

29 U.S.C. § 1144(a) .................................................................................................. 5, 6, 8

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Code**

29 C.F.R. § 2510.3-1(b) .................................................................................................. 11

29 C.F.R. § 2510.3-1(b)(2) ............................................................................................... 2

Labor Code § 201 ............................................................................................................ 8

Labor Code § 203 ............................................................................................................ 3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
Case No. 07-02652-CRB

1  Defendant SBC Communications Inc. (AT&T Inc.) ("defendant") submits the following memorandum in opposition to plaintiff Yvonne Glover's Motion to Remand the above-entitled action to Contra Costa Superior Court of the State of California[1].

## I. INTRODUCTION

Plaintiff's claims are based on the allegedly wrongful denial of disability benefits under an employee benefits plan. (First Amended Complaint ("Complaint"), ¶¶12, 14, 16-23. See also 29 U.S.C. §1002(a) ("employer benefit plan" includes employer plan to provide disability benefits.) Plaintiff seeks to recover both short term and long term disability benefits under the subject plan. (Complaint, p. 7:5-16.) Plaintiff does not dispute that her state law claims are related to the denial of benefits under an employee benefits plan, which plan would generally be subject to the Employment Retirement Income Security Act of 1974 ("ERISA"). Plaintiff moves to remand this action to state court based solely on an unfounded argument that the subject plan is exempted from ERISA because it constitutes a "payroll practice."

Based on plaintiff's Complaint and defendant's removal petition, removal based on federal question was proper. Plaintiff concedes this fact by asking the Court to go beyond the four corners of her complaint and consider extrinsic evidence she submitted after removal - - namely, the subject plan. Not only is her extrinsic evidence improperly before the Court, but by offering such evidence, plaintiff is essentially amending her Complaint and asking the Court for affirmative relief, thereby consenting to the jurisdiction of the Court and waiving her right to move for remand.

Clearly, the court should not consider such post-removal evidence in deciding plaintiff's motion. However, in the event the Court does consider the extrinsic evidence submitted by plaintiff, plaintiff's motion is still meritless. Contrary to plaintiff's assertions, the subject plan is not a "payroll practice" exempt from coverage under ERISA. Benefits under the subject plan are not the equivalent of salary, for an employee's entitlement to disability benefits may continue beyond his or her termination. Nor does the subject plan's provision of Vocational Rehabilitation

---

[1] In opposing plaintiff's motion to remand, defendant does not waive its objection based on the lack of personal jurisdiction over it in California. Defendant has raised such objection in its pending motion to dismiss.

1  Benefits fall within the limited acts (e.g., "payment of an employee's normal compensation") that
2  are defined as "payroll practices" by regulation. (See 29 C.F.R. §2510.3-1(b)(2).) Further,
3  defendant has consistently treated the subject plan as being governed by ERISA.

4      Lastly, the relief sought by plaintiff falls within the scope of ERISA's enforcement
5  provisions, for she is seeking to recover benefits under the subject plan and to enjoin conduct that
6  is allegedly in violation of the plan. (See 29 U.S.C. §§1132(a)(1)(B), 1132(a)(3).)

7      Removal of this action was proper. Plaintiff's motion should be denied.

## II.   STATEMENT OF ISSUES TO BE DECIDED

9  1. Whether plaintiff's Complaint and defendant's petition for removal show that
10 removal of plaintiff's action was proper based on federal question under ERISA.

11 2. Whether plaintiff waived her right to move to remand the action.

12 3. Whether the subject plan that provides for disability benefits which may continue
13 beyond the employee's termination, and that also provides vocational rehabilitation benefits, is a
14 "payroll practice" exempt from ERISA.

15 4. Whether plaintiff has requested relief that falls within the scope of ERISA's
16 enforcement provisions.

## III.   STATEMENT OF FACTS

### A.   Allegations Relating to Plaintiff's Complaint.

Plaintiff Yvonne Glover is a former employee of Pacific Bell Telephone Company, a company that was acquired by defendant in 1997 through the acquisition of its holding company, Pacific Telesis Group. She was hired by Pacific Bell Telephone Company on June 5, 1989. Her employment was terminated on May 31, 2005. (Complaint, ¶4.)

Plaintiff's Complaint arises from the denial of Short-Term Disability Benefits under an employee benefits plan known as the Pacific Telesis Group Comprehensive Disability Benefits Plan ("PTG-CDBP," "the Plan"). The Plan provided eligible employees short-term and long-term disability benefits under certain conditions. (See id., ¶¶7-9 and 17-23; Nako Decl., Exh. 1, ¶¶3.2, 4.1.2.) Plaintiff alleges that she applied for short-term disability benefits *from the Plan* on November 2, 2004, after she had stopped working because of various physical ailments, and that

2

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
Case No. 07-02652-CRB

1  she was wrongfully denied such benefits thereafter. (Complaint, ¶¶12, 14, 16-23.)

2  Based on the denial of her application for short-term disability benefits, plaintiff has purported to bring state common law and statutory claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition, and waiting time penalties under the Labor Code Section 203. (Id., ¶¶17, 30, 37, 42, 48.) She claims an entitlement to *both* long-term and short-term disability benefits under the Plan. (Id., p. 7:11-20.)

The only defendant named in plaintiff's Complaint is "SBC Communications, Inc." The true name of SBC Communications Inc. is "AT&T Inc."

### B. The Subject Plan and Treatment Thereof by Defendant.

With regard to the subject plan, defendant has acted in a manner that is consistent with its maintenance of an ERISA plan. The subject plan is part of a larger plan called the AT&T Umbrella Benefit Plan No. 1 (the "Umbrella Plan"). Other components of the Umbrella Plan include life insurance, medical, dental and vision benefits some of which are funded through trusts and insurance policies. (Declaration of Lindsay Nako in Support of Plaintiff's Motion To Remand ("Nako Decl."), Exh. 1, ¶¶13.1-13.8[2].)

### IV.  PROCEDURAL HISTORY

Plaintiff filed the subject action in Contra Costa Superior Court on April 4, 2007. She filed a First Amended Complaint on or about April 18, 2007 (the "Complaint").

On May 18, 2007, defendant removed the action to this Court based on federal question jurisdiction arising under ERISA.

On June 22, 2007, defendant filed a motion to dismiss based on the lack of personal jurisdiction.

---

[2] Defendant is prepared to present evidence regarding its compliance with obligations under ERISA as to the subject plan, but has not done so here because post-removal evidence may not be considered on a motion to remand. (See, Mattel, Inc. v. Bryant, 441 F.Supp. 2d 1081, 1092 (C.D. Cal. 2005).)

3

## V.     ARGUMENT

### A. Plaintiff's Complaint and Defendant's Notice of Removal Show Removal In This Action Was Proper.

In determining whether state law claims are preempted by federal law for purposes of removal of jurisdiction, a court will look to the factual allegations in the complaint and the information included in the notice of removal. (Mattel, Inc. v. Bryant, 441 F.Supp. 2d 1081, 1092 (C.D. Cal. 2005).) District courts may consider the petition of removal to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction. (Id., citing Chesler/Perlmutter Products, Inc. v. Fireworks Entertainment Inc., 177 F.Supp. 2d 1050, 1058 (C.D. Cal. 2001), and Schroeder v. Transworld Airlines, Inc., 702 F.2d 189, 191 (9th Cir. 1983).) *The court cannot consider post-removal evidence.* (Mattel, supra, at 1092.)

Jurisdiction based on federal question may not be evident from the language of the complaint alone and, therefore, the court may consider additional facts in the petition for removal. (Schroeder, supra at 191.) "Artful pleading by the plaintiff will not be allowed to conceal the true nature of the complaint." (Id.)

Here, plaintiff's Complaint alleges denial of disability benefits under her former employer's comprehensive disability plan and defendant's petition for removal states that plaintiff's claims arise under ERISA. Plaintiff's complaint allegations alone are sufficient to show that removal is proper under ERISA. However, even if, *arguendo*, her Complaint were not clear, when viewed in conjunction with defendant's removal petition, federal question jurisdiction is plainly evident.

Plaintiff's Complaint, along with defendant's petition for removal, show that removal was proper based on federal question jurisdiction under ERISA. Indeed, apparently conceding this fact, plaintiff has improperly asked the Court to go beyond the four corners of her Complaint by considering the purported subject plan submitted through her counsel's declaration.

The post-removal evidence submitted by plaintiff should not be considered by the Court in support of her motion to remand.

1  Plaintiff's Complaint and defendant's petition for removal establish that removal was
2  proper based on federal question. Plaintiff's motion to remand should be denied.

**B.    Plaintiff Acted Affirmatively by Submitting a Declaration with Evidence and Thereby Waived Her Right to Move for Remand.**

A party who engages in affirmative activity in federal court typically waives the right to seek a remand. (Koehnen v. Herald Fire Insurance Co., 89 F.3d 525, 528 (8th Cir. 1996).) For instance, if a non-moving party has taken action in federal court, such as amending the complaint, that party has essentially acquiesced in the federal court's jurisdiction. (In re Moore, 209 U.S. 490, 496 (1908), abrogated in part on other grounds, Ex Parte Harding, 219 U.S. 363 (1911). See, also, Fletcher v. Solomon, 2006 WL 3290399 *2 (N.D. Cal. 2006); Transport Indemnity Co. v. Financial Trust Co., 339 F.Supp. 405, 408 (C.D. Cal. 1972).)

In this case, plaintiff filed a declaration purporting to attach the subject plan and asks the Court to review the evidence together with the Complaint to support her argument that the case should be remanded to state court. In essence, the plaintiff has amended her Complaint by attempting to add additional allegations and material to support her claim that removal was improper. By doing so, plaintiff has acted affirmatively and consented to this Court's assumption of jurisdiction of this case.

Plaintiff's motion for remand should be denied.

**C.    Plaintiff's State Law Claims Arise Out of the Administration of an Employee Benefit Plan And Are Preempted By ERISA.**

Plaintiff's common law and statutory claims are based on her allegation that she was wrongfully denied disability benefits under her former employer's disability benefits plan. Such claims are preempted by ERISA, which provides its own regulatory procedures and requirements for enforcing employee benefits plans. (29 U.S.C. §§1132(a), (d)(1), 1144(a).) Consequently, plaintiff's remedies for the allegedly wrongful denial of disability benefits are limited to the relief afforded by ERISA.

5

### 1. The Provisions of ERISA Preempt All State Claims Relating To Employee Benefits Plans

ERISA, codified at 29 U.S.C. §1001 et seq., establishes a comprehensive scheme for regulating the administration of employee pension and welfare benefit plans. Among its various provisions, ERISA provides specific mechanisms for recovering benefits and for enforcing rights under employee benefit plans. (See 29 U.S.C. §1132.)

Consistent with the decision to create a comprehensive, uniform federal scheme, Congress drafted ERISA's preemption provisions in broad terms. (Aetna Health Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488 (2004); Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999).) To that end, Congress preempted "all State laws insofar as they may now or hereafter relate to any employee benefit plan." (29 U.S.C. §1144(a).) ERISA's expansive preemption provisions were "intended to ensure that employee benefit plan regulation would be '*exclusively* a federal concern.'" (Davila, supra, 542 U.S. at 208, citing Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523, 101 S.Ct. 1895 (1981) (emphasis added).)

In the leading case of Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the United States Supreme Court held that state law claims arising from a *denial of benefits* under an insured employee benefit plan were preempted by Section 514(a) of ERISA (29 U.S.C. §1144(a)). In reaching its decision, the Court reasoned:

> [T]he detailed provisions of §502(a) [of ERISA] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choice reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

(Pilot Life, supra, at 54.)

Because of the comprehensive breadth of ERISA preemption, state common law or statutory claims are barred if the particular claim "relates to" an employee welfare benefit plan, which includes the processing of claims for benefits under such a plan." (Id. at 45, 48.) In this context, the term "relates to" has thus been construed *broadly*, such that a state law may be deemed to "relate to" an employee benefit plan if it has "a connection with *or* reference to such a plan." (Id. at 47; Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890 (1983)

6

1  (emphasis added).) Thus, ERISA preempts all causes of action under state law that would have
2  otherwise "duplicate[d]," "supplement[ed]" or "supplant[ed]" the ERISA civil enforcement
3  remedy, since such alternative state remedies would conflict with the "clear congressional intent
4  to make the ERISA remedy exclusive." (Davila, supra, 542 U.S. at 209.)

5       Moreover, a claim that is based on a denial of benefits under an employee benefit plan is
6  completely preempted by ERISA. (Davila, supra, 542 U.S. at 213-14; Cleghorn v. Blue Shield of
7  California, 408 F.3d 1222, 1225, 1227 (9th Cir. 2005); Stone v. Travelers Corp., 58 F.3d 434,
8  437 (9th Cir. 1995).) In Davila, the plaintiffs brought state tort claims against the defendant
9  health maintenance organizations, based on duties purportedly created by a state statute, for
10 decisions denying coverage under an employee benefit plan. (Davila, supra, 542 U.S. at 204-06,
11 211.) The Court held that plaintiffs' claims were completely preempted, rejecting their argument
12 that the duties created by state statute brought their claims outside of the scope of ERISA:

> [I]nterpretation of the terms of respondents' benefit plans forms an essential part of their THCLA [state statute] claim, and THCLA liability would exist here *only because of petitioners' administration of ERISA-regulated benefit plans*. Petitioners' potential liability under the THCLA in these cases, then, derives entirely from the particular rights and obligations established by the benefit plans.
>
> * * *
>
> Hence, respondents bring suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA. We hold that respondents' state causes of action fall "within the scope of" ERISA §502(a)(1)(B)...and are therefore preempted by ERISA §502 and removable to federal district court.

20 (Id. at 213-14 (emphasis added).)

21      Similarly, in Cleghorn, supra, the Court held that ERISA preempted the plaintiff
22 employee's state law claims that an insurer had violated the Unfair Competition Law and a
23 provision of the California Health and Safety Code by denying his claim for reimbursement
24 under an employer health plan. (408 F.3d at 1223-24, 1226-27.) Citing Davila, the court in
25 Cleghorn reasoned that the "exclusive and comprehensive civil enforcement scheme" established
26 by Congress under ERISA preempted any state causes of action that were based on the "denial of
27 ERISA plan benefits." (Id. at 1227.)

28

7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
Case No. 07-02652-CRB

ERISA's preemption of all state claims "related to" an employee benefit plan thus includes state claims based on the denial of plan benefits.

### 2. Plaintiff's State Claims Are Preempted Because They Relate to an Employee Benefit Plan

In the instant case, all of the state law claims of plaintiff's Complaint (i.e., breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition, and waiting time penalties under Labor Code Section 201) are based on the allegedly wrongful denial of disability benefits to plaintiff under the PTG-CDBP, an employer benefits plan[3]. (See Complaint, ¶¶7, 17, 30, 37, 42, 48.) The denial of benefits under the PTG-CDBP "relates to" an employee benefit plan, because it directly pertains to the administration of such Plan and to the denial of benefits thereunder.

Moreover, like the claims that were held preempted by the United States Supreme Court in Pilot Life and in Davila and by the Ninth Circuit in Cleghorn, plaintiff's claims herein are based on the *denial of benefits* under an employee benefit plan. Plaintiff's purported right to relief under her state law claims is dependent upon and is derived directly from her rights under the Plan and therefore "relates to" the Plan itself. Plaintiff is in effect seeking alternative state remedies which are preempted by the exclusive remedies available to her under the comprehensive statutory scheme established under ERISA.

Plaintiff's claims therefore fall within the scope of the ERISA preemption under 29 U.S.C. §1144(a).

### D. The Subject Plan Is Not An Exempt "Payroll Practice," Because Benefits May Continue Beyond the Termination of Employment and Vocational Rehabilitation Benefits Are Not Exempted Under The Regulations.

Plaintiff nonetheless argues that the subject Plan is allegedly a "payroll practice" that is exempt from ERISA coverage under Department of Labor regulations. Central to plaintiff's assertion is the assumption that the benefits under the subject plan constitute "normal compensation" within the meaning of the regulation.

---

[3] An "employee welfare benefit plan" is defined under ERISA as including an employer plan to provide benefits in the event of a disability. (29 U.S.C. §1002(a).) An employee welfare benefit plan is included within the definition of an "employee benefit plan." (See 29 U.S.C. §1002(3).)

8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
Case No. 07-02652-CRB

Plaintiff's only "evidence" in support of her argument that the subject plan constitutes a "payroll practice" is a purported disability benefits plan attached to a declaration submitted by one of her attorneys, Lindsay Nako, in support of her (plaintiff's) motion to remand. As noted above, such exhibit is not properly before this Court, as plaintiff may not submit post-removal "evidence" in support of her motion to remand. (See Mattel, Inc. v. Bryant, 441 F.Supp. 2d 1081, 1092 (C.D. Cal. 2005).)

Moreover, plaintiff's attempted submission of an isolated "Plan" is misleading. Defendant's disability benefits plan is merely part of a much larger and comprehensive employee benefits plan of defendant that includes life insurance, medical, dental and vision benefits, some of which are funded through trusts and insurance policies.[4] A unified ERISA plan must be considered as a whole, and may not be carved out into individual components for purposes of treating an isolated component thereof as an alleged "payroll practice." (McMahon v. Digital Equip. Corp., 162 F.3d 28, 37 (1st Cir. 1998).)

Even if, *arguendo*, plaintiff were not precluded from proffering such document as post-removal evidence, the subject plan would not show that the benefits provided thereunder were exempted payroll practices. In support of her argument, plaintiff asserts that "short-term disability benefits...halt at the termination of employment." Her statement is inaccurate and misleading. It ignores the availability of continued short-term disability benefits after termination of employment under certain circumstances and the continuation of long-term disability benefits after employment under Section 3.2 of the subject plan.

The employee benefits under the subject plan, *unlike normal salary*, may continue beyond the termination of the employee's employment. In that regard, short-term disability benefits may extend beyond the term of employment under certain conditions. (See id. at ¶4.1.2 (participant may continue to receive short-term disability benefits beyond termination of employment if he resigns from employment in order to receive benefits under a severance pay plan or retires).)

---

[4] Defendant is prepared to present evidence of such a comprehensive plan, but has refrained from doing so only because post-removal evidence may not be considered on a motion to remand. (Mattel, Inc. v. Bryant, 441 F.Supp. 2d 1081, 1092 (C.D. Cal. 2005).)

9

Further, the subject plan provides in pertinent part:

> 3.2 <u>Continuation of Participation After Termination of Employment.</u> If a Participant ceases to be an employee at the time when fifty-two weeks of Short-Term Disability Benefits become exhausted, (whether by termination of employment with a Participating Company at that time or retirement from the service of a Participating Company at that time), then that Participant (<u>though no longer an Employee</u>) <u>shall continue to be a Participant so long as (a)(i) Long Term Disability is present</u>, and (ii) the period for which Long Term Disability Benefits are payable to the Participant has not expired; <u>or (b)(i) steps to complete a Vocational Rehabilitation Plan remain to be implemented</u>, and (ii) the maximum amount payable as Vocational Rehabilitation Benefits, with respect to the Participant, has not been exhausted.

(Nako Decl., Exh. 1, ¶3.2 (emphasis added).) Such provision has the effect of extending Long-Term Disability Benefits and Vocational Rehabilitation Benefits *beyond the employee's term of employment*.

In construing the "payroll practice" exception to ERISA, the United States Supreme Court stated in <u>Massachusetts v. Morash</u>, 490 U.S. 107, 115-17, 109 S.Ct. 1668 (1989), that employee benefits covered by ERISA were typically those that depended on "contingenc[ies] outside of the employee's control," such as sickness and disability. (<u>Id</u>. at 115-16.) It ruled that ordinary vacation pay benefits payable on a regular basis "d[id] not depend on contingencies outside of the employee's control," and were part of the employee's "regular basic compensation" that was not covered by ERISA." (<u>Id</u>. at 115-16, 120.)

In <u>Bassiri v. Xerox Corporation</u>, 463 F.3d 927 (9th Cir. 2006), a case cited by plaintiff that is central to her argument, the court held that a long-term disability plan which provided for 60% of an employee's salary and "lasted only as long as the recipient was a full-time permanent employee" of the defendant employer might qualify as a "payroll practice" exempted from ERISA. (<u>Id</u>. at 928, 934.) The court reasoned in part that the payment resembled "salary," and that "like salary, [the long-term]...benefits end[ed] upon termination." (<u>Id</u>. at 932.)

The court in <u>Bassiri</u> further acknowledged that payroll practices are generally considered to arise out of the employment itself, and do not continue once the employment is terminated. (<u>Id</u>. at 932.) Similarly, in <u>Scott v. Gulf Oil Corp.</u>, 754 F.2d 1499, 1503 (9th Cir. 1985) the Ninth Circuit, in holding that the payroll practice exception did not encompass severance pay, further stated:

10

> The practices described in the [payroll practice] regulations require disbursement of funds easily analogized to ordinary wages, and *the payments involved invariably take place during the term of employment.*

(Id. at 1503 (emphasis added).)

By contrast, in the instant case, the disability benefits payable under the purported subject plan do not resemble ordinary wages, as they do not automatically cease upon the termination of employment, and may continue after employment. (See Nako Decl., Exh. 1, ¶¶3.2, 4.1.2.) On this basis alone, such "Plan" is not a "payroll practice" exempt from enforcement under ERISA.

Moreover, the Vocational Rehabilitation Benefits payable included in the "Plan" are not even among the benefits listed as "payroll practices" in the subject regulation. Such fact precludes a finding that the Plan is an exempt payroll practice, as the regulation refers only to "payments of compensation," and to other unrelated activities such as providing holiday gifts and selling items to employees. (See 29 C.F.R. §2510.3-1(b).) Were it otherwise, plaintiff could pursue piecemeal litigation in a different forum on an isolated provision of the plan, based on the purported ground that such provision was exempt from ERISA. Such a result would be inconsistent with the comprehensive regulatory scheme contemplated under ERISA.

In addition to citing the Bassiri case, plaintiff cites Alaska Airlines v. Oregon Bureau of Labor, 122 F.3d 812, 814 (9th Cir. 1997), in support of her assertion that the subject plan is an exempt payroll practice. Like Bassiri, the Alaska case is also distinguishable. In Alaska, the court held that a plan which provided for sick leave pay during employment was a payroll practice that was not subject to ERISA. (Alaska, supra, 122 F.3d at 812-13.) In Alaska, sick leave pay was included in the same check as an employee's regular pay and the plan did not purport to provide sick pay beyond the term of employment. Alaska is inapplicable herein for the purported plan proffered by plaintiff provides for short term and long term disability benefits and vocational rehabilitation benefits that may extend beyond the term of an employees' employment.

Since the "Plan" here provides for the continuation of disability benefits after employment ends, and further provides for vocational rehabilitation benefits, it is not a "payroll practice" that is exempt from the enforcement provisions of ERISA.

11

### E. The Relief Sought By Plaintiff In This Action Falls Within the Scope of ERISA's Enforcement Provisions.

Finally, plaintiff argues that her claims do not fall within the scope of ERISA's civil enforcement provisions, because she did not specifically allege that defendant violated an ERISA provision or a "provision of a plan governed by ERISA." Such assertion lacks merit, for she purports to enforce an employee benefits plan *that is covered by ERISA*, and the relief sought by her is directly within the scope of ERISA's enforcement provisions under 29 U.S.C. Sections 1132(a)(1)(B) and 1132(a)(3).

An action based on state law claims may be properly removed from state to federal court, if it is shown that such claims "relate to" an ERISA plan and that they seek relief within the scope of ERISA's civil enforcement provisions under 29 U.S.C. Section 1132(a). (Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66, 107 S.Ct. 1542 (1987); Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998).) As discussed in Section V.C.2. above, plaintiff's claims arise from the administration of the subject disability benefits plan and the denial of benefits thereunder, and therefore "relate to" such a plan. (See Complaint, ¶¶7, 17, 30, 37, 42, 48. See also discussion in Section V.C.1., supra ("relate to" language in ERISA construed broadly).) The Plan is an "employee benefit plan" within the meaning of ERISA, for a plan that provides disability benefits is defined under ERISA as an "employee welfare benefits plan," and an "employee welfare benefits plan" is included within ERISA's definition of an "employee benefit plan." (See 29 U.S.C. §§1002(a), 1002(3).)

Further, plaintiff is seeking relief that is directly within the scope of ERISA's civil enforcement provisions. She is asserting a right to recover benefits under the Plan, to enforce purported rights under such Plan, and is attempting to obtain a determination as to her future benefits under the Plan. (See Complaint, p. 7:11-20.) Plaintiff is therefore seeking relief that is directly within the scope of 29 U.S.C. §1132(a)(1)(B).

Plaintiff is also seeking to enjoin defendant from allegedly engaging in conduct that violates the Plan. (See Complaint, p. 6:15-19.) Such request for injunctive relief falls within the scope of 29 U.S.C. §1132(a)(3).

12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND
Case No. 07-02652-CRB

Finally, plaintiff's argument that she is not a "participant" under the subject "Plan" is disingenuous. The stated purpose of the Plan is to provide short-term disability benefits, long-term disability benefits, and vocational rehabilitation benefits only to *participants* who meet certain criteria. (See Nako Decl., Exh. 1 at ¶1.1.) Either plaintiff is, in effect, conceding that she has no standing to bring suit under the Plan, or, having alleged an entitlement to benefits under the Plan, she should be precluded from denying her status as a participant thereunder.

Accordingly, plaintiff's Complaint falls within the scope of ERISA's civil enforcement provisions.

### VI.  CONCLUSION

For the reasons stated above, defendant respectfully requests that plaintiff's motion to remand be denied in its entirety.

DATED: June 29, 2007                                LAFAYETTE & KUMAGAI LLP


                                                    /s/ Forrest E. Fang
                                                    FORREST E. FANG
                                                    Attorneys for Defendant
                                                    SBC COMMUNICATIONS INC.
                                                    (AT&T INC.)


### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on June 29, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.


                                                    /s/ Forrest E. Fang
                                                    FORREST E. FANG


N:\Documents\ATT\Glov\Pldg\Pltfs Mo to Remand\Opp MPA - Mo to remand.doc