Teresa S. Renaker - CA State Bar No. 187800
Lindsay Nako - CA State Bar No. 239090
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
lnako@lewisfeinberg.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| YVONNE GLOVER, | ) | Case No. 07-02652 CRB |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MEMORANDUM OF** |
| | ) | **POINTS AND AUTHORITIES IN** |
| vs. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO DISMISS FOR LACK OF** |
| SBC COMMUNICATIONS, INC., | ) | **PERSONAL JURISDICTION** |
| | ) | |
| Defendant. | ) | Date:       July 27, 2007 |
| | ) | Time:       10:00 a.m. |
| | ) | Courtroom:  8 |
| _____ | ) | Judge:       Hon. Charles R. Breyer |

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ........................................................................ iv, v

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 1

I.    INTRODUCTION. .................................................................................... 1

II.   STATEMENT OF ISSUES TO BE DECIDED. .......................................... 2

III.  STATEMENT OF RELEVANT FACTS. ...................................................... 2

IV.   ARGUMENT. ......................................................................................... 4

      A.    SBC's Motion to Dismiss Presents a Question Inappropriate for this Court. ....... 4

      B.    Questions of Subject-Matter Jurisdiction Should Be Prioritized Over Questions
            of Personal Jurisdiction. ................................................................................. 5

      C.    SBC Possesses Sufficient Contact With the State of California to Warrant the
            Court's Exercise of Personal Jurisdiction. ......................................................... 8

            1.    Where a Subsidiary Acts as a "General Agent" of Its Parent, The Actions
                  of the Subsidiary Incur Jurisdiction Over the Parent Company ................. 8

            2.    Defendant Has Established "Substantial" or "Continuous and Systematic"
                  Contacts with the State of California Such that General Personal
                  Jurisdiction is Proper. ................................................................................ 9

            3.    Defendant Has Established Sufficient Minimum Contacts with the State
                  of California Such that Limited Personal Jurisdiction is Proper. ............. 11

      D.    As Personal Jurisdiction May Be Exercised Over Defendant, Dismissal of this
            Action is Improper. ......................................................................................... 13

V.    CONCLUSION. ..................................................................................... 14

1

# TABLE OF AUTHORITIES

2

**Federal Cases**                                                                                          **Page No.**

3

Alaska Airlines, Inc. v. Oregon Bureau of Labor, 122 F.3d 812 (9th Cir. 1997) ......................... 7

4

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082 (9th Cir. 2000) ....  iv, v, 9, 10, 11

5

Bassiri v. Xerox Corp., 463 F.3d 927 (9th Cir. 2006) .................. 7

6

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ............ 12

7

Chan v. Society Expeditions, Inc., 39 F.3d 1398 (9th Cir. 1994) ................. 8

8

Continental Ins. Co. v. Foss Maritime Co., 2002 WL 31414315 (N.D. Cal. Oct. 23, 2002) ........ 1

9

Cubbage v. Merchent, 744 F.2d 665 (9th Cir. 1984) ............................................... 12, 13

10

Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280 (9th Cir. 1977) ...........  iv, 9, 11, 13

11

Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2001) .................................................  iv, 8

12

Fisher v. Prof'l Compounding Ctrs. of Am., Inc., 318 F. Supp. 2d 1046 (D.Nev. 2004) .............. 9

13

Ford v. MCI Communications Corp. Health & Welfare Plan, 399 F.3d 1076
     (9th Cir. 2005) ...............................................................................  iv, 4

14

15

Gallagher v. Mazda Motor of Am., Inc., 781 F. Supp. 1079 (E.D. Pa. 1992) .......................... 8, 9

16

Gates Learjet Corp. v. Jensen, 743 F.2d 1325 (9th Cir. 1984) .................................... 10

17

Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392 (9th Cir. 1986) ........ 10

18

Mothershed v. Justices of the Supreme Court, 410 F.3d 602 (9th Cir. 2005) ........................  iv, 6

19

Re-Con Building Prods., Inc. v. Guardian Ins. Co. of Canada, 2000 WL 432830
     (N.D. Cal. Apr. 13, 2000) .................................................................... 6

20

Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002) ...................................  iv, 12

21

Ross v. Altria Group, Inc., 2004 WL 2055712 (N.D. Cal. Sep. 7, 2004) .....................  iv, 8, 9, 10

22

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999) ............................................  iv, 5, 6, 7

23

Stein v. Pacific Bell, 172 Fed. Appx. 192 (9th Cir. 2006) ......................................... 12

24

Toumajian v. Frailey, 135 F.3d 648 (9th Cir. 1998) ...................................... 7

25

Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163 (9th Cir. 2006) ....................................... 10

26

Williams v. Brown Family Communities, 2005 WL 1651049 (N.D. Cal. Jul. 12, 2005) ............. 6

27

28

1

**<u>Federal Statutes</u>**

2  29 U.S.C. § 1001 ................................................................................................................ 2

3  29 U.S.C. §§ 1002 .............................................................................................................. 7

4  29 U.S.C. § 1132(d)(2) ................................................................................................... 4, 5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SUMMARY OF ARGUMENT

2       On June 15, 2007, Plaintiff Yvonne Glover filed a Motion to Remand, requesting that the

3   Court review its subject-matter jurisdiction over her claim for short-term disability benefits.

4   While this motion is pending, Defendant SBC Communications Inc. ("SBC") has filed a Motion

5   to Dismiss, asserting that this Court does not have personal jurisdiction over SBC.  Ms. Glover

6   believes that this question should be determined after the Court's ruling on the Motion to

7   Remand, if at all, as she concedes that her employer is not a proper defendant in a claim for

8   benefits brought pursuant to an ERISA-governed plan.  *See Ford v. MCI Communications Corp.*

9   *Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005).  Pursuant to *Ford*, if the Court

10  finds that it has subject-matter jurisdiction because the subject benefits are governed by ERISA,

11  Ms. Glover will amend her Complaint to name the ERISA plan as the defendant and SBC's

12  motion will be moot.  On the other hand, if the Court lacks subject-matter jurisdiction, then

13  personal jurisdiction should be determined by the state court on remand.

14      In addition, the Supreme Court and the Ninth Circuit have held that subject-matter

15  jurisdiction should be determined before personal jurisdiction, unless the former requires

16  particularly "arduous inquiry."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578-88 (1999);

17  *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607 n. 4 (9th Cir. 2005).

18      However, if the Court reaches the question of personal jurisdiction, it is appropriately

19  exercised over SBC.  Under the theory of "general agency," the actions of SBC's subsidiaries

20  have created personal jurisdiction over SBC because they offer products and perform services

21  within California that SBC otherwise would have done itself.  *Doe v. Unocal Corp.*, 248 F.3d

22  915, 928 (9th Cir. 2001); *Ross v. Altria Group, Inc.*, 2004 WL 2055712 (N.D. Cal. Sep. 7, 2004).

23  General personal jurisdiction is also appropriate due to the company's and its subsidiaries'

24  substantial, continuous, and systematic contacts with California.  *Data Disc, Inc. v. Systems*

25  *Tech. Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).  In the alternative, limited personal

26  jurisdiction has been established by SBC's and its subsidiary's actions in California with regard

27  to Ms. Glover's employment and denial of short-term disability benefits.  *Rio Properties, Inc. v.*

28  *Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002); *Bancroft & Masters, Inc. v. Augusta*

1  *Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Yvonne Glover ("Plaintiff" or "Ms. Glover") submits the following memorandum in opposition to Defendant SBC Communications Inc.'s ("Defendant" or "SBC") Motion to Dismiss for Lack of Personal Jurisdiction.[1]

## I.  INTRODUCTION.

By filing a Motion to Remand on June 15, 2007, Yvonne Glover requested that the Court determine whether it has proper subject-matter jurisdiction over her claim for benefits.  In its Motion to Dismiss, Defendant asserts that this Court has no personal jurisdiction.  However, the Court must first consider the issue of subject-matter jurisdiction.  If this Court finds that it possesses subject-matter jurisdiction, Plaintiff would concede that SBC is not the proper defendant in a claim for benefits under ERISA, rendering Defendant's Motion to Dismiss moot. As described below, if the Court concludes that the Plan is an ERISA-governed[2] plan, then Ninth Circuit authority unequivocally states that the only proper defendants are the Plan itself and the plan administrator.  On the other hand, if the Court concludes that the Plan is not an ERISA-governed plan, then Ms. Glover's claim for benefits will be remanded to the California Superior Court, which will determine personal jurisdiction.  And, according to the Supreme Court and the Ninth Circuit, subject-matter jurisdiction should be determined before personal jurisdiction, where judicial economy does not demand otherwise.

Finally, should the Court reach the question, this Court's exercise of personal jurisdiction is proper due to SBC's and its subsidiary's activities within the State of California.

## II.  STATEMENT OF ISSUES TO BE DECIDED.

1.       Whether an evaluation of Defendant SBC Communications Inc.'s contacts with

---

[1] By opposing Defendant's Motion to Dismiss and entering evidence in support of her opposition, Plaintiff does not intend to seek affirmative relief from the Court such that her right to seek remand is waived. *See Continental Ins. Co. v. Foss Maritime Co.*, 2002 WL 31414315 *7-*8 (N.D. Cal. Oct. 23, 2002).

[2] The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §  1001 *et seq.*

1    the State of California is appropriate at this time, because either grant or denial of

2    the Motion to Remand will moot Defendant's motion.

3    2.    Whether a decision on Plaintiff's Motion to Remand should be reached before a

4          decision on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

5    3.    Whether Defendant SBC has established sufficient contacts with the State of

6          California to subject it to personal jurisdiction in California.

7    **III.  STATEMENT OF FACTS RELEVANT TO PERSONAL JURISDICTION.**

8        Defendant SBC alleges the true name of Defendant is "AT&T, Inc." and that Pacific Bell

9    Telephone Company, a subsidiary of AT&T Inc. and its predecessor, SBC Communications Inc.,

10   was the true employer of Plaintiff Yvonne Glover.  (Declaration of Thomas Koch In Support of

11   Defendant's Motion to Dismiss ("Koch Dec."), ¶¶ 1, 4.)

12       According to Defendant, "AT&T Inc. was incorporated in Delaware in 1983 under the

13   name Southwestern Bell Corporation.  In 1995, Southwestern Bell Corporation changed its name

14   to SBC Communications Inc.  On November 18, 2005, SBC Communications Inc. acquired

15   AT&T Corp.  AT&T Corp. thereby became a wholly-owned subsidiary of SBC Communications

16   Inc.  Shortly thereafter, SBC Communications Inc. changed its name to AT&T Inc."  (Koch Dec.

17   ¶ 2.)  In addition, in 1997, SBC subsidiaries merged with the Pacific Telesis Group.

18   (Declaration of Lindsay Nako in Opposition to Defendant's Motion to Dismiss ("Nako Dec."),

19   Exh. 1, p. 1.)

20       Ms. Glover was employed by SBC and its corporate predecessors from June 5, 1989,

21   until May 31, 2005.  (Complaint, ¶¶ 6, 24.)  Ms. Glover applied for short-term disability benefits

22   from the Pacific Telesis Group Comprehensive Disability Benefit Plan ("Plan") on November 2,

23   2004.  (*Id.* at ¶ 17.)  The SBC Medical Absence & Accommodations Resource Team

24   ("SMAART") denied her application by letter dated November 23, 2004.  (*Id.* at ¶ 19.)  Ms.

25   Glover appealed the denial, but her claim was ultimately denied on September 21, 2005.  (*Id.* at ¶

26   20, 23.)

27       A January 13, 2005, COBRA enrollment notice mailed to Ms. Glover by her employer

28   informed her of her right to continue her *SBC Communications Inc.* group health plans coverage.

(Nako Dec. at Exh. 2.)   The June 2, 2005, letter regarding the termination of Ms. Glover's employment was sent on SBC letterhead and stated that Ms. Glover was employed by "SBC West (Pacific Bell)." (*Id.* at Exh. 3.)  This letter was accompanied by a "Notice to Employee as to Change in Relationship," which also stated that her employer was "SBC West (Pacific Bell)." (*Id.* at Exh. 4.)  Ms. Glover's final paycheck was issued by Pacific Bell Telephone Company on a check containing only the SBC logo.  (*Id.* at Exh. 5.)  Her claim for short-term disability benefits was reviewed by the *SBC* Medical Absence & Accommodations Resource Team.  (*Id.* at Exh. 6.)

AT&T Inc.'s 2006 Form 10-K filed with the U.S. Securities and Exchange Commission states that it "maintain[s] an Internet website at www.att.com."  (Nako Dec. at Exh. 1, p. 1.) This website advertises AT&T's telecommunications services and allows customers to make purchases.  ("AT&T, Your World. Delivered." *at* www.att.com).  AT&T also advertises through multiple advertisements in local "Yellow Pages," as well as by owning the "Yellow Pages" book as part of its "directory operations."  (Nako Dec., Exh. 1, p. 6; Exh. 7.)

AT&T's 2006 Form 10-K also contains the following statements:

- "In November 2005, one of our subsidiaries merged with [AT&T Corp.], creating one of the world's largest telecommunications providers.  In connection with the merger, we changed the name of our company from 'SBC Communications Inc.' to 'AT&T Inc.'" (Nako Dec. at Exh. 1, p. 1.)

- "Our services and products are marketed under the AT&T brand name." (*Id.*)

- "We rank among the largest providers of telecommunications services in the United States and the world." (*Id.*)

- "The services and products that we offer vary by market and include: local exchange services, wireless communications, long-distance services, data/broadband and Internet services, telecommunications equipment, managed networking, wholesale services and directory advertising and publishing." (*Id.*)

- "We provide telecommunications services throughout the U.S. and internationally.  Our traditional wireline subsidiaries operate in thirteen states: Arkansas, California,

1   Connecticut, Illinois, Indiana, Kansas, Michigan, Missouri, Nevada, Ohio, Oklahoma,

2   Texas and Wisconsin." (*Id.*)

3       The 2006 Form 10-K also contains, as Exhibit 21, a list of "Principal Subsidiaries of

4   AT&T Inc., as of December 31, 2006." (Nako Dec., Exh. 8.)  The following principal

5   subsidiaries listed there are currently licensed to conduct business in California: Pacific Bell

6   Telephone Company; SBC Internet Services, Inc.; AT&T Teleholdings, Inc.; Southwestern Bell

7   Yellow Pages, Inc.; Sterling Commerce, Inc.; AT&T Corp.; and AT&T Communications of

8   California, Inc.  (Records of corporate status from the California Secretary of State website,

9   www.sos.ca.gov, are attached as Exhibits 1-7 of Plaintiff's Request for Judicial Notice, filed

10  herewith.)  In addition, Pacific Bell Telephone Company, SBC Internet Services, Inc., and

11  AT&T Communications of California, Inc. were incorporated or formed in California.  (Nako

12  Dec., Exh. 8.)

## IV.  ARGUMENT.

### A.    A Decision on Plaintiff's Motion to Remand Will Moot Defendant's Motion to Dismiss.

16      Defendant SBC's Motion to Dismiss for Lack of Personal Jurisdiction raises only the

17  issue of whether Defendant SBC (or AT&T, Inc., as alleged by Defendant) maintains sufficient

18  contacts with California, such that personal jurisdiction is proper.  This inquiry will be rendered

19  moot by the Court's decision on the Motion to Remand currently pending before this Court.

20  Regardless of the outcome of the Court's decision of Plaintiff's Motion to Remand, personal

21  jurisdiction over SBC is not a question relevant to this Court.

22      If the Court grants Plaintiff's Motion to Remand, the question of personal jurisdiction

23  over SBC and the identity of Plaintiff's employer during her period of active employment is a

24  question to be decided by the Superior Court, which will hear Plaintiff's claim for benefits.

25      Alternatively, if the Court denies Plaintiff's Motion to Remand, the only proper

26  defendant in a claim for benefits provided pursuant to the terms of an ERISA-governed plan is

27  the plan itself or the plan administrator.  ERISA § 502(d)(2), 29 U.S.C. § 1132(d)(2); *Ford v.*

28  *MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005).

1    Thus, if Plaintiff chooses to pursue an ERISA claim, that claim will be brought against the Plan.

2         In its Motion to Reschedule Hearings on Plaintiff's Motion to Remand and on

3    Defendant's Motion to Dismiss for Lack of Personal Jurisdiction to Same Date, SBC stated that

4    it had requested that Plaintiff stipulate to having both motions heard at the same time and that

5    Plaintiff declined to do so.  (Def's Motion to Reschedule Hearings on Plaintiff's Motion to

6    Remand and on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction to Same Date,

7    p. 3.)  Plaintiff declined to so stipulate because she proposed an alternate stipulation, which

8    allowed the Motion to Remand to proceed first, and included a provision that, if the Court denied

9    Plaintiff's Motion to Remand, Ms. Glover would dismiss SBC Communications, Inc. as a

10   defendant and amend the Complaint to name the proper party as the defendant on a benefits

11   claim under ERISA § 502(a)(1)(B).  (Nako Dec., ¶¶ 2, 3, Exh. 9.)  As neither the plan nor the

12   plan administrator appear to be SBC, Ms. Glover informed Defendant that, if her Motion to

13   Remand is denied, she has no intent to continue pursuing a claim against SBC Communications,

14   Inc., or any other alleged employer.  (*Id.* at ¶ 3, Exh. 9.)

15        Thus, the Court's decision on Plaintiff's Motion to Remand renders Defendant's Motion

16   to Dismiss moot in federal court, regardless of the outcome.  For this reason, Ms. Glover wished

17   to avoid consuming the parties' and the Court's resources briefing this issue, a proposal which

18   Defendant rejected.

19

20   **B.      Questions of Subject-Matter Jurisdiction Should Be Prioritized Over
             Questions of Personal Jurisdiction.**

21        When motions regarding both subject-matter and personal jurisdiction are pending before

22   a court, the Supreme Court has held that "[c]ustomarily, a federal court first resolves doubts

23   about its jurisdiction over the subject matter."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

24   578 (1999).  Although there are circumstances where priority may be given to questions

25   regarding personal jurisdiction, those circumstances are not present in the current action.

26        Personal jurisdiction is "an essential element of the jurisdiction of a district . . . court,"

27   but it should be considered before subject-matter jurisdiction only when "concerns of judicial

28   economy and restraint are overriding."  *Id.* at 584, 586 (citations omitted).  As an example of

such a situation, the Supreme Court described the following:

> Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.

*Id.* at 588.  The alleged defect in subject-matter jurisdiction currently pending before the Court is not difficult or novel, whereas the alleged defect in personal jurisdiction requires review of the complex inner workings of the relationships between corporations, as well as holding companies and subsidiaries.

In the Ninth Circuit's application of *Rhurgas AG,* when a party raises a question regarding subject-matter jurisdiction that is not difficult or novel, courts address the issue of subject-matter jurisdiction prior to any other jurisdictional issue.  Thus, in *Mothershed v. Justices of the Supreme Court*, the Ninth Circuit held, "Where 'subject-matter jurisdiction will involve no arduous inquiry,' . . . 'both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.'"  410 F.3d 602, 607 n. 4 (9th Cir. 2005) (quoting *Ruhrgas AG*, 526 U.S. at 587-88).

The Northern District of California has followed this precedent in its prioritization of jurisdictional matters.  *See Williams v. Brown Family Communities*, 2005 WL 1651049, *4 (N.D. Cal. Jul. 12, 2005) ("Normally, a court will examine subject matter jurisdiction before turning to personal jurisdiction due to 'both expedition and sensitivity to state courts' coequal stature.'") (quoting *Ruhrgas AG*, 526 U.S. at 587-88); *Re-Con Bldg. Prods., Inc. v. Guardian Ins. Co. of Canada*, 2000 WL 432830, *1 (N.D. Cal. Apr. 13, 2000) ("The Supreme Court recently noted that there is 'no unyielding jurisdictional hierarchy' in determining subject matter and personal jurisdiction.  The *Ruhrgas* Court also stated, however, that when subject-matter jurisdiction does not require an in-depth inquiry and personal jurisdiction raises more complex questions, as in the instant case, 'a district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand.'") (quoting *Ruhrgas AG*, 526 U.S. at 575, 576).

The issues of subject-matter and personal jurisdiction presently before the Court indicate

that the question of subject-matter jurisdiction should be dealt with first for two reasons: (1) the question of subject-matter jurisdiction requires a straightforward analysis and does not raise any difficult or novel questions of jurisdiction, such that federalism concerns should be subordinated to concerns of judicial economy; and (2) as discussed above, either outcome of the Court's decision on the question of subject-matter jurisdiction renders the question of personal jurisdiction moot before this Court.

As set forth in detail in Plaintiff's pending Motion to Remand, the issue of subject-matter jurisdiction before the Court requires only an analysis of whether the short-term disability benefit provided pursuant to the Pacific Telesis Group Comprehensive Disability Benefit Plan ("Plan") is a "payroll practice," such that the benefit is exempted from the definition of "employee benefit plan" set forth in ERISA §§ 3(1) and (3), 29 U.S.C. §§ 1002(1) and (3). If the Plan cannot be classified as an employee benefit plan under ERISA, with regard to Plaintiff's claim for short-term disability benefits, Plaintiff's claim does not "relate to" an ERISA-governed employee benefit plan nor can she bring claims under ERISA's civil enforcement provisions. Thus, her claim for benefits cannot be preempted by federal law. (Plaintiff's Motion to Remand, p. 1-2.)

This preemption analysis occurs in a framework set forth by the Ninth Circuit in previous cases, including *Bassiri v. Xerox Corp.*, 463 F.3d 927 (9th Cir. 2006), *Toumajian v. Frailey*, 135 F.3d 648 (9th Cir. 1998), and *Alaska Airlines, Inc. v. Oregon Bureau of Labor*, 122 F.3d 812 (9th Cir. 1997). The Court does not confront any unique or novel issues of preemption or subject matter jurisdiction in this analysis, unlike the complex questions of corporate organization which it will confront in a review of personal jurisdiction.

Thus, the federalism concerns highlighted by the Supreme Court in *Ruhrgas AG* should prevail and the question of subject-matter jurisdiction should be decided before the question of personal jurisdiction.

///

///

///

C.    **If the Court Reaches Personal Jurisdiction, SBC Possesses Sufficient Contact With the State of California to Warrant the Court's Exercise of Personal Jurisdiction.**

1.    **Where a Subsidiary Acts as a "General Agent" of Its Parent, The Actions of the Subsidiary Incur Jurisdiction Over the Parent Company.**

As described above, Pacific Bell Telephone Company ("Pacific Bell") is a subsidiary of SBC. But, as Pacific Bell's parent company, SBC paid Ms. Glover's wages, stated that it was her employer, and denied her short-term disability benefits. Now, SBC attempts to argue that Ms. Glover is not entitled to bring suit against it because it is just a holding company. In its Motion to Dismiss, SBC relies heavily on *Ross v. Altria Group, Inc.*, 2004 WL 2055712 (N.D. Cal. Sep. 7, 2004) for the premise that a holding company without "substantial, systematic and continuous contacts" in a state cannot be subject to jurisdiction there.

However, the *Ross* court continued and held that "[a] subsidiary's contacts with the forum state may establish jurisdiction over its non-resident parent if the subsidiary acts as the parent's alter ego or if the subsidiary is the parent's 'general agent' in the forum state." *Ross*, 2004 WL 2055712 at *5 (citations omitted). Under the theory of "general agency," a company does business in the forum state when a representative "performs services that are 'sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001) (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994)).[3] "Put another way, if a parent uses a subsidiary to do what it

---

[3] In *Gallagher v. Mazda Motor of Am., Inc.*, 781 F. Supp. 1079, 1085 (E.D. Pa. 1992), *cited by Doe*, 248 F.3d at 929, the court stated that imputing a subsidiary's jurisdictional contacts to a holding company is improper where "the subsidiary is not performing a function that the parent would otherwise have had to perform itself (the holding company could simply hold another type of subsidiary)." This exception to the application of the "general agency" theory does not apply here, where the identity of the holding company is synonymous with telecommunications services and, therefore, the holding company must hold subsidiaries which provide those services. Without subsidiaries which provide telecommunications services, SBC would have to provide those services on its own, as anticipated by the "general agency" theory. In order to continue generating revenue, SBC could not "simply hold another type of subsidiary."

1   otherwise would have done itself, it has purposely availed itself of the privilege of doing

2   business in the forum.  Jurisdiction over the parent is therefore proper." *Gallagher v. Mazda*

3   *Motor of Am., Inc.*, 781 F. Supp. 1079, 1085 (E.D. Pa. 1992).

4       As described above, Pacific Bell and many other subsidiaries of AT&T Inc. and its

5   predecessor, SBC Communications Inc., are licensed to conduct business in the State of

6   California.  These subsidiaries offer the telecommunications products and services which are

7   synonymous with the SBC and AT&T brands (Nako Dec., Exh. 1, p. 1.) – products and services

8   that SBC would offer itself, if its subsidiaries could not.

9       In his declaration, Mr. Koch stated that Pacific Bell employed Plaintiff Yvonne Glover.

10  (Koch Dec. ¶ 4.)  By employing Plaintiff, and presumably thousands of others, in the service of

11  the SBC/AT&T brand name, Pacific Bell and SBC's other subsidiaries conducting business in

12  the State of California have established an actual presence in this state such that personal

13  jurisdiction over SBC is appropriate.

14          **2.     Defendant Has Established "Substantial" or "Continuous and
                     Systematic" Contacts with the State of California Such that General
15                   Personal Jurisdiction Is Proper.**

16      Where a defendant has "substantial" or "continuous and systematic" contacts with a state,

17  a court of that state may exercise jurisdiction, even if the subject of the legal action is unrelated

18  to the defendant's actions in the state.  *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d

19  1280, 1287 (9th Cir. 1977).  SBC has maintained continuous and systematic contacts with the

20  State of California through its actions and the actions of its subsidiaries on its behalf, such that

21  the exercise of jurisdiction by this Court complies with due process requirements.

22      In determining whether a defendant has "substantial" or "continuous and systematic"

23  contacts with a state, "[f]actors to be taken into consideration are whether the defendant makes

24  sales, solicits or engages in business in the state, serves that state's markets, designates an agent

25  for service of process, holds a license, or is incorporated there."  *Bancroft & Masters, Inc. v.*

26  *Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *see also Fisher v. Prof'l Compounding*

27  *Ctrs. of Am., Inc.*, 318 F. Supp. 2d 1046, 1040 (D.Nev. 2004).

28      A party which manufactures, sells, or promotes products or services in California has

established the contacts required for general jurisdiction. *See Ross*, 2004 WL 2055712 at *4.

Maintaining a website through which a party advertises products, solicits customers, and

engages in sales creates substantial, continuous, and systematic contact with the forum state. *See*

*Bancroft & Masters, Inc.*, 223 F.3d at 1086 (finding no general jurisdiction where, among other

factors, defendant's website was "'passive,' i.e., consumers cannot use it to make purchases");

*Ross*, 2004 WL 2055712 at *4 (a website creates sufficient contacts when it advertises products

or services and allows customers to make purchases).

Although Defendant claims that AT&T Inc. "does not conduct any business at all, much

less conduct any business operations in California" (Defendant's Motion to Dismiss for Lack of

Personal Jurisdiction, p. 5), many AT&T subsidiaries are licensed to conduct business in the

telecommunications industry on behalf of AT&T within California, including Pacific Bell

Telephone Company; SBC Internet Services, Inc.; AT&T Teleholdings, Inc.; Southwestern Bell

Yellow Pages, Inc.; Sterling Commerce, Inc.; AT&T Corp.; and AT&T Communications of

California, Inc. [4]  (Plaintiff's Request for Judicial Notice, Exhs. 1-7.)  AT&T maintains an active

website that advertises its telecommunications services and allows customers to make purchases.

"AT&T, Your World. Delivered." *at* www.att.com.  AT&T also places multiple advertisements

in local "Yellow Pages," as well as placing its logo on the cover of the book itself.  (Nako Dec.,

Exh. 7.)

SBC purposefully entered the telecommunications marketplace in California and

established a significant presence.  SBC, through its activities and the activities of its

---

[4] Defendant may argue that these companies are separate and apart from "AT&T Inc." such that their activities should not be considered for purposes of personal jurisdiction. However, the Ninth Circuit has stated on multiple occasions that courts look to the "economic reality" of Defendant's contacts with the state. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1173 (9th Cir. 2006); *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397, 1398 (9th Cir. 1986) (where the court was "presented with a defendant who has made a tremendous effort to construct a transaction in such a way as to avoid the appearance of contacts with California," it determined that "[t]he substance, not form, of the defendant's activities are dispositive"); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). The economic reality here is that AT&T, SBC, Pacific Bell, and other AT&T subsidiaries engage in significant commercial activity in the state of California, regardless of whether "AT&T Inc." is entitled to report that it does not do so.

1   subsidiaries, has established substantial, continuous, and systematic contacts within the State of

2   California, such that personal jurisdiction is proper.

3

                    **3.     Defendant Has Established Sufficient Minimum Contacts with the**
4                   **State of California Such that Limited Personal Jurisdiction is Proper.**

5       In the alternative, should the Court find that SBC's contacts within the State of California

6   are not sufficient to establish general personal jurisdiction, a defendant's activities, which are not

7   so substantial as to warrant general jurisdiction, may still provide grounds for the exercise of

8   limited jurisdiction.  "[T]he issue whether jurisdiction will lie turns on an evaluation of the

9   nature and quality of defendant's contacts in relation to the cause of action."  *Data Disc, Inc.*,

10  557 F.2d at 1287.

11          This "specific" jurisdiction exists if (1) the defendant has performed some act or
            consummated some transaction within the forum or otherwise purposefully
12          availed himself of the privileges of conducting activities in the forum, (2) the
            claim arises out of or results from the defendant's forum-related activities, and (3)
13          the exercise of jurisdiction is reasonable.

14  *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

15      The first requirement, purposeful availment, "is satisfied when the defendant is alleged to

16  have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a

17  resident of the forum state."  *Id.* at 1087.  Here Defendant and/or its subsidiary, Pacific Bell,

18  wrongfully denied Ms. Glover short-term disability benefits in violation of the terms of the Plan.

19      During her period of active employment, Ms. Glover understandably believed that her

20  employer was SBC.  The January 13, 2005, COBRA enrollment notice mailed to Ms. Glover by

21  her employer informed her of her right to continue her SBC Communications Inc. group health

22  plans coverage.  (Nako Dec., Exh. 2.)  Communications from her employer on SBC letterhead

23  stated that Ms. Glover was employed by "SBC West (Pacific Bell)."  (*Id.*, Exh. 3.)  Ms. Glover's

24  paychecks were issued by Pacific Bell on checks containing only the SBC logo.  (*Id.*, Exh. 5.)

25  Her claim for short-term disability benefits was reviewed by the SBC Medical Absence &

26  Accommodations Resource Team ("SMAART").  (*Id.*, Exh. 6.)

27      SBC purposefully engaged in activity in California which led Ms. Glover to believe that

28  it was her employer and that, as her employer, it would provide her with short-term disability

1   benefits.  If, as SBC alleges, it did not employ Ms. Glover, then its subsidiary, Pacific Bell,

2   performed each of these actions in the course of acting as SBC's general agent, and jurisdiction

3   may be imputed to SBC, for the reasons set forth above.

4       The "purposeful availment" requirement is also intended to provide "fair warning" that a

5   party's activities in the forum state may subject it to jurisdiction.  *Burger King Corp. v.*

6   *Rudzewicz*, 471 U.S. 462, 472 (1985).  As a defendant in at least one recent action in California,

7   SBC has received such "fair warning."  *See Stein v. Pacific Bell*, 172 Fed. Appx. 192, 193 n.1

8   (9th Cir. 2006) (attached to Plaintiff's Request for Judicial Notice, Exh. 8).

9       The second requirement, the "nexus" between Defendant's forum-related activities and

10  Ms. Glover's claim for breach of contract, arises from SBC's and/or its subsidiary's failure to

11  provide Ms. Glover with short-term disability benefits pursuant to the terms of the Plan.  Ms.

12  Glover's employment in California gave rise to her eligibility to participate in the Plan and led to

13  her application for benefits, which she alleges was denied in violation of the terms of the Plan.

14      The third and final requirement, "reasonableness," is evaluated based on the following

15  seven factors:

16
17          (1) the extent of the defendant's purposeful interjection; (2) the burden on the
            defendant in defending in the forum; (3) the extent of conflict with the
18          sovereignty of the defendant's state; (4) the forum state's interest in adjudicating
            the dispute; (5) the most efficient judicial resolution of the controversy; (6) the
19          importance of the forum to the plaintiff's interest in convenient and effective
            relief; and (7) the existence of an alternative forum.

20  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002) (citation omitted).

21  "As no single factor is dispositive, a court must balance all seven."  *Id.* (citation omitted).

22      First, as described above, SBC and/or its subsidiaries have purposefully interjected

23  themselves in the economy of the State of California by attaining licenses to conduct business in

24  the state, advertising and selling telecommunications services, employing individuals to deliver

25  those services to consumers, and providing benefits to these employees.  Second, SBC will not

26  be burdened by defending itself in this forum any more than in an alternative forum.  As it has

27  previously defended itself in actions in this forum, it is familiar with California law.  *See*

28  *Cubbage v. Merchent*, 744 F.2d 665, 670 (9th Cir. 1984).  Third, no other state has expressed a

substantially stronger sovereignty interest in this case. *See id.* at 671. Fourth, California has a

significant interest in protecting its citizens in breach of contract claims, particularly those that

arise from employment within the state. Fifth, the most efficient judicial resolution of the

controversy will occur in California – the location of Ms. Glover's employment, of the formation

of the contract, of Ms. Glover's request for benefits, and of SBC's denial of benefits. This factor

has been given significant consideration in claims arising from breach of contract. *Data Disc,*

*Inc.*, 557 F.2d at 1288 (collecting authorities); *see also Cubbage*, 744 F.2d at 671-72 ("The court

sitting in the place the injury occurred is ordinarily the most efficient forum, where that court is

most competent at interpreting the applicable law.") (citation omitted). Sixth, continuing this

litigation in California is most convenient for Ms. Glover because she is a California resident,

California courts are most accessible to her, and California has an interest in protecting its

citizens. *See Cubbage*, 744 F.2d at 672. Finally, SBC does not dispute this Court as the

appropriate forum for this action, should the Court find personal jurisdiction.

    On balance, the exercise of jurisdiction over Defendant SBC is reasonable. Therefore, as

all elements of the specific jurisdiction have been met, Plaintiff respectfully requests that this

court exercise personal jurisdiction over Defendant SBC.

**D.    As Personal Jurisdiction May Be Exercised Over Defendant, Dismissal of this Action is Improper.**

    If the Court determines that it may properly exercise personal jurisdiction over Defendant

SBC, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

///

///

///

///

///

///

///

///

**V.  CONCLUSION.**

For the reasons set forth herein, Ms. Glover respectfully requests that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be denied.

Dated: July 6, 2007                                        Respectfully Submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By:     _____/s/_____
Lindsay Nako
*Attorneys for Plaintiff*