Teresa S. Renaker - CA State Bar No. 187800
Lindsay Nako - CA State Bar No. 239090
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
lnako@lewisfeinberg.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YVONNE GLOVER, | Case No. 07-02652 CRB |
| Plaintiff, | |
| vs. | **REQUEST FOR JUDICIAL NOTICE** |
| SBC COMMUNICATIONS, INC., | Date:       July 27, 2007 |
| Defendant. | Time:       10:00 a.m. |
| | Courtroom:  8 |
| | Judge:      Hon. Charles R. Breyer |

Plaintiff, by and through her attorney, hereby requests the Court take judicial notice

pursuant to Federal Rule of Evidence 201 of the following facts, which are not subject to

reasonable dispute in that they are capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned:

1.       Pacific Bell Telephone Company is licensed to conduct business in the State of

California. A copy of the report of its corporate status as of June 29, 2007, available on the

California Secretary of State website, is attached hereto as Exhibit 1.

2.       AT&T Communications of California, Inc., is licensed to conduct business in the

State of California. A copy of the report of its corporate status as of June 29, 2007, available on

the California Secretary of State website, is attached hereto as Exhibit 2.

3.       AT&T Corp. is licensed to conduct business in the State of California. A copy of

the report of its corporate status as of June 29, 2007, available on the California Secretary of

1  State website, is attached hereto as Exhibit 3.

2      4.      AT&T Teleholdings, Inc., is licensed to conduct business in the State of

3  California.  A copy of the report of its corporate status as of June 29, 2007, available on the

4  California Secretary of State website, is attached hereto as Exhibit 4.

5      5.      SBC Internet Services, Inc., is licensed to conduct business in the State of

6  California.  A copy of the report of its corporate status as of June 29, 2007, available on the

7  California Secretary of State website, is attached hereto as Exhibit 5.

8      6.      Southwestern Bell Yellow Pages, Inc. is licensed to conduct business in the State

9  of California.  A copy of the report of its corporate status as of June 29, 2007, available on the

10  California Secretary of State website, is attached hereto as Exhibit 6.

11      7.      Sterling Commerce, Inc. is licensed to conduct business in the State of California.

12  A copy of the report of its corporate status as of June 29, 2007, available on the California

13  Secretary of State website, is attached hereto as Exhibit 7.

14      8.      Defendant SBC Communications Inc. was a party to the action *Stein v. Pacific*

15  *Bell*, No. 04-16043.  A copy of the Ninth Circuit decision which lists SBC as a defendant is

16  attached hereto as Exhibit 8.  *Stein v. Pacific Bell*, 172 Fed. Appx. 192, 193 n. 1 (2006).

17

18  Dated:       July 6, 2007

19                                                    Lindsay Nako
                                                      *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| PACIFIC BELL TELEPHONE COMPANY | | |
| **Number:** C0001234 | **Date Filed:** 12/31/1906 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 525 MARKET STREET | | |
| SAN FRANCISCO, CA 94105 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 2

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| AT&T COMMUNICATIONS OF CALIFORNIA, INC. | | |
| **Number:** C1226894 | **Date Filed:** 9/20/1983 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| ONE AT&T WAY | | |
| BEDMINSTER, NJ 07921 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 3

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| AT&T CORP. | | |
| **Number:** C0246360 | **Date Filed:** 6/26/1950 | **Status:** active |
| **Jurisdiction:** NEW YORK | | |
| **Address** | | |
| ONE AT&T WAY | | |
| BEDMINSTER, NJ 07921 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 4

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| AT&T TELEHOLDINGS, INC. | | |
| **Number:** C2862864 | **Date Filed:** 4/3/2006 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 225 W. RANDOLPH STREET | | |
| CHICAGO, IL 60606 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 5

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |
|---|
| SBC INTERNET SERVICES, INC. |

| **Number:** C1933371 | **Date Filed:** 4/25/1995 | **Status:** active |
|---|---|---|

| **Jurisdiction:** California |
|---|

| Address |
|---|
| 2623 CAMINO RAMUN |
| SAN RAMON, CA 94583 |

| Agent for Service of Process |
|---|
| C T CORPORATION SYSTEM |
| 818 WEST SEVENTH ST |
| LOS ANGELES, CA 90017 |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 6

# California Business Portal

Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| SOUTHWESTERN BELL YELLOW PAGES, INC. | | |
| **Number:** C2323241 | **Date Filed:** 12/14/2000 | **Status:** active |
| **Jurisdiction:** MISSOURI | | |
| **Address** | | |
| ONE AT&T CENER RM 3600 | | |
| ST LOUIS, MO 63101 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 7

# California Business Portal

### Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of JUN 29, 2007 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| STERLING COMMERCE, INC. | | |
| **Number:** C1993938 | **Date Filed:** 11/15/1996 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 4600 LAKEHURST COURT | | |
| DUBLIN, OH 43016 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 8



172 Fed.Appx. 192                                                                                        Page 1
172 Fed.Appx. 192, 2006 WL 751812 (C.A.9 (Cal.)), 2006-1 Trade Cases P 75,287
(Cite as: 172 Fed.Appx. 192)

**H**
Stein v. Pacific Bell
C.A.9 (Cal.),2006.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
Albert O. STEIN, Plaintiff-Appellant,
v.
PACIFIC BELL; et al., Defendants-Appellees.
No. 04-16043.

Argued and Submitted Feb. 14, 2006.
Decided March 22, 2006.

**Background:** Consumer brought putative class action against incumbent local exchange carriers (ILECs), alleging that ILECs engaged in anticompetitive conduct related to provision of digital subscriber line (DSL) services in violation of state and federal law. ILECs moved to dismiss for failure to state claim upon which relief could be granted. The United States District Court for the Northern District of California, Susan Yvonne Illston, J., 173 F.Supp.2d 975, granted motion with leave to amend. Consumer appealed.

**Holdings:** The Court of Appeals held that:

(1) consumer could not state claim under the judicially-created essential facilities doctrine against ILECs, in light of fact that ILECs had similar statutorily-imposed obligation under Telecommunications Act of 1996 (TCA), and

(2) consumer had private right of action to sue ILECs for violation of TCA.

Affirmed in part, vacated in part, and remanded.
West Headnotes
**[1] Antitrust and Trade Regulation 29T ⬤ 660**

29T Antitrust and Trade Regulation
   29TVII Monopolization
      29TVII(D) Illegal Restraints or Other Miscon-

duct
         29Tk657 Refusals to Deal
            29Tk660 k. Essential Facilities. Most Cited Cases
Consumer could not state claim under the judicially-created essential facilities doctrine, which imposes antitrust liability for denying reasonable access to product that competitor must have, against incumbent local exchange carriers (ILECs), in light of fact that ILECs had similar statutorily-imposed obligations under Telecommunications Act of 1996 to provide its competitors with access to its loop qualification information. 47 U.S.C.A. § 151 et seq.

**[2] Action 13 ⬤ 3**

13 Action
   13I Grounds and Conditions Precedent
      13k3 k. Statutory Rights of Action. Most Cited Cases
Consumer had private right of action to sue incumbent local exchange carriers (ILECs) for violation of Telecommunications Act (TCA), which expressly creates carrier liability for person injured by any violation of the TCA, and permits any person claiming to be injured by the violation to bring suit in district court. 47 U.S.C.A. §§ 206, 207.

Robert C. Schubert, Juden Justice Reed, Willem F. Jonckheer, Schubert & Reed, LLP, San Francisco, CA, Shannon P. Keniry, Burton H. Finkelstein, Esq., Douglas G. Thompson, Finkelstein, Thompson & Loughran, Roy A. Katriel, The Katriel Law Firm, PLLC, Washington, DC, for Plaintiff-Appellant.
Christopher R. Ball, Esq., Pillsbury Winthrop Shaw Pittman LLP, Craig E. Stewart, Esq., Jones Day, San Francisco, CA, for Defendants-Appellees.

Appeal from the United States District Court for the Northern District of California, Susan Yvonne Illston, District Judge, Presiding. D.C. No. CV-00-02915-SI.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM [FN*]

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

172 Fed.Appx. 192                                                                                                          Page 2
172 Fed.Appx. 192, 2006 WL 751812 (C.A.9 (Cal.)), 2006-1 Trade Cases P 75,287
(Cite as: 172 Fed.Appx. 192)

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

**\*1 [1]** Albert O. Stein ("Stein") appeals the district court's judgment in favor of Pacific Bell.^FN1 Stein brought suit against Pacific Bell, an incumbent local exchange carrier ("ILEC"), on behalf of himself and all California subscribers to Pacific Bell's Digital Subscriber Line ("DSL") services between May 20, 2000 and September 30, 2001, alleging violations of the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 151 et seq., and § 2 of the Sherman Act, 15 U.S.C. § 2.

> FN1. Stein brought suit against Pacific Bell Telephone Company ("Pacific Bell"), SBC Communications Inc. ("SBC"), SBC Telecommunications, Inc., SBC Technology Resources, Inc. and SBC Advanced Solutions, Inc. We refer to these parties collectively as "Pacific Bell."

The district court dismissed the TCA claims on the ground that Stein lacked a private right of action and granted Pacific Bell's motion for summary judgment on the Sherman Act claims on the ground that the claims were foreclosed by the Supreme Court's recent decision in _Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP, 540 U.S. 398, 124 S.Ct. 872, 157 L.Ed.2d 823 (2004)._ We agree that _Trinko_ forecloses the Sherman Act claims and therefore affirm the district court's decision with respect to those claims. We disagree that Stein lacked a private right of action under the TCA. The question remains, however, whether Stein properly alleged violations of a specific provision of the TCA so as to allow him to exercise his private right of action. Therefore, we vacate the district court's order granting Pacific Bell summary judgment on the TCA claims and remand for consideration of this question.

We review de novo a district court's grant of a motion to dismiss pursuant to **\*194** Rule 12(b)(6) of the Federal Rules of Civil Procedure. _Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d 1154, 1156 (9th Cir.2005)._ We also review de novo a district court's grant of a motion for summary judgment. _Buono v. Norton, 371 F.3d 543, 545 (9th Cir.2004)._

### The Sherman Act Claims

Stein's two Sherman Act claims based on Pacific Bell's alleged refusal to deal with its competitors are foreclosed by _Trinko._ In _Trinko_ the Supreme Court examined a refusal to deal claim in a context similar to the one at hand. The Court rejected Trinko's claim because it was distinguishable from _Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985)._ Stein's refusal to deal claims are also distinguishable from _Aspen Skiing,_ which is "at or near the outer boundary of § 2 liability." _Trinko, 540 U.S. at 409, 124 S.Ct. 872._

Unlike the circumstances in _Aspen Skiing,_ the course of dealing between Pacific Bell and its competitors occurred within a congressionally-imposed regulatory scheme, and therefore "does not fit comfortably in the _Aspen Skiing_ mold" of voluntariness. _MetroNet Servs. Corp. v. Qwest Corp., 383 F.3d 1124, 1132 (9th Cir.2004)._ Pacific Bell's cooperation with competing local exchange carriers ("CLEC") was not "presumably profitable," but rather was the product of the TCA and the FCC's regulatory authority. Moreover, unlike the defendant in _Aspen Skiing,_ the product that Pacific Bell allegedly withheld was not available to the public at retail. Rather, its loop qualification information was only of use to CLECs, existing "only deep within the bowels of [Pacific Bell]." _Trinko, 540 U.S. at 410, 124 S.Ct. 872._

**\*2** Stein also alleged Sherman Act violations based on the essential facility and monopoly leveraging doctrines. "[E]ssential facility claims should ... be denied where a state or federal agency has effective power to compel sharing and to regulate its scope and terms.... The 1996 Act's extensive provision for access makes it unnecessary to impose a judicial doctrine of forced access." _Trinko, 540 U.S. at 411, 124 S.Ct. 872_ (internal quotations marks and citations omitted). Pacific Bell had a statutorily-imposed obligation to provide its competitors with access to its loop qualification information. Therefore, Stein could not state a claim under the essential facilities doctrine. "[L]everaging presupposes anticompetitive

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

conduct." *Trinko,* 540 U.S. at 415, 124 S.Ct. 872 n. 4. Given that Stein's other anticompetitive claims have been rejected, there is nothing upon which to base this claim.

In sum, we conclude that the district court properly granted summary judgment in favor of Pacific Bell on Stein's Sherman Act claims.

### *The TCA Claims*

[2] Section 206 of the TCA, 47 U.S.C. § 206, expressly creates carrier liability to the person injured by *any violation* of the TCA and Section 207, 47 U.S.C. § 207, expressly permits *any person* claiming to be injured by the violation to bring suit in district court. Taken together, these provisions create a private right of action, thereby enabling Stein to sue for a violation of the TCA. *See Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.,* 423 F.3d 1056, 1063 (9th Cir.2005), *cert. granted in part,* --- U.S. ----, 126 S.Ct. 1329, 164 L.Ed.2d 46 (2006) [FN2] ("[A]ny person who suffers damages*195 as a result of a common carrier's violation of a provision[ ] of this chapter ... may seek recovery of those damages in federal court under 47 U.S.C. §§ 206 and 207."") (internal quotation marks omitted); *Brown v. MCI WorldCom Network Servs., Inc.,* 277 F.3d 1166, 1170 (9th Cir.2002) ("Customers alleging that a carrier has violated a filed tariff (or otherwise violated the [TCA] ) may choose to bring their complaints to the FCC *or* to 'any district court of the United States of competent jurisdiction.' " (citation omitted) (emphasis in original)).

> FN2. The Supreme Court recently granted certiorari on the limited issue of whether 47 U.S.C. § 201(b) of the Communications Act of 1934 creates a private right of action for a provider of payphone services to sue a long distance carrier for alleged violations of the FCC's regulations concerning compensation for coinless payphone calls. Here, Stein's claims do not involve § 201(b) or FCC regulations.

Our inquiry, however, does not stop here. Although

Stein has a private right of action to bring suit for a TCA violation, it is unclear whether Stein properly alleged such a violation. *See Metrophones,* 423 F.3d at 1063-64 ("... a claim under §§ 206 and 207 requires violation of a statute...."). Stein's complaint did not specify which section of the TCA Pacific Bell allegedly violated. The district court inferred, based on Stein's complaint, that Stein asserted violations of 47 U.S.C. § 251.[FN3] Section 251 establishes the general duty of telecommunication carriers to interconnect with one another and details further obligations of ILECs, which include negotiating in good faith and entering into interconnection agreements with CLECs to make available interconnection, services, or network elements to the CLECs that request access in a "just, reasonable, and nondiscriminatory" manner. 47 U.S.C. § 251(c)(1)-(3).

> FN3. Both parties agree that, at the very least, Stein sought to allege violations of § 251.

**3 The TCA establishes an interconnection agreement as the mechanism through which local exchange carriers can satisfy their obligations under § 251. *See* 47 U.S.C. § 251(c)(1) ("The duty to negotiate in good faith ... the particular terms and conditions of *agreements to fulfill the duties* described in paragraphs (1) through (5) of subsection (b) of this section and this subsection." (emphasis added)). Stein's claims are premised on the existence of these interconnection agreements between Pacific Bell and other local exchange carriers. Therefore, the question remains whether Stein has alleged, or can allege, violations of § 251 itself or rather of the interconnection agreements that Pacific Bell entered into with its competitors in an effort to satisfy its § 251 obligations. On remand, the district court should determine in the first instance whether Stein has alleged, or can allege, violations of § 251. The district court should also determine in the first instance whether alleged violations of interconnection agreements are sufficient to allow Stein to avail himself of §§ 206 and 207. *See Law Offices Of Curtis V. Trinko, LLP v. Bell Atlantic Corp.,* 305 F.3d 89 (2d Cir.2002), *rev'd and remanded on other grounds by Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP,* 540 U.S. 398, 124 S.Ct. 872, 157 L.Ed.2d 823 (2004).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

172 Fed.Appx. 192

172 Fed.Appx. 192, 2006 WL 751812 (C.A.9 (Cal.)), 2006-1 Trade Cases P 75,287
**(Cite as: 172 Fed.Appx. 192)**

Therefore, we vacate the district court's dismissal of Stein's TCA claim and remand to the district court to address the above questions in light of the private right of action created by §§ 206 and 207 to remedy a violation of the TCA.

AFFIRMED in part; VACATED in part, and RE-MANDED.

C.A.9 (Cal.),2006.
Stein v. Pacific Bell
172 Fed.Appx. 192, 2006 WL 751812 (C.A.9 (Cal.)), 2006-1 Trade Cases P 75,287

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.