LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
SBC COMMUNICATIONS INC.
(AT&T INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>    Plaintiff,<br><br>vs.<br><br>SBC COMMUNICATIONS INC.,<br><br>    Defendants. | Case No.  C07-02652 CRB<br><br>**DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Fed. R. Civ. P. 12(b)(2)]<br><br>Date:       July 27, 2007<br>Time:      10:00 a.m.<br>Courtroom: 8<br>Judge:     Hon. Charles R. Breyer |

## I. INTRODUCTION

Plaintiff has failed to show that the Court has personal jurisdiction over defendant holding company AT&T Inc. The only undisputed evidence in the record before the Court is the evidence presented by defendant that AT&T Inc. is a holding company with no employees, it does not conduct any business in California, has never been registered to do business in California, has no offices in California, and provides no products or services in California. Further, defendant's subsidiaries are separate legal entities, each maintaining a separate business identity and structure. In light of these facts, plaintiff is unable to meet her burden to show minimum contacts by AT&T Inc.

Plaintiff's assertion of the existence of a website maintained by AT&T Inc., evidence of advertising for defendant's subsidiaries in the local Yellow Pages, and reference to activities by defendant's subsidiaries in an SEC filing simply fails to meet the "very high" burden of establishing "substantial, continuous and systematic" contacts by AT&T Inc. with California through purported "agents." (Amini Innovation Corporation v. JS Imports Inc., --- F.Supp.2d ---, 2007 1597942, *7 (C.D.Cal. 2007); Consolidated Development Corporation v. Sherritt, Inc., 216 F.3d 1286, 1292-93 (11th Cir. 2000).) Under the law, the presence of defendant's subsidiaries in California does not establish the required minimum contacts with California to establish personal jurisdiction over AT&T Inc. by the Court.

Further, plaintiff fails to show "purposeful availment" *by AT&T Inc*. In that regard, the purported acts by her former employer Pacific Bell Telephone Company and a third party administrator of the subject disability plan fail to establish conduct by AT&T Inc. (See Ross v. Altria Group, Inc., 2004 WL 2055712, *5 (N.D.Cal. 2004).)

Plaintiff has failed to show the Court has personal jurisdiction over AT&T Inc. Therefore, defendant's motion to dismiss must be granted.

///
///
///
///

DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. C07-02652 CRB

1

## II. ARGUMENT

**A. Plaintiff Failed To Sustain Her Burden of Proving That AT&T Inc. Has The Requisite Minimum Contacts With This State.**

    1. <u>Contacts by Subsidiaries Fail to Establish an Agency Relationship.</u>

In her attempt to show minimum contacts by AT&T Inc., plaintiff points to activities of AT&T Inc.'s subsidiaries. However, plaintiff's evidence falls far short of meeting the high factual threshold required to show that AT&T Inc.'s activities were so substantial that they approximated a physical presence in California. (See <u>Bancroft & Masters, Inc. v. Augusta Nat'l Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000).) The "minimum contacts" required are especially stringent, if the contacts alleged do not relate to the claims being litigated. (<u>Consolidated Development Corporation v. Sherritt, Inc.</u>, 216 F.3d 1286, 1293 (11th Cir. 2000).) Here, save for a single allegation about a separate legal entity, Pacific Bell, that is irrelevant to defendant because there is no evidence that Pacific Bell was its agent, the alleged contacts do not relate to plaintiff's underlying claims for disability benefits.

The mere presence of a nonresident company's subsidiaries in California cannot impute personal jurisdiction to the nonresident company. (<u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 925 (9th Cir. 2001); <u>Costa v. Keppel Singmarine Dockyard PTE, Ltd.</u>, 2003 WL 24242419, *12 (C.D.Cal. 2003).) Nor do the subsidiaries' "minimum contacts" with California through their respective activities establish personal jurisdiction over the nonresident company. (<u>Unocal</u>, supra, 248 F.3d at 925.) Instead, there must be evidence that the subsidiaries are acting as the company's "alter ego" or "agent." (<u>Unocal</u>, supra, 248 F.3d at 926; <u>Costa</u>, supra, 2003 WL 24242419 at *12.) An alter ego or agency relationship is typified by parental control of the subsidiaries' internal affairs or daily operations. (<u>Unocal</u>, supra, 248 F.3d at 926.)

Plaintiff's assertions that defendant's subsidiaries acted as AT&T's "general agents" in California are meritless. In support of her claim, she proffers evidence that the subsidiaries were licensed to conduct business in California and offered certain telecommunications products and services in California, and that one subsidiary (Pacific Bell) employed plaintiff.

Plaintiff has presented no evidence that AT&T Inc. controlled or otherwise managed the operations of Pacific Bell or of any other subsidiary operating in California. Indeed, no such

DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. C07-02652 CRB

2

1  evidence exists. It is irrelevant that these subsidiaries conduct business in California, for such
2  "minimum contacts" cannot be used to establish that defendant holding company *AT&T Inc.* has
3  minimum contacts with the state. It is also irrelevant that one of AT&T Inc.'s subsidiaries,
4  Pacific Bell, employed plaintiff, for such employment does not show any conduct *by A&T Inc*.
5  Unocal, supra, 248 F.3d at 925-926.

6  Further, subsidiaries of a holding company generally do not perform "holding company"
7  functions (i.e., holding other subsidiaries), and are not deemed to be "agents" through which
8  jurisdictional contacts can be imputed to the parent. (Unocal, supra, 248 F.3d at 929; Gallagher
9  v. Mazda Motor of America, 781 F.Supp. 1079, 1085 (E.D.Pa. 1992).) Thus, in Gallagher, a case
10 cited by plaintiff in her opposition, the court stated that the jurisdictional contacts of a subsidiary
11 could *not* be imputed to a *holding company*, because "the subsidiary is not performing a function
12 that the parent would otherwise have to perform itself," in that "the holding company could
13 simply hold another type of subsidiary." (Gallagher, supra, 781 F.Supp. at 1085.)

14 Similarly, in the instant case, the activities of Pacific Bell and of other subsidiaries of
15 AT&T Inc. cannot be imputed to AT&T Inc. because none of these subsidiaries have been shown
16 to perform "holding company" functions. Plaintiff's argument that the "identity" of the holding
17 company is "synonymous with telecommunications services" is conclusory and irrelevant, for it
18 fails to address the pertinent issue—namely, whether the subsidiaries are performing the
19 functions of the holding company[1].

20 Moreover, reference made in AT&T Inc.'s "10K" statement filed with the SEC to the
21 activities of its subsidiaries fails to establish an agency relationship. Clearly, it would be most
22 unusual for a holding company not to include a discussion of its subsidiaries' activities in its 10K
23 statement, and such reference does not create an agency relationship. (See Unocal, supra, 248
24 F.3d at 929 (consolidating activities of subsidiary into parent's annual report is a "common
25 business practice" that does not create agency relationship).) Further, the services referenced in
26 the 10K are services provided *by AT&T Inc's subsidiaries*. (See Declaration of Lindsay Nako in

---

28 [1] Plaintiff's further argument that AT&T Inc. could not generate revenue by "simply hold[ing] another type of subsidiary" is also conclusory and irrelevant for the same reason.

DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION         3
TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. C07-02652 CRB

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Opposition to Defendant's Motion To Dismiss for Lack of Personal Jurisdiction ("Nako Decl."), Exh. 1 at p. 1 (Part 1, Item 1).) Such services do not establish minimum contacts by the holding company *in California.* (Unocal, supra, 248 F.3d at 925.)

AT&T Inc. has presented undisputed evidence that (1) it is a holding company without employees that does not conduct any operations in California, has no offices in California, has never been registered to do business in California, and provides no products or services in California, and (2) its subsidiaries each maintain a separate business identity and structure. (See Declaration of Thomas Koch in Support of Defendant SBC Communications, Inc.'s Motion to Dismiss ("Koch Decl."), ¶¶3-8.) Defendant's evidence establishes that the Court lacks personal jurisdiction over defendant.

2. A Website and Advertising in the Yellow Pages Fail to Establish "Substantial" or "Continuous and Systemic" Contacts by AT&T Inc.

Plaintiff asserts that a website that advertises telecommunications services and allows customers to purchase services was maintained by AT&T Inc. and presents evidence of an advertisement in a September 2006 "Yellow Pages." Plaintiff's assertions and allegations fail to establish "substantial, continuous and systematic" contacts by AT&T Inc. with California that satisfy due process requirements.[2]

The mere existence of a website, including an interactive website under which orders can be placed, does not establish personal jurisdiction over a nonresident defendant. (Amini Innovation Corporation v. JS Imports Inc., --- F.Supp.2d ---, 2007 1597942, *7 (C.D.Cal.2007).) Rather, the nonresident defendant's contacts with the forum state must be *substantial* to warrant

---

[2] Plaintiff's argument relating to "economic reality" is baseless. First, none of the three cases cited by plaintiff relate to a non-resident holding company. Second, Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163 (9th Cir. 2006) involved a non-resident manufacturer of cigarettes licensed to do business in Washington and generated significant revenues from sales. Tuazon at 1167. The court in Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392 (9th Cir. 1986) found limited jurisdiction over the non-resident insurance carrier because the insurer entered into insurance policies that insured "California doctors" against loss for medical malpractice "exclusively in California." Haisten at 1400. In Gates Lear Jet Corp. v. Jensen, (743 F.2d 1325 (9th Cir. 1984) the court found limited jurisdiction over the non-resident distribution company because it actively solicited business and entered into distributorship agreements with plaintiffs in Arizona, which agreements were identified as "Arizona Agreements" and that the Agreements would be governed by the laws of the state of Arizona. Gates at 1329. The courts in both Haisten and Gates specifically found no general jurisdiction over the non-resident defendants. Plaintiff's argument based on "economic reality" is simply frivolous.

DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION    4
TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. C07-02652 CRB

the exercise of personal jurisdiction. (Consolidated Development Corporation v. Sherritt, Inc., 216 F.3d 1286, 1292-93 (11th Cir. 2000).) Even engaging in commerce with residents of the forum state is insufficient to constitute activity "that approximates physical presence within the state's borders." (Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).)

In Amini, supra, the plaintiff had attempted to sue a nonresident internet retailer for patent infringement in California. The defendant retailer did not own property in California, keep bank accounts there, or maintain employees, solicit business, or otherwise do business in California. (Amini, supra, 2007 WL 1597942, *5.) However, the defendant allegedly maintained "an interactive website through which California residents could purchase products." (Id. at *6.) The court concluded that the defendant's level of contact with California fell "far short of that needed to establish 'physical presence' supporting the exercise of general jurisdiction," and that the allegedly interactive website did not establish personal jurisdiction over the defendant either. (Id. at **5, 7.)

Plaintiff here has merely referred to the "att.com" website on page 10 of her opposition brief. As a threshold matter, a party's alleged website cannot be authenticated through opposing counsel, and may be excluded from evidence in such event. (Costa, supra, 2003 WL 24242419, *7 n.74.) Such website therefore is not properly before this court.

However, even if, *arguendo*, the subject website is properly before the Court and is maintained by AT&T Inc. the existence of the website does not establish the "substantial, continuous and systematic" contacts with California that are required to subject AT&T Inc. to general jurisdiction. The website referenced by plaintiff provides information about certain products sold by AT&T's subsidiaries and allows certain services to be purchased through its subsidiaries. The website does not show, nor does plaintiff contend, that AT&T Inc. is a retailer selling products or services via the site. Plaintiff's assertions fail to establish a substantial physical presence by AT&T Inc. within California or otherwise show continuous and systematic conduct by defendant within California. Under Amini, the mere existence of the website does not establish personal jurisdiction over AT&T.

1   Equally meritless, is plaintiff's use of alleged advertising by defendant in an Oakland
2   "Yellow Pages" of its subsidiary AT&T California (Pacific Bell).  The advertisement does not
3   show activity by AT&T Inc.  However, even if, *arguendo*, it did, the placement of advertisements
4   in local media is not a "sufficient connection" to the forum for *in personam* jurisdiction.
5   (Consolidated Development, supra, 216 F.3d at 1292.)

6   Plaintiff failed to establish that AT&T Inc. had the required "substantial, continuous and
7   systematic" contacts with California to establish general jurisdiction.  Accordingly, defendant's
8   motion to dismiss must be granted.

### B.   Plaintiff Failed To Establish Specific Jurisdiction Over AT&T Inc.

10   Plaintiff argues specific jurisdiction over AT&T Inc. because of letters to her from her
11   employer Pacific Bell regarding health plan coverage and her employment status, a check stub
12   from Pacific Bell with an "SBC" logo, and a letter from a Pennsylvania entity ("SMAART")
13   regarding the review of her disability claim.  None of these acts establish purposeful availment of
14   the California forum by AT&T Inc.  (See, Von Grabe v. Sprint PCS, 312 F.Supp. 1285, 1297
15   (S.D. Cal. 2003) [use of a common trademark does not establish minimum contacts with
16   California to support general or specific personal jurisdiction over parent corporation.].

17   A defendant cannot be subjected to specific jurisdiction without evidence that it
18   "purposefully availed" itself of the forum by conducting activities therein that relate to plaintiff's
19   claims.  (Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-
20   06 (9th Cir. 2006).)  The purported conduct of Pacific Bell and SMAART cannot be attributed to
21   AT&T Inc. for there is no evidence that either entity was an agent of holding company AT&T
22   Inc.  The record indicates only that AT&T Inc. is a holding company based in Texas that has no
23   employees, conducts no business operations in California, and has not registered with the State of
24   California to do so.  There is no evidence that AT&T Inc. conferred authority on Pacific Bell or
25   SMAART to act on its behalf, or that it held those entities out to plaintiff as its agents.

26   Plaintiff's employment by Pacific Bell is irrelevant to establishing personal jurisdiction
27   over AT&T Inc.  Pacific Bell is merely a subsidiary of AT&T Inc., and such status does not
28   create an agency relationship.  (Unocal, supra, 248 F.3d at 925.)  Further, and in any event, such

employment does not demonstrate conduct by AT&T Inc.

Stein v. Pacific Bell, 172 Fed.Appx. 192, 193, n.1 (9th Cir. 2006) is inapposite to this case.[3] Stein involved claims under the Sherman Act and under the Telecommunications Act of 1996, and did not involve issues regarding personal jurisdiction over any defendant.

The purported evidence cited by plaintiff fails to establish that AT&T Inc. engaged in purposeful conduct in California against her. Therefore, no basis for imposing special jurisdiction over AT&T Inc. exists.

Defendant's motion to dismiss for lack of personal jurisdiction should accordingly be granted.

### C. Defendant's Motion Is Not Rendered Moot If The Court Denies Plaintiff's Motion to Remand

Plaintiff does not dispute that the Court has the discretion to consider the personal jurisdiction issue regarding defendant holding company AT&T Inc. *first*, before addressing subject matter jurisdiction, if the personal jurisdiction issue is "straightforward." (See Ruhrgas AG v. Marathon Oil Company, 526 U.S. 574, 588, 119 S.Ct. 1563 (1999).) Defendant's motion to dismiss presents a straightforward application of "minimum contacts" personal jurisdiction rules to a nonresident holding company (defendant) with no employees or operations within the forum state. If defendant's motion is granted, plaintiff's motion to remand would be rendered moot, for plaintiff's complaint against defendant would be dismissed.

Further, contrary to plaintiff's assertion, if her motion to remand is considered first and is denied, the ruling would not render defendant's motion moot. Plaintiff cannot simply amend her complaint to add new defendants such as the Plan without first obtaining leave to do so from the Court. (Woodruff v. Mueller, 2004 WL 724886, *5 (N.D.Cal. 2004).) In the meantime, plaintiff's motion to dismiss, unlike any proposed motion by plaintiff for leave to amend, is properly before the Court.

///

---

[3] Plaintiff improperly cited Stein, an unpublished case in support of her argument on specific jurisdiction, in violation of Ninth Circuit Rule 36-3(c), which generally prohibits citation of unpublished Ninth Circuit opinions decided before January 1, 2007, with limited exceptions that are not applicable here. (See Ninth Cir. R. 36-3(c).).

DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. C07-02652 CRB

7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Lastly, although arguably a non-issue for purposes of the subject motion, even if, *arguendo,* the subject motion is denied and plaintiff is allowed to go forward, no liability with regard to plaintiff can be established against AT&T Inc. because no conduct on its part can be found with regard to plaintiff's employment and/or the denial of disability benefits.

### III.   CONCLUSION

For the reasons stated above and in its moving papers, defendant SBC Communications Inc. (now known as "AT&T Inc.") respectfully requests that its motion to dismiss plaintiff's Complaint be granted in its entirety.

DATED: July 13, 2007                    LAFAYETTE & KUMAGAI LLP

/S/ SUSAN T. KUMAGAI
SUSAN T. KUMAGAI
Attorneys for Defendant
SBC COMMUNICATIONS INC.
(AT&T INC.)

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on July 13, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ SUSAN T. KUMAGAI

Reply\Reply Brief.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEFENDANT SBC COMMUNICATIONS INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
Case No. C07-02652 CRB                    8