LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
AT&T UMBRELLA BENEFIT
PLAN NO. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>              Plaintiff,<br><br>vs.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>              Defendant. | Case No.  07-02652 CRB<br><br>**ANSWER OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1 TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |

Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 ("defendant" or "the Plan") hereby answers the Third Amended Complaint ("Complaint") filed by plaintiff Yvonne Glover ("plaintiff") as follows:

**JURISDICTION**

1.   Answering paragraph 1 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's characterization of this action.  Defendant admits the Court has jurisdiction over plaintiff's claims under Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B).  Except as so admitted, defendant denies each and every other allegation.

**VENUE**

2.   Answering paragraph 2 of the Complaint, defendant is without knowledge sufficient to form a belief as to the truth of the allegations regarding where plaintiff currently

resides and/or plaintiff's statements relying on the vague and ambiguous words "events" and "administered." Defendant admits that venue in this district is proper and the Plan is governed by ERISA. Except as so admitted, defendant denies each and every other allegation.

## INTRADISTRICT ASSIGNMENT

3. Answering paragraph 3 of the Complaint, defendant admits the action is properly before this Court. Except as so admitted, defendant denies each and every other allegation.

## PARTIES

4. Answering paragraph 4 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of the allegations regarding where plaintiff currently resides. Defendant admits that plaintiff was a participant in the Pacific Telesis Group Comprehensive Disability Benefit Plan ("CDBP"). Except as so admitted, defendant denies each and every other allegation.

5. Answering paragraph 5 of the Complaint, defendant admits that the CDBP is a component of a larger plan called the "AT&T Umbrella Benefit Plan No. 1" and that defendant is responsible for paying recoverable benefits, if any, to plaintiff in this action. Except as so admitted, defendant denies each and every other allegation.

6. Answering paragraph 6 of the Complaint, defendant admits that at all relevant times CDBP was an employee welfare benefit plan within the meaning of ERISA and that the CDBP provided, among other benefits, short term disability benefits to participating employees, including plaintiff while she was an employee of Pacific Bell Telephone Company. Except as so admitted, defendant responds that the remaining allegations are vague, argumentative and/or conclusory.

## FACTS

7. Answering paragraph 7 of the Complaint, defendant admits that plaintiff was employed by Pacific Bell Telephone Company between June 5, 1989 and May 31, 2005, in Contra Costa County, California, and that she was terminated from such employment on or about May 31, 2005. Except as so admitted, defendant denies each and every other allegation.

8.  Answering paragraph 8 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's argumentative and/or conclusory and/or hearsay statements. Defendant admits that plaintiff was first employed by Pacific Bell Telephone Company as an Operator and that part of her job duties included speaking to people. Except as so admitted, defendant denies each and every allegation.

9.  Answering paragraph 9 of the Complaint, defendant admits that plaintiff's last position with Pacific Bell Telephone Company was Staff Associate and that she became a Staff Associate on or about December 8, 2000.

10. Answering paragraph 10 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's argumentative and/or conclusory and/or hearsay statements. Defendant admits that plaintiff's job responsibilities as a Staff Associate included, among other things, clerical duties (such as distributing mail, making travel and conference arrangements, and ordering supplies), data entry, processing bills and vouchers and preparing bank deposits. Except as so admitted, defendant denies each and every other allegation.

11. Answering paragraph 11 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's statements relying on the vague and ambiguous term "SBC's Job Analysis Document" and/or plaintiff's argumentative, conclusory, hearsay and/or incomplete statements. Except as so admitted, defendant denies each and every other allegation.

12. Answering paragraph 12 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's argumentative and/or conclusory and/or hearsay statements. Except as so admitted, defendant denies each and every other allegation.

13. Answering paragraph 13 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's argumentative and/or conclusory and/or hearsay statements. Except as so admitted, defendant denies each and every other allegation.

14. Answering paragraph 14 of the Complaint, defendant lacks knowledge sufficient to form a belief as to the truth of plaintiff's argumentative and/or conclusory and/or hearsay statements. Except as so admitted, defendant denies each and every other allegation.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

15. Answering paragraph 15 of the Complaint, defendant admits that the date of October 26, 2004, was indicated as plaintiff's first day of absence in her claim for short term disability benefits submitted on or about November 2, 2004, that she later corrected the date for her first full day of absence to October 27, 2004, and that as a result, her first day of disability would have been November 3, 2004. Defendant further admits that a letter dated October 28, 2004, purportedly from one of plaintiff's doctors Jill Harrell states that plaintiff "is unable to return to her usual and customary job duties . . . ." Except as so admitted, defendant denies each and every other allegation.

16. Answering paragraph 16 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's statements relying on the vague and ambiguous terms "corporate successors" and "among others." Defendant admits that during the relevant time period to this action, Pacific Bell Telephone Company offered its employees short term disability benefits through the CDBP. Except as so admitted, defendant denies each and every other allegation.

17. Answering paragraph 17 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete and/or hearsay statements. Defendant admits that the CDBP, in part, states that "[a] Participant becomes entitled to receive Short Term Disability Benefits on the eighth calendar day of a continuous period during which the Participant is absent from work because of Short Term Disability, except as provided below." Except as so admitted, defendant denies each and every other allegation.

18. Answering paragraph 18 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete and/or hearsay statements. Defendant admits that the CDBP, in part, states that "Short Term Disability" shall mean "a sickness, injury, or other medical, psychiatric, or psychological condition, which prevents an Employee from engaging in his or her normal occupation or employment with the Participating Company, or such other occupation or employment as he or

she is assigned in accordance with the Participating Company's normal practices." Except as so admitted, defendant denies each and every other allegation.

19. Answering paragraph 19 of the Complaint, defendant is without knowledge sufficient to form a belief as to the statements relying on the vague and ambiguous word "prerequisite" and/or plaintiff's argumentative, conclusory, incomplete and/or hearsay statements. Defendant admits that the CDBP, in part, states that "[i]f, because of Long-Term Disability, a Participant does not return to work at the end of the fifty-two week period for which Short Term Disability Benefits are payable, then the Participant shall be become entitled to receive Long Term Disability Benefits." Except as so admitted, defendant denies each and every other allegation.

20. Answering paragraph 20 of the Complaint, defendant admits the material allegations contained therein.

21. Answering paragraph 21 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete and/or hearsay statements. Defendant admits that plaintiff was a participant employee in the CDBP while employed by Pacific Bell Telephone Company and she applied for short term disability benefits under the CDBP. Except as so admitted, defendant denies each and every other allegation.

22. Answering paragraph 22 of the Complaint, defendant admits the material allegations contained therein.

23. Answering paragraph 23 of the Complaint, defendant admits that by letter dated January 7, 2005, plaintiff requested that the denial of her disability claim be appealed to the SMAART Quality Review Unit ("QRU"), and that by letter dated January 10, 2005, the QRU acknowledged receipt of her request for review and advised she could submit medical records relevant to her absence. Except as so admitted, defendant denies each and every other allegation.

24. Answering paragraph 24 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's argumentative and/or conclusory statements. Defendant admits that, after plaintiff advised the QRU that her file was complete, a

letter dated January 19, 2005 was issued, informing plaintiff that the denial of plaintiff's short term disability claim was upheld. Except as so admitted, defendant denies each and every other allegation.

25. Answering paragraph 25 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's argumentative and/or conclusory statements. Defendant is informed and believes that the SMAART received a letter dated May 20, 2005, from Theresa Renaker of Lewis, Feinberg, Renaker & Jackson, P.C., enclosing purported medical information about plaintiff. Except as so admitted, defendant denies each and every other allegation.

26. Answering paragraph 26 of the Complaint, defendant admits that, after review of the medical information forwarded by Theresa Renaker in May 2004, the QRU informed plaintiff by letter dated September 21, 2005, that the denial of plaintiff's short term disability claim was upheld. Except as so admitted, defendant denies each and every other allegation.

27. Answering paragraph 27 of the Complaint, defendant is without knowledge sufficient to form a belief that plaintiff's employer sent plaintiff a letter dated June 2, 2005, terminating her employment.

28. Answering paragraph 28 of the Complaint, defendant is without knowledge sufficient to form a belief as to the truth of plaintiff's argumentative and/or conclusory and/or hearsay statements. Except as so admitted, defendant denies each and every other allegation.

29. Answering paragraph 29 of the Complaint, defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained therein. Except as so admitted, defendant denies each and every other allegation.

30. Answering paragraph 30 of the Complaint, defendant denies the material allegations contained therein.

**FIRST CLAIM FOR RELIEF**

31. Answering paragraph 31 of the Complaint, defendant incorporates by reference its responses to paragraphs 1 through 30, herein, as if fully set forth herein.

32. Answering paragraph 32 of the Complaint, defendant is without knowledge sufficient to form a belief as to plaintiff's characterization of this action. Defendant admits that ERISA provides for participating employees to bring a civil action to recover benefits under a plan covered by ERISA. Except as so admitted, defendant denies each and every other allegation.

33. Answering paragraph 33 of the Complaint, defendant denies the material allegations contained therein.

**FIRST AFFIRMATIVE DEFENSE**

34. As a first separate and affirmative defense, defendant asserts that plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

35. As a second separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in that plaintiff failed to exhaust the administrative and/or judicial remedies available under the CDBP.

**THIRD AFFIRMATIVE DEFENSE**

36. As a third separate and affirmative defense, defendant asserts that plaintiff is barred and precluded from relief, because plaintiff failed to properly mitigate the alleged damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

37. As a fourth separate and affirmative defense, defendant asserts that all actions it took would have been taken in any event based on after-acquired evidence, and that the Complaint is either entirely barred or the alleged damages should be reduced accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

38. As a fifth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in that plaintiff is not eligible for benefits under the terms and conditions of the CDBP.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

ANSWER OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1 TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No. 07-02652-CRB

7

### SIXTH AFFIRMATIVE DEFENSE

39. As a sixth separate and affirmative defense, defendant asserts that any purported claim by plaintiff for benefits under the Plan is barred because all benefits under the terms of the CDBP have been provided and all payments due under the terms of the CDBP have been paid.

### SEVENTH AFFIRMATIVE DEFENSE

40. As a seventh separate and affirmative defense, defendant asserts that the Complaint, and/or each of claim for relief contained therein, is barred in whole or in part by any and all applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

41. As an eighth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred by plaintiff's failure to comply with internal deadlines set forth in the CDBP.

### NINTH AFFIRMATIVE DEFENSE

42. As a ninth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

43. As a tenth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

44. As an eleventh separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

45. As a twelfth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

**THIRTEENTH AFFIRMATIVE DEFENSE**

46. As a thirteenth separate and affirmative defense, defendant asserts that any injury to plaintiff was caused wholly or in part by plaintiff's conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

47. As a fourteenth separate and affirmative defense, defendant asserts that no conduct by or attributable to defendant was the cause in fact or proximate cause of any injury allegedly suffered by plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

48. As a fifteenth separate and affirmative defense, defendant asserts that plaintiff is barred from asserting the claims alleged to the extent the claims relied upon for relief are moot.

**SIXTEENTH AFFIRMATIVE DEFENSE**

49. As a sixteenth separate and affirmative defense, defendant asserts that plaintiff is barred from asserting the claims alleged to the extent plaintiff lacks standing.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

50. As a seventeenth separate and affirmative defense, defendant asserts that any award of benefits to plaintiff should be offset by any other earnings, benefits and/or income received by plaintiff (including but not limited to disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, and/or benefits from the Social Security Administration or the state), and/or should be offset by any damages caused by plaintiff to defendant, including any unjust enrichment to plaintiff by virtue of fraud.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

51. As an eighteenth separate and affirmative defense, defendant asserts that it is entitled to attorneys' fees pursuant to 29 U.S.C. §1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedures.

**NINETEENTH AFFIRMATIVE DEFENSE**

52. As a nineteenth separate and affirmative defense, defendant asserts that its actions or statements were based on good, sufficient and legal cause, upon reasonable grounds for belief in their truth or justification, and were taken or said in good faith and without malice.

**TWENTIETH AFFIRMATIVE DEFENSE**

53.     As a twentieth separate and affirmative defense, defendant asserts that if and to the extent defendant had obligations with respect to plaintiff's employment or the benefits related to that employment, performance was prevented or excused due to the conduct, acts and refusals to act on plaintiff's part.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

54.     As a twenty-first separate and affirmative defense, defendant asserts that defendant's duties, if any, to plaintiff have been discharged by plaintiff's breach of the terms of her employment.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

55.     As a twenty-second separate and affirmative defense, defendant asserts that plaintiff has failed to state facts sufficient to form a basis for awarding attorneys' fees.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

56.     As a twenty-third separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves as would a prudent person familiar with such matters.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

57.     As a twenty-fourth separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves in accordance with the documents and instruments governing the CDBP, insofar as such documents and instruments were and are consistent with the provisions of ERISA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

58.     As a twenty-fifth separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves solely in the interest of the participants and beneficiaries of the CDBP.

WHEREFORE, defendant prays for Judgment as follows:

1.      That Plaintiff take nothing by her Complaint; and

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2. That judgment be entered in favor of defendant, and against Plaintiff, on each claim contained in the Complaint; and

3. That the Complaint be dismissed in its entirety, with prejudice; and

4. That Defendant be awarded its costs of suit incurred herein, and

5. That Defendant be awarded its reasonable attorneys' fees; and

6. For such other and further relief as this Court may deem just and proper.

Dated: September 27, 2007                    LAFAYETTE & KUMAGAI LLP


   __/s/ Forrest Fang_____
   FORREST E. FANG
   Attorneys for Defendant
   AT&T UMBRELLA BENEFIT PLAN NO. 1

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on September 27, 2007 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

   __/s/ Forrest Fang_____
   FORREST E. FANG

ATT\Glov\Pldg\Answer.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

ANSWER OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1 TO PLAINTIFF'S THIRD AMENDED COMPLAINT
Case No. 07-02652-CRB                              11