1    LAFAYETTE & KUMAGAI LLP
     GARY T. LAFAYETTE (State Bar No. 088666)
2    SUSAN T. KUMAGAI (State Bar No. 127667)
     100 Spear Street, Suite 600
3    San Francisco, California 94105
     Telephone:    (415) 357-4600
4    Facsimile:    (415) 357-4605

5    Attorneys for Defendant
     AT&T UMBRELLA BENEFIT PLAN NO. 1
6

7    LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
     Teresa S. Renaker (State Bar No. 187800)
8    Lindsay Nako (State Bar No. 239090)
     1330 Broadway, Suite 1800
9    Oakland, California  94612
     Telephone:    (510) 839-6824
10   Facsimile:    (510) 839-7839

11   Attorneys for Plaintiff
     YVONNE GLOVER
12

13                    UNITED STATES DISTRICT COURT

14             FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16   YVONNE GLOVER,                        Case No .C07-02652 CRB

17              Plaintiff,                 **JOINT CASE MANAGEMENT**
                                           **CONFERENCE STATEMENT**
18   vs.
                                           Date:       October 12, 2007
19   AT&T UMBRELLA BENEFIT PLAN            Time:       8:30 a.m.
     NO. 1,                                Courtroom:  8
20                                         Judge:      Honorable Charles R. Breyer
              Defendant.
21

22        Plaintiff Yvonne Glover ("plaintiff") and defendant AT&T Umbrella Benefit Plan No. 1

23   ("defendant") hereby submit the following Joint Case Management Conference Statement.

24        **(1)    Jurisdiction and Service**

25        Ms. Glover is seeking declaratory, injunctive, and monetary relief pursuant to section

26   502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

27   1132(a)(1)(B).  There is no dispute that the Court has jurisdiction over this matter pursuant to

28   ERISA Sections 502(e) and (f), 29 U.S.C. sections 1132(e) and (f), and 28 U.S.C. section 1331.

                                                                                        1

1   Defendant has no counterclaims pending.  All parties have been served and no dispute exists

2   regarding venue.

3           **(2)     Factual Issues in Dispute**

4                   **(a)     Plaintiff's Statement**

5                           **(1)     <u>Brief Chronology of the Facts</u>**

6           Ms. Glover was employed by Pacific Bell Telephone Company from June 5, 1989, until

7   May 31, 2005.  During this period, Ms. Glover was a participant in the Pacific Telesis Group

8   Comprehensive Disability Benefit Plan ("the CDBP").  The CDBP is now a component of the

9   larger defendant plan, "AT&T Umbrella Benefit Plan No. 1."

10          Ms. Glover was initially employed by Pacific Bell Telephone Company as an Operator

11  and her last position was Staff Associate.  As a Staff Associate, Ms. Glover's job duties included,

12  among other things, clerical duties (such as distributing mail, making travel and conference

13  arrangements, and ordering supplies), data entry, processing bills and vouchers, and preparing

14  bank deposits.

15          Ms. Glover alleges that she suffers from a rare vocal chord disorder, known as dystonia

16  and from chronic pain resulting from cervical radiculopathy and a wrist ganglion cyst.  Ms.

17  Glover takes multiple anti-inflammatories and pain medications, in addition to an anti-convulsive

18  drug to help alleviate the effects of the dystonia.

19          Ms. Glover's last day of work was October 26, 2004.  Ms. Glover applied for short-term

20  disability benefits from the CDBP on November 2, 2004.  Ms. Glover's application for short-

21  term disability benefits was denied by the SBC Medical Absence and Accommodations Resource

22  Team ("SMAART") by letter dated November 23, 2004.  Ms. Glover requested that the denial of

23  her disability claim be reviewed by the SMAART Quality Review Unit ("QRU") by letter dated

24  January 7, 2005.  The SMAART QRU requested additional information by letter dated January

25  10, 2005.  The SMAART QRU upheld the initial denial of Ms. Glover's short-term disability

26  benefit claim by letter dated January 19, 2005.  Ms. Glover supplemented her request for review

27  of the denial of her short-term disability benefits on May 20, 2005.  The SMAART QRU again

28  denied Ms. Glover's short-term disability benefit by letter dated September 21, 2005.

(2)    **Factual Issues in Dispute**

Whether Ms. Glover's medical condition prevents her from engaging in her normal occupation.

(b)    **Defendant's Statement**

Plaintiff was an employee of Pacific Telephone Company and, in this action, she is seeking payment of short-term disability benefits under the Pacific Telesis Group Comprehensive Disability Benefit Plan ("CDBP"), a component of the AT&T Umbrella Benefit Plan No. 1. Defendant denied plaintiff's claim for short-term disability benefits. Plaintiff appealed the decision to deny her claim and the denial was upheld on appeal. Defendant asserts that the denial was proper, and should be upheld.

There are no material facts in dispute.

(3)    **Legal Issues in Dispute**

(a)    **Plaintiff's Statement**

    i.    Whether the proper standard of review is de novo or for abuse of discretion;

    ii.    If de novo review applies, whether Ms. Glover is disabled within the meaning of the Plan;

    iii.    If abuse of discretion review applies, what level of deference applies under *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006) (en banc).

    iv.    If abuse of discretion review applies, whether the denial of benefits was an abuse of discretion.

(b)    **Defendant's Statement**

The legal issues in dispute are whether plaintiff was entitled to receive short-term disability benefits for a claim she filed in October 2004, and whether she was wrongfully denied those benefits. Under the recent Ninth Circuit decision in *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (2006), this Court should review the claim appeal decision under an "abuse of discretion" standard, as the CDBP itself contains the requisite discretionary language. Further,

3

1    there is no legal basis upon which the Court would entertain a *de novo* review of the Plan's

2    decision.

3           **(4)**      **Motions**

4           There are no pending motions.  The parties anticipate filing cross-motions for summary

5    judgment.

6           **(5)**      **Amendments of Pleadings**

7           No amendments are expected.

8           **(6)**      **Evidence Preservation**

9               **(a)**      **Plaintiff's Statement**

10           The parties will preserve all documents and electronically stored information that may be

11    relevant to the standard of review or to the merits.

12               **(b)**      **Defendant's Statement**

13           The Administrative Record is preserved.

14           **(7)**      **Disclosures**

15           The parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by

16    October 5, 2007.

17           **(8)**      **Discovery**

18               **(a)**      **Plaintiff's Statement**

19           Ms. Glover plans to conduct discovery the standard of review, as permitted by *Welch v.*

20    *Metropolitan Life Ins. Co.* and *Abatie v. Alta Health & Life Ins. Co.*, going to whether the Plan

21    committed procedural irregularities or administered Ms. Glover's claim under a conflict of

22    interest, including whether it administered the claim with personal animus.  Specifically, this will

23    include, without being necessarily limited to, the following:  (1) the funding source of the Plan;

24    (2) evidence of personal animus against or differential treatment of Ms. Glover; (3) procedural

25    irregularities in handling Plaintiff's claim; and (4) any evidence "that [the Plan] used truly

26    independent medical examiners or a neutral, independent review process; that its employees do

27    not have incentives to deny claims; that its interpretations of the plan have been consistent among

28    patients; or that it has minimized any potential financial gain through structure of its business,"

4

*Abatie*, 458 F.3d at 969 n.7; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007).  The *Abatie* court has confirmed that evidence outside of the administrative record should be considered in assessing the standard of review:

> We have held that the court may consider evidence beyond that contained in the administrative record that was before the plan administrator, to determine whether a conflict of interest exists that would affect the appropriate level of judicial scrutiny.  *See Tremain*, 196 F.3d at 976-77 (holding that a court may consider extra-record evidence to determine whether the administrator was plagued by a conflict of interest).

*Abatie*, 458 F.3d at 970.  Additionally, in *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d at 949-50, in considering an award of attorneys' fees, the Ninth Circuit explicitly stated that discovery is permitted in ERISA benefits cases such as this:

> Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, *see Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976-77 (9th Cir. 1999), we agree with Welch that *some* discovery aimed at demonstrating a conflict of interest may have been appropriate.

(Original emphasis).

Since *Abatie*, many courts have confirmed that discovery going to the conflict of interest is permissible.  *See Liu v. Standard Ins. Co.*, 457 F.Supp.2d 1030, 1038 (C.D. Cal. 2006) (permitting depositions of the medical reviewers); *Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, 2007 WL 649295, *6 (D. Or. Feb. 26, 2007); *Linich v. Broadspire Services, Inc.*, 2007 WL 841509, *6 (D. Ariz. Mar. 16, 2007) (holding that the plaintiff was entitled to take discovery going to the conflict of interest because "[t]he Ninth Circuit's recent ruling in *Abatie* also changes Plaintiff's right to seek discovery regarding the Plan Administrator's conflict of interest."); *McCurdy v. Metro. Life Ins. Co.*, 2007 WL 915177, *5 (E.D. Cal. Mar. 23, 2007) (permitting discovery going to, *inter alia*, Defendant's "claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims"); *Beckstrand v. Electronic Arts Group Long Term Disability Ins. Plan*, 2007 WL 1599769, *5 (E.D. Cal. Jun. 4, 2007) (concluding that after *Abatie*, discovery was permissible

1  where it would not have been prior to *Abatie*); *Harper v. Unum Life Ins. Co. of Am.*, 2007 WL

2  1792004, *5 (E.D. Cal. Jun. 19, 2007) (holding that the plaintiff was entitled to discovery aimed

3  at the structural conflict of interest issue rather than the merits, and permitting discovery going to

4  the compensation of Defendant's in-house medical personnel); *Groom v. Standard Ins. Co.*, 492

5  F.Supp. 2d 1202, 1205 (C.D. Cal. 2007); *Gullidge v. Hartford Life & Acc. Ins. Co.*, —F.Supp.

6  2d—, 2007 WL 2362912, *2 (C.D. Cal. Aug. 13, 2007) (holding hours expended on discovery

7  were reasonable because, under *Abatie* and *Welch*, "[s]ome discovery regarding whether a

8  conflict of interest existed is therefore appropriate if the plaintiff plans to raise the issue of

9  conflict of interest at trial, which Plaintiff in this case apparently did."); *Alvarez v. Unum Life Ins.*

10  *Co. of Am.*, 2007 WL 2348737, *7 (N.D. Cal. Aug. 14, 2007) (granting Plaintiff's request for

11  discovery).

12  Moreover, that the plan itself is self-funded matters not in the court's *Abatie* inquiry.  *See*

13  *Abatie*, 458 F.3d at 977.  Thus, Ms. Glover is entitled to discovery going to the Plan's conflicts of

14  interest and procedural irregularities.

15  In addition, the Plan will produce the administrative record to Ms. Glover.

16  Accordingly, Plaintiff proposes the following discovery schedule:

17  a.    All fact discovery to be completed by February 28, 2008;

18  b.    Dispositive motions to be filed so as to be heard no later than June 20, 2008.

19  **(b)    Defendant's Statement**

20  The only relevant record in this action is the complete administrative file relied upon by

21  the Plan in making its determination about plaintiff's eligibility for short-term disability benefits

22  in 2004-2005.  Defendant will produce the administrative record to plaintiff.  Defendant disputes

23  plaintiff's assertion reflected in the above paragraph that it is entitled to broader discovery.  There

24  is no legal basis upon which the Court would entertain a *de novo* review of the Plan's decision.

25  Defendant asserts that plaintiff's argument above regarding the standard of review is

26  improper for a Joint Case Management Statement.  Defendant included the argument due to the

27  agreed format of the Statement, but does not consent to its consideration by the Court at this time.

28  **(9)    Class Actions**

6

1    N/A.

2    **(10)    Related Cases**

3    None.

4    **(11)    Relief**

5    Plaintiff is seeking to recover the following relief:

6    a.    Past-due short-term disability benefits: $24,265.80, plus pre-judgment interest;

7    b.    Past-due long-term disability benefits:  $4,770.20, plus pre-judgment interest; and

8    c.    Attorneys' fees and costs of suit.

9    Defendant denies that plaintiff is entitled to the relief she is requesting.

10    **(12)    Settlement and ADR**

11    The parties have not agreed to any form of ADR.

12    **(13)    Consent to Magistrate Judge for All Purposes**

13    The parties do not consent to a Magistrate Judge.

14    **(14)    Other References**

15    The case is not is suitable for reference to binding arbitration, a special master, or the

16    Judicial Panel on Multidistrict Litigation.

17    **(15)    Narrowing of Issues**

18    The parties reserve decision on whether the narrowing of issues can be achieved.

19    **(16)    Expedited Schedule**

20    The parties have not agreed to an expedited schedule.

21    **(17)    Proposed Scheduling**

22    **(a)    Plaintiff's Statement**

23    Plaintiff proposes the following schedule:

24    a.    All Fact discovery to be completed by February 28, 2008;

25    b.    Dispositive motions to be filed so as to be heard no later than June 20,

26    2008;

27    c.    Pretrial conference on August 6, 2008; and

28    d.    Bench Trial on August 20, 2008.

**(b)    Defendant's Statement**

Defendant disputes plaintiff's assertion reflected in the above paragraph that it is entitled to broader discovery.  There is no legal basis upon which the Court would entertain a *de novo* review of the Plan's decision.  Accordingly, defendant proposes the following schedule:

| | | |
|---|---|---|
| a. | Last day to file dispositive motions | May 11, 2008 |
| b. | Bench trial | August 20, 2008 |

**(18)    Trial**

The parties believe the matter will require a 1 to 2 day bench trial.

**(19)    Disclosure of Non-Party Interested Entities or Persons**

The parties will file the "Certification of Interested Entities or Persons" before the Case Management Conference.  Plaintiff's Identification of Interested Entities or Persons:  Yvonne Glover.

**(20)    Other Matters**

None.

Dated:  October 3, 2007                    LEWIS, FEINBERG, LEE, RENAKER
                                           & JACKSON, P.C.


                                           Verbal authorization to e-file provided by Lindsay
                                           Nako to F. Fang on 10/3/07
                                           Lindsay Nako
                                           Attorneys for Plaintiff
                                           YVONNE GLOVER


Dated:  October 3, 2007                    LAFAYETTE & KUMAGAI LLP


                                            /s/ Susan T. Kumagai
                                           Susan T. Kumagai
                                           Attorneys for Defendant
                                           AT&T UMBRELLA BENEFIT PLAN NO. 1

8

1

# CERTIFICATE OF SERVICE

2

I certify that a copy of this document was served electronically on October 3, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

3

4

    /s/ Susan T. Kumagai

5

Susan T. Kumagai

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C07-02652 CRB