LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T UMBRELLA BENEFIT PLAN NO. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>Defendant. | Case No. C07-02652 CRB<br><br>DECLARATION OF TONYA WARNER IN SUPPORT OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S MOTION FOR SUMMARY JUDGMENT<br><br>[Fed. R. Civ. P. 56]<br><br>Date:        February 29, 2008<br>Time:        10:00 a.m.<br>Courtroom:   8<br>Judge:       Hon. Charles R. Breyer |

I, TONYA WARNER, hereby declare as follows:

1.   I am an employee of Sedgwick Claims Management Services ("Sedgwick"), which is an independent third-party Claims Administrator for the Pacific Telesis Group Comprehensive Disability Benefits Plan ("Disability Plan"). Sedgwick currently administers claims for the Disability Plan under a program called the AT&T Integrated Disability Service Center ("IDSC"). In 2005, Sedgwick administered claims for the Disability Plan under a program called the SBC Medical Absence and Accommodation Resource Team ("SMAART").

///

///

1

DECLARATION OF TONYA WARNER IN SUPPORT OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S MOTION FOR SUMMARY JUDGMENT

2. I have worked in disability claims administration for Sedgwick for nine years. My current job title is Client Performance Manager with the Quality Review Unit and I am a member of the Claims Review Committee ("CRC").

3. Under Section 9.1 of the Disability Plan, the Plan Administrator designated Sedgwick employees holding certain job titles to the Employees' Benefit Claim Review Committee ("CRC"). The CRC reviewed appeals from denied cases. These job titles included: (1) manager of the Quality Review Unit, (2) ERISA specialist, (3) Appeals specialist, and (4) Clinical Appeals Specialist. The members of the CRC are employees of the Sedgwick Quality Review Unit. In my position, I, along with other CRC members, review the entire case file on a particular claim for benefits, including all medical records and communications regarding the benefits claim, to become familiar with the case history and to make determinations about whether or not to uphold the denial or reinstate benefits. This was the claims review process used under the Plan in 2004 and 2005.

4. In 2005, the CRC included Appeals Specialist Heidi Lasser, Manager of QRU, Cam Reinhart and ERISA Specialist Doreen Ongayo.

5. I am familiar with the terms and conditions stated in the Disability Plan and I am familiar with the claims process administered under the Disability Plan.

6. Under the Disability Plan, an employee's illness becomes eligible for consideration as a short-term disability ("STD") on the eighth calendar day of consecutive absence. A claim for STD benefits is either initiated directly by the employee, the employee's representative or by the employee's local department when it appears that an absence will extend beyond seven days. Eligible employees may receive up to 52 weeks of STD benefits under the Disability Plan.

7. Once a claim for STD benefits has been initiated, a disability specialist who is a member of the General Employees Benefit Committee ("GEBC") is assigned to the claim to make the initial determination of eligibility for STD benefits under the terms of the Disability Plan and for contacting the employee and/or her treating doctors for further information concerning the claim, as necessary. Sedgwick notifies the employee when a participant's claim

2

for STD benefits has been approved, and if so, for what period of time. However, it is the employee's responsibility to ensure additional medical information is provided to allow the case manager to continue evaluating the benefits claim, as necessary, to determine whether disability benefits should be authorized for an extended period of time, up to the 52-week maximum.

8. Sedgwick receives a flat fee for its services and the services of its employees, without regard to whether it approves or denies claims under the Disability Plan.

9. In examining an employee's eligibility for benefits under the Disability Plan, objective medical findings from the employee's treating providers concerning the severity of the impairment and its impact on the employee's ability to return to work are considered. A medical opinion that is not supported by measurable medical findings is usually insufficient to support a claim for disability benefits under the Disability Plan. General, vague, or unsupported descriptions of disability alone are not useful in making determinations about an employee's ability to return to work.

10. In examining an employee's eligibility for benefits, the services of licensed doctors are used to assist in evaluating claims, analyzing medical evidence in support of those claims. In 2005, the following doctors provided such guidance regarding plaintiff's disability benefits claim:

    a. William Abraham, M.D., Board certified in orthopedic surgery;

    b. Jeffrey Been, M.D., a licensed orthopedic surgeon;

    c. Scott Dailey, M.A., CCC-SLP, a licensed speech pathologist; and

    d. Joseph Jares III, M.D., Board certified in neurology.

11. I am familiar with the record-keeping practices used by Sedgwick in the creation, organization and routine handling of benefit claims case files for the Disability Plan.

12. One quality control measure used by Sedgwick in the administration of benefit claims is a contemporaneous database called "Juris Notes" where communications and internal decisions or actions are logged on the date they occur or near the date they occur, such as providing a description of a document or communication received by Sedgwick. In my current position I routinely interpret and clarify Juris Notes entries on denied benefits claims.

13. I have reviewed the entire disability benefits claim file regarding Yvonne Glover ("Glover") for the claim initiated for her in November 2004, including the Juris Notes maintained by Sedgwick. The claims file is part of the Administrative Record which was filed with the Court under separate cover on January 11, 2008. The Juris Notes concerning Glover's claim are part of the Administrative Record and are identified as AR 0001- 0043 and AR 0068 – 0101.

14. Glover's Disability Claim Notice, dated November 2, 2004, was produced in this action as DEF000069.

15. Disability Specialist Jennifer Fennessy's November 23, 2004 letter notifying Glover that her claim for STD benefits had been denied was produced in this action as DEF000069.

16. Glover's fax submission on December 17, 2004 of Dr. Harrell's permanent and stationary report dated October 28, 2004 was produced in this action as DEF000236-240.

17. Ms. Fennessy's December 23, 2004 letter to Glover informing her that her submission of medical information on December 17, 2004 did not alter the previous denial decision was produced in this action as DEF000235.

18. Ms. Glover's written request dated January 6, 2005, for appeal of the denial of her claim for STD benefits was produced in this action as DEF000229.

19. Former Appeals Specialist and CRC Member Heidi Lasser's January 19, 2005 letter to Glover informing her that her request for appeal had been reviewed, and that the decision was to uphold the denial of her STD benefits claim, was produced in this action as DEF000208-09.

20. The January 18, 2005 report of independent physician advisor Dr. William Abraham, an orthopedic surgeon, regarding Glover's ability to work was produced in this action as DEF000213-16.

21. The January 24, 2005 letter of Teresa Renaker to former ERISA Specialist Doreen Ongayo regarding supplementation of plaintiff's appeal was produced in this action as DEF000201-02.

22. The January 26, 2005 letter of former Quality Review Unit Manager and CRC

4

member Cam Reinhart to Ms. Renaker regarding the finality of Glover's denial of benefits was produced in this action as DEF000194-95.

23. Ms. Renaker's May 20, 2005 letter to Ms. Lasser purporting to supplement Glover's request for review was produced in this action as DEF000150-65.

24. Cam Reinhart's August 18, 2005 letter to Ms. Renaker informing her that plaintiff's appeal would be reopened and that the supplemental medical information submitted by Glover on May 20, 2005 would be reviewed, was produced in this action as DEF000192-93.

25. Ms. Lasser's September 21, 2005 letter to Ms. Renaker informing her that a further review had been conducted on the material submitted on the denial of Glover's STD claim, and that the decision was to uphold the denial of such claim, was produced in this action as DEF000047-49.

26. The September 15, 2005 report of independent physician advisor Dr. Jeffrey Been, an orthopedic surgeon, regarding Glover's ability to work a four-hour day was produced in this action as DEF000053-57.

27. The September 15, 2005 report of independent medical advisor Scott Dailey, a speech pathologist, regarding the absence of clinical findings to support a diagnosis of dystonia was produced in this action as DEF000058-61.

28. The September 15, 2005 report of independent physician advisor Dr. Joseph Jares III, a neurologist, regarding Glover's ability to work a four-hour day was produced in this action as DEF000062-66.

I have read the above and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of January, 2008 at San Antonio, Texas.

TONYA WARNER

DECLARATION OF TONYA WARNER IN SUPPORT OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S MOTION FOR SUMMARY JUDGMENT

1 member Cam Reinhart to Ms. Renaker regarding the finality of Glover's denial [of] benefits was
2 produced in this action as DEF000194-95.
3    23.   Ms. Renaker's May 20, 2005 letter to Ms. Lasser purporting to su[pp]lement
4 Glover's request for review was produced in this action as DEF000150-65.
5    24.   Cam Reinhart's August 18, 2005 letter to Ms. Renaker informin[g h]er that
6 plaintiff's appeal would be reopened and that the supplemental medical inform[ati]on submitted by
7 Glover on May 20, 2005 would be reviewed, was produced in this action as DE[F]000192-93.
8    25.   Ms. Lasser's September 21, 2005 letter to Ms. Renaker informin[g] her that a
9 further review had been conducted on the material submitted on the denial of [Glo]ver's STD
10 claim, and that the decision was to uphold the denial of such claim, was produ[ced] in this action as
11 DEF000047-49.
12    26.   The September 15, 2005 report of independent physician advis[or] Dr. Jeffrey Been,
13 an orthopedic surgeon, regarding Glover's ability to work a four-hour day was [p]roduced in this
14 action as DEF000053-57.
15    27.   The September 15, 2005 report of independent medical adviso[r S]cott Dailey,
16 a speech pathologist, regarding the absence of clinical findings to support a d[iag]nosis of dystonia
17 was produced in this action as DEF000058-61.
18    28.   The September 15, 2005 report of independent physician advi[sor] Dr. Joseph
19 Jares III, a neurologist, regarding Glover's ability to work a four-hour day wa[s] produced in this
20 action as DEF000062-66.
21    I have read the above and declare under penalty of perjury under the [la]ws of the State of
22 California that the foregoing is true and correct.
23    Executed this 11th day of January, 2008 at San Antonio, Texas.

TONYA [W]ARNER

5

DECLARATION OF TONYA WARNER IN SUPPORT OF DEFENDANT AT&T UME[BRE]LLA
BENEFIT PLAN NO. 1'S MOTION FOR SUMMARY JUDGMENT

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on January 11, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

/s/ SUSAN T. KUMAGAI

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

N:\Documents\ATT\Glov\Pldg\msj\warner-decl-2.doc

6

DECLARATION OF TONYA WARNER IN SUPPORT OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S MOTION FOR SUMMARY JUDGMENT