# EXHIBIT 9

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
FORREST E. FANG (State Bar No. 122805)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T UMBRELLA BENEFIT PLAN NO. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>    Defendant. | Case No. C07-02652 CRB<br><br>**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

ASKING PARTY:        PLAINTIFF YVONNE GLOVER

ANSWERING PARTY:     DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1

SET NO.:             ONE

Pursuant to FRCP Rule 33(b), AT&T Umbrella Benefit Plan No. 1 ("defendant") hereby responds to plaintiff's first set of interrogatories as follows:

INTERROGATORY NO. 1:

If YOU contend that THE PLAN was amended to give SEDGWICK the discretion to interpret the terms of THE PLAN, state the basis for this contention.

DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S RESPONSES TO PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES
Case No. C07-02652 CRB

1

RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this interrogatory on the following grounds:

1. The request is vague, ambiguous and uncertain regarding the term "THE PLAN was amended."

2. Defendant objects to the extent the request calls for information protected by the attorney work product doctrine.

3. It is argumentative and calls for a legal conclusion.

Subject to and without waiving its foregoing objections, defendant responds as follows:

The Plan allows for the delegation of duties, including the interpretation of the terms of the Plan. The Plan Sponsor has delegated this authority to Sedgwick CMS. The Plan, a copy of which was produced to plaintiff, speaks for itself.

INTERROGATORY NO. 2:

State the number of short-term or long-term disability CLAIMS or APPEALS with regard to which YOU retained NMR or INSURANCE APPEALS, LTD. to perform services from January 1, 2005 to the present.

RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to this interrogatory on the following grounds:

1. It is overbroad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The information sought is irrelevant as no structural conflict exists between the Plan Sponsor and Sedgwick CMS. Further, the Plan's Long-Term Disability ("LTD") Benefits are not relevant to this action.

2. The interrogatory is compound and constitutes at least four separate interrogatories.

3. It is overly burdensome and oppressive.

4. The request is vague, ambiguous and uncertain regarding the term "retained."

Subject to and without waiving its foregoing objections, defendant responds as follows:

None. Sedgwick CMS, and not the Plan, has retained NMR/Insurance Appeals Ltd. to perform services. Defendant understands "NMR" and "Insurance Appeals Ltd." are the same

DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S RESPONSES TO PLAINTIFF'S
FIRST SET OF SPECIAL INTERROGATORIES
Case No. C07-02652 CRB

2

entity.

INTERROGATORY NO. 3:

Of the number provided in response to Interrogatory No. 2, state the number of times NMR and INSURANCE APPEALS, LTD. has concluded that the individual is able to work.

RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to this interrogatory on the following grounds:

1. It is overbroad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The information sought is irrelevant as no structural conflict exists between the Plan sponsor and Sedgwick CMS. Further, the Plan's LTD Benefits are not relevant to this action.

2. The interrogatory is compound and constitutes at least four separate interrogatories.

3. It is overly burdensome and oppressive.

4. The request is vague, ambiguous and uncertain regarding the terms "NMR and INSURANCE APPEALS, LTD. have concluded."

5. Defendant objects to the extent the request calls for information not within the personal knowledge of this answering party.

Subject to and without waiving its foregoing objections, defendant responds as follows:

Not applicable. See defendant's Response to Interrogatory No. 2, supra.

INTERROGATORY NO. 4:

State the number of short-term or long term disability CLAIMS or APPEALS with regard to which YOU retained any doctor or company not affiliated with NMR or INSURANCE APPEALS, LTD. to perform a medical review from January 1, 2005 to the present.

RESPONSE TO INTERROGATORY NO. 4:

Defendant objects to this interrogatory on the following grounds:

1. It is compound and constitutes at least 4 interrogatories.

2. It is unduly burdensome and oppressive.

3. It is overbroad and seeks information neither relevant nor reasonably calculated

DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S RESPONSES TO PLAINTIFF'S
FIRST SET OF SPECIAL INTERROGATORIES
Case No. C07-02652 CRB

3

to lead to the discovery of admissible evidence. The information sought is irrelevant as no structural conflict exists between the Plan sponsor and Sedgwick CMS. Further, the Plan's LTD Benefits are not relevant to this action.

    4.    It is vague, ambiguous and uncertain as to the use of the terms "YOU retained," "affiliated" and "medical review."

    5.    It seeks information not within the personal knowledge of the answering party and therefore calls for speculation.

Subject to and without waiving the foregoing objections, defendant responds as follows:

None. Sedgwick CMS, and not the Plan, has retained doctors and/or other entities to perform medical reviews.

INTERROGATORY NO. 5:

State the amount of money YOU have paid to NMR or INSURANCE APPEALS, LTD. for services relating to disability CLAIMS and APPEALS from January 1, 2005, to the present.

RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this interrogatory on the following grounds:

    1.    It is overbroad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The information sought is irrelevant as no structural conflict exists between the Plan sponsor and Sedgwick CMS.

    2.    It seeks confidential and proprietary information.

    3.    The request seeks defendant's trade secrets.

    4.    The request seeks information that is not within the knowledge of this responding defendant.

Subject to and without waiving the foregoing objections, defendant responds as follows:

None. The Plan has not paid any monies to NMR/Insurance Appeals, Ltd for services relating to disability claims and/or appeals from January 1, 2005 to the present.

INTERROGATORY NO. 6:

State the compensation YOU paid to SEDGWICK in 2005 for services provided pursuant to the Agreement for Administration of Disability Claims Under SBC Disability Plans and

4

1  Administration of SBC's Job Accommodation Process, Agreement No. 00018118.

2  RESPONSE TO INTERROGATORY NO. 6:

3      Defendant objects to this interrogatory on the following grounds:

4      1.    It calls for the disclosure of proprietary and confidential company information.

5      2.    It calls for disclosure of trade secrets.

6      3.    It is overbroad and seeks information neither relevant nor reasonably calculated to
7  lead to the discovery of admissible evidence. The information sought is irrelevant as no
8  structural conflict exists between the Plan sponsor and Sedgwick CMS.

9  INTERROGATORY NO. 7:

10      List all events that constitute "clear procedural error," for purposes of Appeals Data Base
11  Quarterly Report #2 and #3, referenced on page DEF000481.

12  RESPONSE TO INTERROGATORY NO. 7:

13      Defendant objects to this interrogatory on the following grounds:

14      1.    It is overbroad and seeks information neither relevant nor reasonably calculated to
15  lead to the discovery of admissible evidence. The information sought is irrelevant as no
16  structural conflict exists between the Plan sponsor and Sedgwick CMS.

17      2.    It is vague, ambiguous and uncertain as a whole and with regard to the use of the
18  terms "all events that constitute" and "for purposes of Appeals Data Base Quarterly Report #2
19  and #3, referenced on page DEF000481."

20      Subject to and without waiving the foregoing objections, defendant responds as follows:

21      Generally, a clear procedural error is an error in processing by a case manager that results
22  in overturning a denial of benefits at the appeals level without any new information.

23  Dated: December 20, 2007          LAFAYETTE & KUMAGAI LLP

24

25                                                                   /s/ Forrest E. Fang
                                                                 FORREST E. FANG
26                                                                   Attorneys for Defendant
                                                                 AT&T UMBRELLA BENEFIT PLAN NO. 1

27  N:\Documents\ATT\Glov\Disc\Response to Pl's ints.doc

28                                                                                                                                                                                                                         5

1
2
3
4
5
6
7
8
9
10  **VERIFICATION TO FOLLOW**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                                                                              6

DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S RESPONSES TO PLAINTIFF'S
FIRST SET OF SPECIAL INTERROGATORIES
Case No. C07-02652 CRB

# PROOF OF SERVICE

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105

On December 20, 2007, I served the document named below on the parties in this action as follows:

**DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

__X__ (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ (BY PERSONAL SERVICE) I personally served each document listed above on the addressee (s) noted below.

____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Teresa S. Renaker
Lindsay E. Nako
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612

*Attorneys for Plaintiff Yvonne Glover*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on    December 20, 2007    , at San Francisco, California.

_____
MERRY JANE WALSH

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Proof of Service

1