LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
AT&T UMBRELLA BENEFIT PLAN NO. 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER,<br><br>                    Plaintiff,<br><br>vs.<br><br>AT&T UMBRELLA BENEFIT PLAN<br>NO. 1,<br><br>                    Defendant. | Case No.  C07-02652 CRB<br><br>DEFENDANT'S MEMORANDUM OF<br>POINTS AND AUTHORITIES IN<br>SUPPORT OF OPPOSITION TO<br>PLAINTIFF'S MOTION TO ALTER<br>JUDGMENT<br><br>[Fed. R. Civ. P. 56]<br><br>Date:         April 18, 2008<br>Time:         10:00 a.m.<br>Courtroom: 8<br>Judge:        Hon. Charles R. Breyer |

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# I.    **INTRODUCTION**

On February 29, 2008, the Court granted Defendant AT&T Umbrella Benefit Plan No. 1's (the "Plan") Motion for Summary Judgment ("Defendant's Motion") and denied Plaintiff's Motion for Summary Judgment. Among other things, the Court found that the Plan's Claim Review Committee ("CRC") properly exercised its decision-making authority on administrative appeal when it confirmed the denial of Plaintiff Yvonne Glover's ("plaintiff") claim for short term disability ("STD") benefits in 2005.

Plaintiff is now asking the Court to alter its Judgment on the Summary Judgment Order (the "Order"). Plaintiff asserts the Court committed clear error of fact because it based its rulings on the premise that three, instead of four, members of the CRC properly made the decision to deny Plaintiff's claim by a majority vote.

Although the CRC includes four job titles, the Appeals Specialist and the Clinical Appeals Specialist perform the same function. It is standard operating practices for only one, not both, to be assigned to a participant's appeal file. Here, as shown below, Appeals Specialist Heidi Lasser was properly assigned to plaintiff's appeal.

Contrary to Plaintiff's continued assertions, the Plan documents do not require that a formal vote be conducted and there is no requirement that all four members act as a "body." There was nothing unusual or improper in the handling of plaintiff's file and the Court was correct in its finding.

Although the Federal Rules of Civil Procedure, Rule 59(e), allows for a motion to alter or amend a judgment, the remedy is extraordinary and therefore a movant must satisfy a very high burden. Plaintiff is required to show the Court committed a clear error of fact or manifest injustice. She is unable to do so here. The statute is not a vehicle for losing litigants to raise arguments they should have raised earlier or to reargue matters that were considered and decided by the court. Plaintiff here is merely rehashing arguments made below.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER JUDGMENT
(Case No. C07-02652 CRB)

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    Plaintiff asserts that the Court should correct a purported clear error of fact and apply a *de*

2    *novo* judicial standard of review to the CRC's determination on the administrative appeal.

3    However, she has failed to meet her burden to request such an extraordinary measure and her

4    motion should be denied.

## II.    STATEMENT OF FACTS

### A.    Employees' Benefit Claim Review Committee.

7    The Plan provides as follows:

> The Employees' Benefit Claim Review Committee, a committee established by
> Pacific Telesis Group and consisting of three or more persons, shall be a named
> fiduciary of the Plan within the meaning of section 402(a)(2) of ERISA, and shall
> have the responsibility to provide a full and fair review, under section 503(2) of
> ERISA, whenever a Participant whose claim has been denied under Section 8.3.2 or
> 8.4.3 presents a written request for such a review within sixty days after receiving
> written notice of the denial. A Participant may appoint an agent to act on behalf of
> the Participant in requesting a review.

(AR 346; Order at 6:17-19.)

The Plan's delegation document to which Plaintiff refers in support of her motion for

reconsideration provides for the following job titles to be members of the CRC:

> Manager, SBC Quality Review Unit (Sedgwick)
> ERISA Specialist (Sedgwick)
> Appeals Specialist (Sedgwick)
> Clinical Appeals Specialist (Sedgwick)

(AR 288; (Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's

Motion for Summary Judgment ("Plaintiff's Opposition") at 5:1-4.)

The "Appeals Specialist" and the "Clinical Appeals Specialist" perform the same function

in that they review and manage appeals. Although a "Clinical Appeals Specialist" generally can

handle any appeal file, he/she is assigned those appeals involving mental health claims.

Sedgwick's standard operating practice is to have a participant's appeal file handled by three

members of the CRC including, either a Clinical Appeals Specialist or an Appeals Specialist, but

not both. (Declaration of Tonya Warner in Support of Opposition to Motion to Alter Judgment

("Warner Decl.") at paragraph 3.)

*Left margin (vertical text):* LAFAYETTE & KUMAGAI LLP  ATTORNEYS AT LAW  100 SPEAR STREET, SUITE 600  SAN FRANCISCO, CALIFORNIA 94105  (415) 357-4600  FAX (415) 357-4605

2

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  Three members of the CRC, Doreen Ongayo, ERISA Specialist, Heidi Lasser, Appeals
2  Specialist, and Cam Reinhart, Manager, SBC Quality Review Unit were involved in Plaintiff's
3  appeal. (AR 10, 13, 14; Order at 7:13-24) Ms. Lasser handled Plaintiff's file because her appeal
4  did not involve a mental health claim. (Warner Decl. at ¶ 4.) There was nothing unusual or
5  irregular about the handling of Plaintiff's appeal. (Warner Decl. at ¶ 4.)

6  One basis for Plaintiff's opposition to Defendant's Motion for Summary Judgment was
7  that an individual member of the committee denied Plaintiff's claim and that the CRC did not act
8  as "a body." (Plaintiff's Opposition at iii:8-12.) Plaintiff argued that "there is no evidence that
9  either [GEBC or CRC] committee ever held a vote or otherwise acted on Ms. Glover's claim.
10  Instead, her claim and appeal were decided by individual employees of the claims administrator,
11  Sedgwick Claims Management Services, Inc." (Plaintiff's Opposition at 2:13-16.) Plaintiff
12  argued her appeal was decided by only one member of the CRC – Heidi Lasser – and that there is
13  no evidence that her claim was considered by the CRC as a whole. (Plaintiff's Opposition at
14  6:27-7:2.) Plaintiff argued that the entity granted discretion by the Plan did not make the
15  determination to deny Plaintiff's claim. (Plaintiff's Opposition at 6:8-10.) Plaintiff concluded
16  that the decision to deny Plaintiff's claim for STD benefits should not be granted abuse of
17  discretion review as "there is no appropriate exercise of discretion to which to defer." (Plaintiff's
18  Opposition at 2:16-20.)

19  The Administrative Record showed that in 2005 three members of the CRC were
20  involved in Plaintiff's appeal and that a majority of the three clearly approved denial of
21  Plaintiff's claim. The Court found:

22  The initial denial was reviewed, however, by the CRC, the body vested with
   authority by the Plan to uphold or reverse STD claim denials. Pursuant to federal
23  law, members of the CRC were obligated to review Glover's claim without
   deference to the initial determination. *See* 29 C.F.R. § 2560.503-1(h)(3)(ii). The
24  administrative record confirms that at least two of the three members of the CRC
   – Claims Specialist Heidi Lasser and Manager of Quality Review Unit Cam

25
26
27
28

3

Reinhart – approved of the decision to uphold the denial of benefits. *See* AR 10. The third CRC member – ERISA Specialist Doreen Ongayo – was at least tangentially involved in the decision-making process, receiving and forwarding copies of pertinent medical information to other members of the committee. *See* AR 13, 14. Even assuming that Ongayo never formally voted to uphold the initial denial, Glover has presented no persuasive evidence that it was improper for the CRC to uphold the denial of her claim by way of a majority vote.

(Order at 7:13-24.)

## III.   DISCUSSION

### A.   No Clear Error of Fact is Established by Plaintiff.

While a district court "enjoys considerable discretion" in ruling on a Rule 59(e) motion, the grant of such a motion is "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 917 F.3d 1253, 1255 (9th Cir. 1999)(en banc). *See, e.g., Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(citation omitted)(Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the law.'" *McDowell, supra,* 917 F.3d at 1255 (quoting *Orange St. Partners v. Arnold*, 179 F.2d 656, 665 (9th Cir. 1999)(emphasis in original).

A party filing a Rule 59(e) motion to alter or amend a judgment must demonstrate: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; or (3) a need to correct clear error of fact or law or to prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). If the moving party demonstrates one of the three grounds required for Rule 59(e) reconsideration, "the movant must then come forward with facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Nolan v. Heald College*, 2007 WL 878946, (N.D. Cal. March 21, 2007) *8 (quotation omitted).

The Plan here conferred discretion on the CRC to provide a full and fair review whenever a participant's claim has been denied, the power and discretion to resolve all factual issues presented in a request for review, and the power and discretion to adopt reasonable constructions of any provision of the Plan. (*See* AR 346; Order at 6:19-2.)

4

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    The Court found that the administrative record confirmed that three members of the CRC

2    handled Plaintiff's appeal file and at least two of three members of the CRC involved – Claims

3    Specialist Heidi Lasser and Manager of Quality Review Unit Cam Reinhart – approved the

4    decision to uphold the denial of Plaintiff's benefits. (Order at 7:13-24; AR 10.) The third CRC

5    member – ERISA Specialist Doreen Ongayo – was also involved in Plaintiff's appeal, having

6    received and forwarded copies of pertinent medical information to other members of the CRC.

7    (Id.; AR 13, 14.) The Court found that even assuming Ongayo did not "vote" to uphold the

8    denial, plaintiff failed to present "persuasive evidence that it was improper for the CRC to uphold

9    the denial of her claim by way of a majority vote." (Order at 7:19-24.)

10    The Court distinguished *Nelson v. EG&G Energy Measurements Group, Inc.,* 37F.3d

11    1384) (9th Cir. 1994), a case relied upon by Plaintiff, and found *Nelson* is distinguishable both

12    because there is no express provision in the Pacific Bell Plan that contravenes the way in which

13    Glover's claim was denied, <u>and</u> because a majority of the CRC did vote to deny Glover's claim.

14    Under the circumstances, it is not at all clear that the decision-making authority was improperly

15    exercised, and therefore the CRC's judgment is entitled to deference." (Order at 8:4-8)

16    (*Emphasis added.*)

17    It is important to note that the Plan did not require all members to vote, as argued by

18    plaintiff in her opposition to the Plan's motion for summary judgment. Further, Plaintiff's appeal

19    was handled pursuant to standard operating procedures. Nothing irregular occurred. Moreover,

20    even if, *arguendo*, the Court overlooked evidence of the four job titles for the CRC, of which

21    there is no evidence, use of a majority vote was only one basis for which the Court found that the

22    decision making authority was properly exercised. The Court also found that "there is no express

23    provision in the Pacific Bell Plan that contravenes the way in which Glover's claim was denied."

24    (*Id.*)

25    The evidence is sufficient to support the Court's finding. There is no basis for altering the

26    judgment.

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

**B.    Plaintiff is Merely Rearguing Her Prior Position.**

Rule 59(e) does not permit a losing litigant to rehash arguments previously addressed and rejected or to present new legal theories or facts that could have been raised earlier. *Herr v. McCormick Grain.* To show clear error or manifest injustice on motion for reconsideration, the moving party must base its motion on arguments that were previously raised but were overlooked by the court; parties are not free to re-litigate issues that the court has already decided. *U.S. v. Jasin*, 292 F.Supp.2d 670 (E.D. Pa. 2003). Indeed, "[w]hatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Nolan v. Heald College*, 2007 WL 878946 at *8. *See also Janvrin Holdings Limited v. Hilsenrath*, 2007 WL 2781238, *2 ( N.D. Cal. Sept. 20, 2007)("Rule 59(e) does not allow parties to revisit previously traveled legal terrain").

In her opposition to Defendant's motion for summary judgment, Plaintiff primarily based her opposition on the grounds that the CRC did not hold a formal vote to deny Plaintiff's claim for STD benefits, that individual members made the decision to deny Plaintiff's claim, that the CRC did not act as a "body" and that the entity granted discretion by the Plan did not make the determination to deny Plaintiff's claim.

In her motion for reconsideration Plaintiff argues that there was a clear error of fact because four members of the CRC were not involved in Plaintiff's denial of claim and there was no majority vote.

Plaintiff is merely attempting to reargue the matters she presented in her opposition to Defendant's motion for summary judgment in her motion for reconsideration. She has presented no evidence that the Court overlooked the evidence below that four Sedgwick employees were assigned to the CRC, but they did not act as a body, there was no formal vote and that a single individual made the decision to deny Plaintiff's claim. She argued these matters and she presented the same arguments here with only semantic differences.

Plaintiff is simply rearguing her motion. In the end, the position stated in her motion for reconsideration is plainly the same position she stated earlier, which the Court appropriately rejected.

6

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court deny Plaintiff's motion to alter the judgment.


DATED:  March 28, 2008                    LAFAYETTE & KUMAGAI LLP


                                          /s/ Susan T. Kumagai
                                          SUSAN T. KUMAGAI
                                          Attorneys for Defendant
                                          AT&T UMBRELLA BENEFIT PLAN NO. 1

N:\Documents\ATT\Glov\Pldg\Opp to Mtn to Alter Judgement\Opp Mtn Alter Judgment doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

7

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER JUDGMENT
(Case No. C07-02652 CRB)