Teresa S. Renaker – CA State Bar No. 187800
Lindsay Nako – CA State Bar No. 239090
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
lnako@lewisfeinberg.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YVONNE GLOVER,<br><br>            Plaintiff,<br><br>      vs.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>            Defendant. | Case No. 07-02652-CRB<br><br>**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**<br><br>Date:         April 18, 2008<br>Time:        10:00 a.m.<br>Courtroom: 8<br>Judge:       Hon. Charles R. Breyer |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on April 18, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, at the U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 8, 19th Floor, before the Honorable Charles R. Breyer, Plaintiff Yvonne Glover will, and hereby does, move the Court to alter or amend its Judgment dated March 3, 2008.

This Motion is based on this Notice of Motion and Motion to Alter or Amend Judgment; the following Memorandum of Points and Authorities in support thereof; the pleadings and other documents in the Court's file in this matter; oral argument; and such other matters as may be presented to the Court at hearing.

Dated: March 13, 2008                      Respectfully submitted,

                                                      LEWIS, FEINBERG, LEE,
                                                     RENAKER & JACKSON, P.C.

                                    By:       /s/
                                               Lindsay Nako
                                               *Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Pursuant to Fed. R. Civ. P. 59(e), Plaintiff Yvonne Glover ("Plaintiff" or "Ms. Glover") respectfully requests that the Court alter or amend its March 3, 2008, final judgment on the ground that its adoption of an erroneous factual premise – that the Pacific Telesis Group Comprehensive Disability Benefit Plan's ("Plan") Claims Review Committee ("CRC") had only three voting members – had a material effect on the Court's final judgment.

**II.    STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court's conclusion that the CRC properly exercised discretion such that deferential review was proper was a manifest error of law or fact, requiring that the Court's final judgment be altered or amended.

**III.   STATEMENT OF FACTS**

On February 28, 2008, the Court issued an order granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment ("Summary Judgment Order"). (Docket no. 56.) In reaching this holding, the Court relied on the factual premise that the CRC had three voting members, two of which voted to approve the decision to uphold the denial of benefits and a third whose vote was not recorded in the Administrative Record. (Summary Judgment Order, pp. 7, 8.) Based on this premise, the Court held that the CRC properly exercised its decision-making authority, applied abuse of discretion review, and upheld the decision to deny Ms. Glover's benefit appeal as "not clearly erroneous." (*Id.* at 1, 8.) On the contrary, the CRC contains four voting members, so the votes of two members do not constitute a majority for upholding the benefit denial. Therefore, the CRC's authority was not properly exercised and its decision is not entitled to abuse of discretion review. (AR 288.)

The standard of review was a material issue in this case as the Court acknowledged that the denial of Ms. Glover's benefit appeal "might require reversal under de novo review" and may "not be sufficient to withstand de novo review." (Summary Judgment Order at 11, 14.)

On March 3, 2008, the Court entered final judgment in favor of Defendant. (Docket no. 58.)

IV. **ARGUMENT**

A. **Legal Standard.**

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is proper "to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). The Ninth Circuit has interpreted motions brought pursuant to Fed. R. Civ. P. 59(e) as the proper method for "permit[ting] the district courts to correct their own mistakes in the period immediately following judgment." *Metcalf v. Borba*, 681 F.2d 1183, 1185 (9th Cir. 1982). With regard to this reconsideration, "[a] district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

The Ninth Circuit has held that Fed. R. Civ. P. 59(e) allows for amendment or alteration of judgment under narrow circumstances, including the following:

> 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)) (emphasis omitted).

Where a Rule 59(e) motion is used to bring errors of fact to the court's attention, the court first considers whether an error occurred and, if it did, the effect of the error on the court's final judgment. *See Gonzalez v. Terhune*, 2006 WL 1795121, *2 (N.D. Cal. 2006). Where the court determines that it relied upon a factual premise of its final judgment in error, possible resolutions include granting the moving party's motion and amending the judgment, holding additional evidentiary hearings to further explore the effect of the error, or determining that the error did not affect the court's analysis and denying the motion. *See, e.g., id.* at *3.

///

///

///

1 **B.     The Court's Erroneous Factual Premise.**

The Court's reliance on the factual premise that there were only three members of the CRC, when in fact there were four, had a material effect on the Court's analysis of the parties' motions for summary judgment and its final judgment. Correction of this erroneous factual premise requires an amendment of its March 3, 2008, judgment against Ms. Glover, pursuant to Fed. R. Civ. P. 59(e).

In its Summary Judgment Order, the Court stated:

> The administrative record confirms that at least two of the three members of the CRC – Claims Specialist Heidi Lasser and Manager of Quality Review Unit Cam Reinhart – approved of the decision to uphold the denial of benefits. See AR 10. The third member of the CRC – ERISA Specialist Doreen Ongayo – was at least tangentially involved in the decision-making process, receiving and forwarding copies of pertinent medical information to other members of the committee. See AR 13, 14. Even assuming that Ongayo never formally voted to uphold the initial denial, Glover has presented no persuasive evidence that it was improper for the CRC to uphold the denial of her claim by way of a majority vote.

(Summary Judgment Order at 7.)

The CRC, however, has four voting members, as demonstrated by the Administrative Record, cited in Ms. Glover's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition") and her Reply In Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Reply"). (AR 288; Pl.'s Opp., p. 5; Pl.'s Reply, p. 2 n. 2.) The four positions that constitute voting members of the CRC are Manager - SBC Quality Review Unit, ERISA Specialist, Appeals Specialist, and Clinical Appeal Specialist. (AR 288.) The April 30, 2001, plan amendment named them as part of "a comprehensive list of all committee members." (AR 287.)

The Court's Summary Judgment Order referenced only three committee members, likely due to the fact that the Administrative Record and Defendant's briefs referenced the actions of only three committee members. As set forth in Plaintiff's Opposition and Reply briefs, the fourth member, Clinical Appeal Specialist, took no action on Ms. Glover's request for review. (Pl.'s Opp., p. 5; Pl.'s Reply, p. 2 n. 2.) There is no evidence in the Administrative Record that a Clinical Appeal Specialist cast a vote to uphold the denial of Ms. Glover's claim for benefits.

Accepting the Court's premise that members of the CRC could vote to uphold the denial

of benefits through their actions, only two members of the CRC did so.[1] The third, ERISA Specialist Doreen Ongayo, "was at least tangentially involved in the decision-making process." (Summary Judgment Order at 7.) The Court acknowledged that there is no indication of how Ms. Ongayo voted and concluded that "[e]ven assuming that Ongayo never formally voted to uphold the initial denial, Glover has presented no persuasive evidence that it was improper for the CRC to uphold the denial of her claim by way of a majority vote." (*Id.*) Thus, the Court held that a majority was constituted by Ms. Lasser and Mr. Reinhart, with Ms. Ongayo's vote unknown.[2] With the addition of the silent fourth committee member, however, Ms. Lasser and Mr. Reinhart no longer constitute a majority.

As the record demonstrates, at best, the CRC contained two members who voted to uphold the benefit denial and two who did not. The CRC acted improperly when it upheld the denial of Ms. Glover's claim for benefits without a majority vote in support of the action and, therefore, its decision is due no deference by this Court.

**C.    The Effect of the Court's Erroneous Factual Premise.**

As a result of its conclusion that the plan administrator properly exercised its discretion, the Court was required to defer to the plan administrator's decision and uphold it if the decision was not arbitrary and capricious. (Summary Judgment Order at 8, citing *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 875 (9th Cir. 2004).) Applying deferential

---

[1] The Court relied upon information in the JurisNotes database from the Administrative Record to support its statement that "at least two of the three members of the CRC . . . approved of the decision to uphold the denial of benefits," referring to the note stating that Mr. Reinhart reviewed and approved Ms. Lasser's letter informing Ms. Glover of the denial of her benefit appeal. (Summary Judgment Order at 7 (citing AR 10).)

[2] Defendant bears the burden of demonstrating "that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999). Although Defendant has demonstrated that the Plan contains discretionary language, it bears the burden of demonstrating that it operated in the manner described by the Plan. Defendant has failed to present any evidence in the Administrative Record that Ms. Ongayo voted to uphold the denial of benefits and, therefore, she cannot be considered an affirmative vote in favor of upholding the denial of Ms. Glover's claim for benefits.

review, the Court held that the plan administrator did not abuse its discretion when it denied Ms. Glover's benefit appeal based on the conclusions of one hired medical reviewer, Ms. Glover's work history, and the absence of a detailed medical opinion by Ms. Glover's treating physician regarding the reasons that Ms. Glover could no longer work four-hour days. (Summary Judgment Order at 13.)

The Court noted, however, that the evidence supporting the plan administrator's decision may not have been sufficient to withstand *de novo* review. (Summary Judgment Order at 11 ("Although the administrator's denial was dubious - *and might require reversal under de novo review* - the Court cannot say that the denial was arbitrary and capricious.") (emphasis added), 14 ("Glover's work history, in conjunction with no objective evidence of significant muscle atrophy, provides at least a reasonable basis for the denial, *even if such evidence would not be sufficient to withstand de novo review*.") (emphasis added).) In light of the medical evidence present in the Administrative Record demonstrating that Ms. Glover was disabled and unable to work four-hour days, as set forth in Plaintiff's Motion, Opposition, and Reply, it is likely that the plan administrator's decision would be subject to reversal under *de novo* review.

Had the Court not relied on an erroneous factual premise, it would have applied *de novo* review and conducted a new review of the Administrative Record that may have led to a reversal of the plan administrator's decision. The Court's reliance on an erroneous factual premise, therefore, had a material effect on the outcome of this matter. The final judgment should be amended to apply *de novo* review to the plan administrator's decision to uphold the denial of Ms. Glover's claim for short-term disability benefits.

For the reasons stated in Ms. Glover's briefs in support of her motion for summary judgment, on *de novo* review, Ms. Glover's motion should be granted. At a minimum, on *de novo* review, material issues of fact exist precluding summary judgment for Defendant.

///
///
///
///

## V.  CONCLUSION

For the foregoing reasons, Ms. Glover respectfully requests that the Court grant her motion to alter or amend the final judgment in this matter.

Dated: March 3, 2008                              Respectfully submitted,

                                                  LEWIS, FEINBERG, LEE,
                                                  RENAKER & JACKSON, P.C.

                                        By:        /s/
                                                  Lindsay Nako
                                                  *Attorneys for Plaintiffs*