IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE GLOVER, | No. C 07-02652 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT** |
| v. | |
| SBC COMMUNICATIONS INC, | |
| Defendant. | |

Plaintiff Yvonne Glover ("Glover"), a former employee of Pacific Bell Telephone Company, appealed the denial of her claim for short-term disability benefits under the Pacific Telesis Group Comprehensive Disability Benefits Plan ("Plan"). On February 29, 2008, the Court granted Defendant SBC Communications Inc.'s motion for summary judgment. Glover then filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the ground that the Court's judgment was based on a manifest error of fact. For the reasons set forth below, Glover's motion to amend is DENIED. The hearing scheduled for Friday, April 18 is VACATED.

**STANDARD OF REVIEW**

A motion to alter or amend a judgment pursuant to Rule 59(e), is proper "to support reconsideration of matters properly encompased in a decision on the merits." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451 (1982). An amendment or

alteration of judgment is permissible under narrow circumstances if, <u>inter alia</u>, the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based." Fed. R. Civ. P. 59(e).

## DISCUSSION

In its summary judgment order, the Court incorrectly found that "at least two of the <u>three</u> members of the CRC – Claims Specialist Heidi Lasser and Manager of Quality Review Unit Cam Reinhart – approved of the decision to uphold the denial of benefits." (Emphasis added). In fact, the CRC was staffed by <u>four</u> Sedgwick employees of the following job titles:

    Manager, SBC Quality Review Unit (Sedgwick)
    ERISA Specialist (Sedgwick)
    Appeals Specialist (Sedgwick)
    Clinical Appeals Specialist (Sedgwick)

Administrative Record ("AR") 288.

Because the Court believed that the CRC was composed of three members, it also mistakenly concluded that a majority of the CRC voted to uphold the denial of benefits. According to Glover, reconsideration is merited in light of the fact that a governing majority of the CRC did not vote on her claim, and therefore the denial must be reviewed de novo rather than for an abuse of discretion.

Glover's argument fails because the defendant has submitted undisputed evidence demonstrating that although the CRC includes four members, Sedgwick's standard operating practice is to have a participant's appeal file handled by <u>three</u> members. Declaration of Tonya Warner at ¶ 3. The Appeals Specialist and the Clinical Appeals Specialist perform the same function and it is standard operating practice for only one, not both, to be assigned to a participant's appeal file. <u>Id.</u> Further, a Clinical Appeals Specialist generally only handles appeals involving mental health claims. <u>Id.</u> Glover's claim did not involve mental health issues; accordingly, the Clinical Appeals Specialist was not involved in her appeal.

Because only three CRC members were involved in denying Glover's claim, it remains true that a majority of operative members <u>did</u> vote to uphold the denial of Glover's claim. Therefore, the Court's mistake was harmless.

To salvage her motion, Glover argues that it was improper for SBC to use three reviewers because the Plan requires that the CRC include four job titles. To be sure, plan fiduciaries must operate "in accordance with the documents and instruments governing the plan." ERISA § 404(a)(1)(D). But in this case, the relevant Plan language simply states:

> The Employees' Benefit Claim Review Committee, a committee established by Pacific Telesis Group and consisting of three or more persons, shall be named fiduciary of the Plan within the meaning of section 402(a)(2) of ERISA, and shall have the responsibility to provide a full and fair review, under section 503(2) of ERISA, whenever a Participant whose claim has been denied under Section 8.3.2 or 8.4.3 presents a written request for such a review within sixty days after receiving written notice of the denial.

AR 346, § 9.1. Although Glover correctly points out that the Plan was amended to include the appointment of four positions to the CRC, the Plan nowhere requires that all four members be involved in deciding each disability claim. Glover has failed to explain how appointing three reviewers to decide her claim by majority vote violates the Plan's express language. Because there is no express provision in the Pacific Bell Plan that contravenes the way in which Glover's claim was denied, Glover's motion to amend or alter the judgment is DENIED.

**IT IS SO ORDERED.**

Dated: April 16, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE